# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Civil Action No. 1:25-cv-06703<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC (collectively, "Fox"), for their complaint against Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM"), allege as follows:

## NATURE OF THE CASE

1.      MDM is misappropriating Plaintiffs' intellectual property, pursuing litigation before a foreign tribunal in breach of an exclusive jurisdiction clause, misleading that tribunal in ex parte proceedings, and weaponizing the fruit of that bad-faith litigation to interfere with Fox's business relationships.

2.      MDM used to hold a non-exclusive license to use Fox Sports trademarks in Mexico.

3.      Fox terminated MDM's non-exclusive license because of the severe damage that MDM caused to the reputation and goodwill associated with the Fox Sports trademarks.

4.      MDM has nevertheless continued to use the Fox Sports trademarks without authorization or legal right.

5.      The agreement that granted MDM a non-exclusive license to the Fox Sports trademarks was subject to an exclusive forum selection clause, which required all disputes relating to the license to be brought in New York.

6.      MDM has breached that forum selection clause.  MDM has sought and obtained a bad-faith, no-notice injunction in a Mexican court premised on the false claim that MDM has an *exclusive* license to the Fox Sports marks.  MDM has used that no-notice injunction to prevent Fox and its business partners from using the Fox Sports marks in Mexico.

7.      MDM has weaponized this bad-faith injunction, including by causing officials from the Mexican Trademark Office to raid and shut down the production facilities of one of Fox's business partners, MediaPro, which produces Fox content for distribution in the United States.

8.      MDM's actions are intended to disrupt and interfere with Fox's third-party business partners in an effort to undermine Fox's ability to compete against it.  That bad faith was on full display in the MediaPro raid, as MediaPro produces content for Fox using marks that are entirely distinct from the Fox Sports marks to which MDM claims to have rights.  As a result, MDM has interfered with Fox's rights over its Mexico-registered and U.S.-registered trademarks.

9.      MDM has injected its unauthorized use of the Fox Sports marks into the United States as well, despite having a (now-terminated) license expressly limiting the use of the Fox Sports marks to Mexico.

10.     Fox files this lawsuit to litigate this dispute in the forum that MDM is contractually-bound to litigate in.  Fox seeks to recover the damage caused by MDM's harm to its trademarks in Mexico, MDM's interference with Fox's relationships with its business

partners, and MDM's unlawful use of Fox Sports trademarks in the United States.  Fox also

seeks injunctive relief to prevent further, imminent injuries by MDM.

## PARTIES

11.    Plaintiff Fox Corporation is incorporated in Delaware and maintains its principal

place of business in New York, and therefore pursuant to 28 U.S.C. § 1332(c)(1) is a citizen of

Delaware and New York.

12.    Plaintiff Fox Media LLC is a limited liability company whose sole member is

Foxcorp Holdings LLC, a Delaware limited liability company. Foxcorp Holdings sole member is

Fox Corporation. Fox Media is therefore a citizen of Delaware and New York.  Plaintiff Fox

Media LLC registered the Fox Sports marks in Mexico and the United States.

13.    Plaintiff Fox Sports en Español LLC is a limited liability company whose sole

member is Fox Sports Holdings, LLC, a Delaware limited liability company. Fox Sports

Holdings' sole member is Foxcorp Holdings LLC, a Delaware limited liability company.

Foxcorp Holdings' sole member is Fox Corporation, a Delaware corporation.  Fox Sports en

Español LLC is therefore a citizen of Delaware and New York.

14.    Defendant Media Deportes Mexico, sociedad de responsabilidad limitada de

capital variable, is an entity formed under the laws of Mexico that can own property, make

contracts, transact business, and litigate in its own name, and is recognized as a judicial person

under the laws of Mexico. On information and belief, Defendant Media Deportes Mexico is a

subsidiary of Altener S.A. de C.V., a foreign entity formed in Mexico.  Defendant Media

Deportes Mexico is a citizen of Mexico.

## JURISDICTION & VENUE

15.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because Fox

Corporation, Fox Media LLC, and Fox Sports en Español LLC are United States citizens, and

MDM is a citizen of Mexico, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

16.     Additionally, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the Lanham Act 15 U.S.C. § 1051, *et seq*.

17.     Additionally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Fox's breach of contract and tortious interference claims because those claims are so related to the Lanham Act trademark infringement claim over which this Court has original jurisdiction that they form part of the same case or controversy.  Specifically, all claims asserted by Fox involve MDM's unauthorized use of the same Fox Sports trademarks.

18.     This Court has personal jurisdiction over MDM and venue is proper in this Court because MDM "irrevocably consent[ed] to the exclusive jurisdiction, forum and venue of the . . . United States District Court for the Southern District of New York over any and all claims, disputes, controversies, or disagreements between [them] under or related" to the agreement by which MDM claims the right to use the trademarks at issue in this litigation.

## FACTUAL ALLEGATIONS

**A.     The Fox Sports Trademarks are Registered with Authorities in the United States and Mexico.**

19.     This case involves trademarks that have been registered both in the United States and Mexico.

20.     Fox Corporation, through its subsidiary Fox Media LLC, is the owner of several registered trademarks with various depictions of the words "Fox Sports."

21.     In 1994, Twentieth Century Fox Film Corporation ("21CFFC"), the predecessor to Twenty-First Century Fox, Inc., ("21CF") filed an application for a trademark—a standard character mark without claim to any particular font style, size, or color—to "Fox Sports."  In

1995, the United States Patent and Trademark Office granted the registration with a serial number of 74486901. The mark applies to television and cable television broadcasting services, and is classified as Class 038. In 2001, 21CFFC file its affidavit of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

22.    In 1994, 21CFFC filed another application for a standard character trademark to "Fox Sports," but for entertainment services in the nature of production and distribution of television programs and under Class 041. In 1997, the United States Patent and Trademark Office granted the registration with a serial number of 74802818. In 2003, 21CFFC filed its affidavit of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

23.    In 1998, 21CFFC filed another application for a standard character trademark to "Fox Sports" providing on-line information in the field of sports via global communications network and under Class 041. In 1999, the United States Patent and Trademark Office granted the registration with a serial number of 75524006. In 2005, 21CFFC file its affidavit of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

24.    In 2004, 21CFFC filed an application for a trademark to "Fox Sports," a particular illustration with Fox Sports surrounded by a stylized oval was filed for television transmission services under Class 038. In 2005, the United States Patent and Trademark Office granted the registration with a serial number of 78488856. The mark is as follows:



In 2005, 21CFFC file its affidavit of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

25.    In 2004, 21CFFC filed another application for a trademark for the same mark but for entertainment services in the nature of television programming; providing on-line information in the field of sports via the Internet under Class 041.  In 2005, the United States Patent and Trademark Office granted the registration with a serial number of 78488865.  In 2011, 21CFFC file its affidavit of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

26.    Certain Fox Sports trademarks (the "Fox Sports Trademarks") were also filed and registered in Mexico by Fox as described below:

|   | Mark Name | Mark Image | International Classes | Country | Status | App No. | Registration Number |
|---|-----------|------------|----------------------|---------|--------|---------|---------------------|
| 1 | AGENDA FOX SPORTS | | 41 | Mexico | Registered | 1717649 | 1652939 |
| 2 | CIRCUITO FOX SPORTS | | 41 | Mexico | Registered | 1436830 | 1449424 |
| 3 | COPA FOX SPORTS KIDS | | 9 | Mexico | Registered | 1350927 | 1369012 |
| 4 | COPA FOX SPORTS KIDS | | 38 | Mexico | Registered | 1350928 | 1369013 |
| 5 | COPA FOX SPORTS KIDS | | 41 | Mexico | Registered | 1350930 | 1369014 |
| 6 | FOX FIGHT CLUB | | 41 | Mexico | Registered | 1488645 | 1478480 |
| 7 | FOX GOL MEXICO | | 41 | Mexico | Registered | 694259 | 867973 |
| 8 | FOX SPORTS | | 16 | Mexico | Registered | 753483 | 915316 |
| 9 | FOX SPORTS | | 41 | Mexico | Registered | 265869 | 636281 |
| 10 | FOX SPORTS | | 38 | Mexico | Registered | 265870 | 636282 |
| 11 | FOX SPORTS | | 9 | Mexico | Registered | 1535691 | 1525583 |
| 12 | FOX SPORTS (Oval Two) | FOX SPORTS | 38 | Mexico | Registered | 1306552 | 1339943 |
| 13 | FOX SPORTS (Oval Two) | FOX SPORTS | 41 | Mexico | Registered | 1306549 | 1339940 |
| 14 | FOX SPORTS (Oval Two) | FOX SPORTS | 25 | Mexico | Registered | 1630071 | 1600775 |
| 15 | FOX SPORTS + (Banner) | foxsports+ | 41 | Mexico | Registered | 1035021 | 1132836 |
| 16 | FOX SPORTS + (Banner) | foxsports+ | 38 | Mexico | Registered | 1035022 | 1139645 |
| 17 | FOX SPORTS 2 | | 38 | Mexico | Registered | 1299816 | 1338302 |
| 18 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1299817 | 1336214 |
| 19 | FOX SPORTS 2 | FOX SPORTS | 38 | Mexico | Registered | 1306550 | 1339941 |

| # | Mark | | Class | Country | Status | | |
|---|---|---|---|---|---|---|---|
| 20 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1306551 | 1339942 |
| 21 | FOX SPORTS 3 | | 38 | Mexico | Registered | 1299818 | 1336215 |
| 22 | FOX SPORTS 3 | | 41 | Mexico | Registered | 1299820 | 1336216 |
| 23 | FOX SPORTS 3 | | 38 | Mexico | Registered | 1306556 | 1339945 |
| 24 | FOX SPORTS 3 | | 41 | Mexico | Registered | 1306555 | 1339944 |
| 25 | FOX SPORTS CANTERA | | 41 | Mexico | Registered | 1406690 | 1417195 |
| 26 | FOX SPORTS PLAY | | 9 | Mexico | Registered | 1285315 | 1324838 |
| 27 | FOX SPORTS PLAY | | 38 | Mexico | Registered | 1285316 | 1327158 |
| 28 | FOX SPORTS PLAY | | 41 | Mexico | Registered | 1285318 | 1322027 |
| 29 | FOX SPORTS PLAY | | 42 | Mexico | Registered | 1285320 | 1327374 |
| 30 | FOX SPORTS RADIO | | 38 | Mexico | Registered | 1233187 | 1283912 |
| 31 | FOX SPORTS RADIO | | 41 | Mexico | Registered | 1233191 | 1284787 |
| 32 | LATITUD FOX (Grayscale) | | 41 | Mexico | Registered | 1860943 | 1770079 |
| 33 | FOX PLAY | | 9 | Mexico | Registered | 1282827 | 1319645 |
| 34 | FOX PLAY | | 38 | Mexico | Registered | 1282829 | 1319646 |
| 35 | FOX PLAY | | 41 | Mexico | Registered | 1282831 | 1320075 |
| 36 | FOX PLAY | | 42 | Mexico | Registered | 1282832 | 1320537 |

**B.    MDM Obtains a Non-Exclusive License to Use Fox's Mexico-Registered Marks in Mexico.**

27.    In 2017, The Walt Disney Company announced that it would acquire 21CF.  That acquisition was completed on March 20, 2019.  The day prior, on March 19, 2019, certain of 21CF's assets were spun off into a new company called Fox Corporation.  The Fox Sports Trademarks were among those assets that were excluded from the acquisition deal.  On March 19, 2019, Fox Corporation—the then-owner of the Fox Sports Trademarks—granted 21CF a non-exclusive license to use the Fox Sports Trademarks (the "Fox-21CF License Agreement").

Fox Corporation continues to own the Fox Sports Trademarks through its subsidiary Fox Media LLC.

28.    On November 10, 2021, 21CF assigned that non-exclusive license to use the Fox Sports Trademarks in Mexico to MDM.  Pursuant to that assignment, MDM or its agents or affiliates began using the Fox Sports Trademarks to broadcast sports in Mexico under the brand "Fox Sports Mexico."

29.    On July 25, 2022, 21CF and MDM entered into an Amended and Restated License Assignment Agreement, which amended and restated the Assignment but did not alter the non-exclusive nature or geographic scope of the license to use the Fox Sports Trademarks.

30.    The November 2021 and the July 2022 License Assignment Agreement between 21CF and MDM shall be collectively referred to as the "21CF-MDM Assignment Agreement."

31.    The 21CF-MDM Assignment Agreement expressly incorporated the obligations and limitations over the Fox Sports Trademarks that were included in the Fox-21CF License Agreement.   The 21CF-MDM Assignment Agreement attached a redacted copy of the Fox-21CF License Agreement and expressly stated that MDM adopted all obligations under the Fox-21CF License Agreement that were not redacted:

> This Amended and Restated License Assignment Agreement (the "Agreement"), dated as of July 25, 2022 (the "Execution Date"), is by and between Media Deportes Mexico, S. de R.L. de C.V, a *sociedad de responsabilidad limitada de capital variable* (limited liability company) organized under the laws of Mexico ("Mexico Newco"), and TFCF Corporation (f/k/a Twenty-First Century Fox, Inc.), a Delaware corporation ("Assignor" and, together with Mexico Newco, each a "Party" and collectively the "Parties").  Any capitalized terms used but not otherwise defined in this Agreement shall have the meaning given to them in the Purchase Agreement (as defined below).

> 4.    Mexico Newco hereby undertakes, with respect to the Fox Sports Trademarks and Fox Sports Domain Names and from and after the Original Execution Date, to meet all of the disclosed obligations of Assignor as set forth in the Redacted TMLA.

> (d)    "Redacted TMLA" means the Trademark License Agreement as attached in redacted form hereto as Exhibit 1.

32.    The incorporated Fox-21CF License Agreement, in turn, stated the precise scope of the license, including that the license to use the "Fox Sports" mark was non-exclusive and limited to use within Mexico:

> TRADEMARK LICENSE AGREEMENT (this "Agreement"), dated as of March 19, 2019 (the "Effective Date"), by and among FOX Corporation ("FOX"), and Twenty-First Century Fox, Inc., a Delaware corporation ("Remainco." and, together with FOX, each a "Party" and collectively the "Parties") [redacted].

. . .

> (e)    Grant of International Channel Trademark License.  Subject to the terms and conditions of this Agreement, FOX hereby grants to the Remainco Group [redacted] during the International Channel Term [redacted] a non-exclusive, [redacted] irrevocable and royalty-free license to use the International Channel Marks, solely in the International Channel Field in the International Channel Territory (the "International Channel License").

33.    The "International Channel Marks" is defined to include the "Fox Sports Trademarks," which in turn refers to a list of Mexico-registered Fox Sports Trademarks.  The International Channel Territory is defined as Mexico.

> (d)    the International Channel Marks shall be deemed a reference to the Fox Sports Trademarks;

> (b)    "Fox Sports Trademarks" means the trademarks listed on Schedule A attached hereto;

> (f)    the International Channel Territory shall be deemed a reference to Mexico;

34.    At no point did MDM ever own an exclusive license to the Fox Sports Trademarks, a license to use those marks in the United States, or a license to any United States-registered trademarks relating to the Fox Sports Trademarks.

35.    Under the Fox-21CF License Agreement, the licensee was required to consent to exclusive jurisdiction in New York regarding any and all claims, disputes, controversies, or disagreements between Fox and Defendant related to the Fox Sports Trademarks licensed under the Fox-21CF License Agreement.  That provision was incorporated into the 21CF-MDM Assignment Agreement.

> 12.3.    Governing Law and Submission to Jurisdiction.  This Agreement shall be governed by, and construed in accordance with, the Laws of the State of New York, regardless of the laws that might otherwise govern under applicable principles of conflicts of laws thereof.  Each Party irrevocably consents to the exclusive jurisdiction, forum and venue of the Commercial Division of the Supreme Court of the State of New York, New York County and the United States District Court for the Southern District of New York over any and all claims, disputes, controversies or disagreements between the Parties or any of their respective successors and assigns under or related to this Agreement.

36.    Under the Fox-21CF License Agreement, the licensee was required to acknowledge and affirm its familiarity with "the high standards, quality, style, and image of the Trademarks to which it receives a license under this Agreement" and was prohibited from using the marks in a manner that would have an adverse effect on the image or reputation of the Fox Sports Trademarks or Fox Corporation.  That provision was incorporated into the 21CF-MDM Assignment Agreement.

4.    Quality Control.

4.1.    Quality.  Each Party acknowledges and is familiar with the high standards, quality, style, and image of the Trademarks to which it receives a license under this Agreement and shall, at all times, conduct its business under such Trademarks and use such Trademarks in a manner consistent with these standards, quality, style, and image. [Redacted].  Each Party shall ensure that all services and goods provided by it, under or in association with any of the Trademarks to which it receives a license under this Agreement, shall (i) be substantially the same as or greater than the quality of the services and goods provided under such Trademarks as of the Distribution Effective Time and (ii) not have an adverse effect on the image or reputation of any such Trademarks,

Remainco, or FOX.  Without the other Party's prior written consent, a Party shall not: (i) knowingly take any action which would reasonably be expected to dilute or impair the Trademarks to which it receives a license under this Agreement, or tarnish or bring into disrepute the reputation of or goodwill associated with such Trademarks or (ii) use the Trademarks to which it receives a license under this Agreement in any jurisdiction, including within the Licensed Territory, after such time that such Party has received a judgement from a court of competent jurisdiction that such use infringes, dilutes or otherwise violates the trademark rights or other proprietary rights of another Person.

**C.    MDM's Failure to Maintain the Reputation of Fox's Marks Leads Fox to Terminate the Licensing Agreement.**

37.    Since securing a license to use the Fox Sports Trademarks, MDM entered into numerous contracts to broadcast major sporting events, including with the National Football League, CONCACAF, The Kings and Queens League, and multiple Mexican soccer clubs. MDM, however, repeatedly failed to pay its licensing fees for these broadcasts—leading to broadcast interruptions and the termination of their rights contracts.

38.    Since January 2024, MDM has had its broadcasts interrupted or lost its licensing rights from nearly a dozen sports properties for failure to pay licensing fees.  These broadcast interruptions and rights losses were widely reported in the public media.

a.    Liga Mx Club Monterrey (soccer) – License not renewed for non-payment of licensing fees;

b.  Liga Mx Club Tijuana (soccer) – License terminated for non-payment of licensing fees;

c.  Liga Mx Club Queretaro (soccer) – License terminated for non-payment of licensing fees;

d.  National Football League(football) – License was suspended for two weeks for non-payment of licensing fees;

e.  Liga Mx Club Pachuca (soccer) – License was not renewed for non-payment of licensing fees;

f.  Liga Mx Club Leon (soccer) – License was not renewed for non-payment of licensing fees;

g.  Liga Mx Club Juarez (soccer) – License was not renewed for non-payment of licensing fees;

h.  Concacaf Champions Cup (soccer) – License was not renewed for non-payment of licensing fees;

i.  Kings and Queens League (soccer) – License was not renewed for non-payment of licensing fees;

j.  Liga Mx Club Mazatlan (soccer) – License terminated for non-payment of licensing fees;

k.  Liga Mx Club Puebla (soccer) – License terminated for non-payment of licensing fees;

l.  Formula One (motorsports) – License temporarily suspended for nonpayment of licensing fees and eventually lost entirely.

39.    These rights losses were publicized in a manner that damaged the reputation of Fox and the Fox Sports Trademarks.  As just one example, after MDM failed to pay licensing fees owed to the NFL, the NFL posted the following message on its X account.  The post was viewed over one million times.



40.    The broadcast disruptions and rights terminations occurred because of MDM's failure to pay its licensing fees.  MDM's failures to pay occurred publicly under the banner of the Fox Sports Trademarks, which damaged the reputation and goodwill associated with the Fox Sports Trademarks.

41.    The sports broadcasting business is competitive.  Reliability in broadcasting games is a vital component of a sports broadcasting brand.  Small disruptions in broadcasting sports events lead disappointed viewers to substitute away to other broadcasts reputed to be more reliable.  That in turn affects the willingness of advertisers to advertise on those broadcasts.

Viewers associate their frustration with Defendant's broadcasting black outs with the Fox Sports Trademarks, damaging the marks.

42.     In March 2025, Fox informed MDM that it was terminating MDM's license to use the Fox Sports Trademarks based on MDM's material breach of the quality control provision of the 21CF-MDM Assignment Agreement.  In its letter, Fox Corporation cited numerous instances of MDM damaging the reputation and goodwill of the Fox Sports Trademarks by associating the marks with MDM's repeated failures to pay licensing fees and the barrage of negative press that accompanied those failures.

**D.     MDM Attempts to Seize Control of the Fox Sports Trademarks and Tortiously Interfere with Fox's Business Relationships.**

43.     Despite the termination of the license, not only did MDM refuse to cease using the Fox Sports Trademarks, MDM has attempted to prevent Fox from using the Fox Sports Trademarks in Mexico and the United States.

44.     On March 26, 2025, MDM[1] obtained a no-notice injunction from a court in Mexico City (the "Judicial Trademark Injunction"), which enjoined Fox Corporation, Fox Media LLC, and Fox Cable Network Services LLC, from "interfering" with MDM's rights to use the Fox Sports Trademarks.

45.     MDM seeking the Judicial Trademark Injunction in a court in Mexico City breached the forum selection clause in the 21CF-MDM Assignment Agreement because MDM did not seek the injunction in New York, the forum that MDM agreed to exclusively litigate disputes over the Fox Sports Trademarks.

---

[1] Listed as plaintiffs was MDM, who purports to hold the license to the Fox Sports Trademarks, and Mexico Sports Distribution, LLC—MDM's affiliate.  Both are subsidiaries of Altener, S.A. de C.V. and both companies operate jointly under the brand "Fox Sports Mexico."

46.     The injunction purported to prohibit Fox from using its "Fox Deportes" mark, a distinct Mexico-registered trademark that was not included in the Fox Sports Trademarks enumerated in the 21CF-MDM Assignment Agreement.  The injunction also barred Fox's business partners from using the Fox Sports Trademarks.  MDM's request for an injunction, and the subsequent order issuing the injunction, identified seventeen companies by name with whom Fox has a business relationship.

47.     The allegation at the heart of MDM's injunction request was that MDM had an *exclusive* license to use the Fox Sports Trademarks.  MDM claimed that Mexico's telecommunications regulator, the Instituto Federal de Telecomunicaciones ("IFT"), had issued a resolution in 2019 (the "2019 IFT Resolution") requiring that MDM's license to use the Fox Sports Trademarks be exclusive in nature.

48.     That allegation was false.

49.     In reality, the 2019 IFT Resolution required only that any license for the Fox Sports Trademarks be used exclusively for sports content, not that it created an exclusive license for sole use by the licensee.  In a letter dated July 14, 2025, the IFT confirmed that it did not require an exclusive license be issued to MDM.  To the contrary, the IFT reaffirmed that it specifically authorized the 21CF-MDM Assignment Agreement, which assigned a non-exclusive license to MDM for the Fox Sports Trademarks.

50.     The 21CF-MDM Assignment Agreement expressly stated that MDM's license was non-exclusive.  MDM did not reveal to the Mexico City court that the language of the 21CF-MDM Assignment Agreement expressly granted a non-exclusive license.

51.     MDM publicly acknowledged that Fox had the right to use the Fox Sports Trademarks.   In a notice published in a Mexican newspaper in 2025 announcing the license,

MDM admitted that the registrant of the Fox Sports Trademarks (*i.e.*, Fox) is authorized to use and exploit the Fox Sports Trademarks.

| | |
|---|---|
| En consecuencia, **unicamente el titular de dichos registros y/o Media Deportes Mexico, en su caracter de licenciataria autorizada en exclusiva, se encuentran facultados para usar y explotar las marcas previamente especificadas** mediante la prestacion de servicios comprendidos en las Clases Internacionales 42, 21, 38, 25, 16, 9, y relacionadas que ostenten y/o se distingan y/o identifiquen por medio de las marchas registradas antes mencionadas. | Consequently, **only the owner of said registrations and/or Media Deportes Mexico, in its capacity as exclusive authorized licensee, are authorized to use and exploit the previously specified trademarks** by providing services included in International Classes 42, 21, 38, 25, 16, 9, and related ones that bear and/or are distinguished and/or identified by means of the aforementioned registered trademarks. |

52.    The original registrant is Fox.

53.    MDM knew from its license agreement that Fox was the owner of the registrations for the Fox Sports Trademarks.

54.    MDM did not disclose that information to the Mexican court when seeking its Judicial Trademark Injunction.

55.    MDM asked the Mexican court to notify seventeen of Fox's business partners of the injunction, thus interfering with their business relationship with Fox.  At MDM's request, the Judicial Trademark Injunction required notice of the injunction to be provided to the following Fox business partners: Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., and Wis Master Mexico S.A. de C.V.

56.     Fox has received calls from at least two entities that received the Judicial Trademark Injunction—Amazon.com Services LLC and Radio Movil Dipsa S.A. de C.V.—requesting an explanation of Fox's basis for doing business in Mexico.

57.     MDM's purpose in noticing these third parties was to call into question the third parties' ability to legally conduct business with Fox in Mexico and increase the perceived risk of doing business with Fox, thereby damaging Fox's reputation with these third parties.

58.     MDM also sought provisional relief from Mexico's Trademark Office, the Instituto Mexicano de la Propiedad Industrial ("IMPI"), advancing the same false representations they made in their request for the Judicial Trademark Injunction—that MDM had an exclusive license to the Fox Sports Trademarks (which it did not) and that the IFT had required that license to be exclusive (which it had not).

59.     On April 11, 2025, MDM induced IMPI to issue a no-notice order, which incorporated the Judicial Trademark Injunction, authorizing IMPI officials to conduct an unannounced raid on Audiovisuales Media Pro Mexico, S.A. de C.V. (MEXICO) ("MediaPro"), one of Fox's broadcast production partners in Mexico that creates streaming content for "Fox en Tubi" in Mexico and television content for "Fox Deportes" in the United States under a contract with Fox Sports en Español.

60.     On June 27, 2025, IMPI officials, along with lawyers for MDM, attempted to raid MediaPro's offices and production studios in Mexico to confiscate material that displayed the Fox Sports Trademarks.  The basis for this raid—that MDM has an exclusive license—was lawless.  Nevertheless, a group of IMPI officials and lawyers for MDM demanded access to MediaPro's offices. MediaPro's lawyers refused IMPI entry due to inconsistencies and handwritten alterations on the IMPI Raid Order.

61.    The raid caused significant disruption to MediaPro's business and has negatively affected Fox's relationship with MediaPro.  MediaPro decides with whom to do business.  Its selection of business partners is informed by whether a business partner is subject to disproportionate regulatory scrutiny (rightfully or wrongfully), including whether doing business with a partner carries increased risk of raids of MediaPro facilities by the Mexican government, which will necessarily disrupt MediaPro's own ability to do business and may cause MediaPro harm to its own reputation based on how the enhanced regulatory scrutiny is perceived by the public.

62.    The IMPI raid, premised on MDM's bad-faith litigation regarding the Fox Sports Trademarks, has harmed MediaPro's business relationship with Fox.  Since the raid, MediaPro now requires Fox to provide evidence that it has rights to the trademarks that MediaPro uses to produce content on Fox's behalf.  MediaPro also now requires Fox to indemnify it for any injury it may suffer arising from the use of marks in the production of Fox content.  These new requirements have caused Fox to suffer economic loss.

63.    On August 11, 2025, IMPI and MDM's lawyers returned to MediaPro's offices—this time with the Mexican police.  The police escorted all MediaPro employees from the building and shut down MediaPro's facilities, including by sealing MediaPro's offices.





64.    IMPI claimed that the closure arose from MediaPro's refusal in June 2025 to

permit IMPI entry to MediaPro's facilities in connection with "trademark violations" stemming

from MediaPro's use of the "Fox Deportes" mark, notwithstanding the fact that the "Fox

Deportes" mark is owned by, and registered to, Fox Corporation through its subsidiary Fox Media.  The closure may last at least three days.

65.     MediaPro does not use the "Fox Deportes" mark in Mexico.  All content that MediaPro produces using the "Fox Deportes" mark is for broadcast in the United States only.

66.     The injury that Fox has suffered from this second MediaPro raid is significant. Because of MediaPro's shutdown, Fox currently has been denied its principal live studio operations for its Spanish-speaking sports news coverage in the United States.  In other words, Fox's ability to provide its Spanish-speaking audience in the United States with sports news coverage, including developments in baseball, football, hockey, basketball, or any other topical news stories in sports, has been seriously compromised.

67.     Fox is currently moving rapidly to fill the production blackout that MDM has caused by inducing IMPI to conduct its second raid.  The costs associated with those efforts include talent costs, crew costs, engineering costs, and technical costs relating to relaying content through different channels other than MediaPro.

68.     The IMPI raid has also increased MediaPro's perceived costs of doing business with Fox.  That is a concrete reputational harm suffered by Fox.  Such reputational harm is difficult to quantify, as all reputational harm is, but it is no less damaging to Fox's ability to conduct business with MediaPro and its other partners.

**E.     MDM Uses the Fox Sports Trademarks in the United States.**

69.     Not only did MDM unlawfully interfere with Fox's right to use the Fox Sports Trademarks in Mexico, MDM has infringed Fox's U.S.-registered Fox Sports trademarks in the United States.

70.     Even though the 21CF-MDM Assignment Agreement granted MDM rights to use

the Fox Sports Trademarks only in Mexico, MDM uses the equivalent, U.S.-registered Fox

Sports marks in websites and social media platforms that reach into the United States.

71.     MDM uses the "Fox Sports" standard characters on content displayed within the

domain name www.foxsports.com.mx, which can be viewed in the United States.



72.     MDM claims ownership of the copyright at the bottom of the page of

http://foxsports.com.mx.

© 2024 Copyright, Media Deportes México, S. de R.L. de C.V.

73.    MDM uses Fox's registered "Fox Sports" oval, on its website, which is viewable in the United States.



74.     MDM uses the "Fox Sports" standard characters in the form of a stylized logo on its Facebook page, which is viewable in the United States.



75.    MDM uses the "Fox Sports" standard characters in the form of a stylized logo on its X (f/k/a Twitter) account, which is viewable in the United States.



76.     MDM uses the "Fox Sports"  standard characters in the form of a stylized logo on its YouTube account, which is viewable in the United States.



77.    MDM uses Fox's registered "Fox Sports" oval on its YouTube videos, which are viewable in the United States.



78.     MDM uses the "Fox Sports" standard characters in the form of a stylized logo on its TikTok account, which is viewable in the United States.



79.    MDM uses the "Fox Sports"  standard characters in the form of a stylized logo on its Instagram account, which is viewable in the United States.



80.    These channels compete with Fox in the United States for viewers.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT (FORUM SELECTION CLAUSE)

## (FOX CORPORATION AGAINST MDM)

81.     Fox incorporates by reference the allegations in Paragraphs 1 to 80 as though fully set forth herein.

82.     Fox Corporation, through its wholly-owned subsidiary Fox Media LLC, owns the Fox Sports Trademarks at issue, and licensed them to 21CF in the Fox-21CF License Agreement. 21CF was permitted to assign those rights to another party, subject to the terms of the license agreement with Fox.  21CF assigned those rights to MDM in the 21CF-MDM Assignment Agreement.  In that agreement, MDM agreed to as exclusive forum selection clause that required litigation arising under its license agreement to be brought in New York.

83.     In the 21CF-MDM Assignment Agreement, through which MDM claims the right to use the Fox Sports Trademarks, MDM agreed that New York would be the exclusive forum for "any and all claims, disputes, controversies or disagreements" "under or related to" the Fox Sports Trademarks.

84.     By pursuing and acquiring the Judicial Trademark Injunction before a tribunal in Mexico, MDM breached that forum selection clause because it sought to resolve a dispute over the Fox Sports Trademarks between itself and Fox Corporation in a judicial forum outside New York.  Namely, in those proceedings, MDM sought to resolve whether it had the right to use the Fox Sports Trademarks and whether it had the right to prevent Plaintiffs from using them in Mexico.

85.     Fox Corporation has performed its obligations under the Fox-21CF License Agreement or its performance has been excused.

86.     Fox Corporation has been injured as a result of MDM pursuing the Judicial Trademark Injunction in Mexico, including by being forced to litigate in a foreign forum.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT (QUALITY CONTROL PROVISION)**

**(FOX CORPORATION AGAINST MDM)**

87.     Fox incorporates by reference the allegations in Paragraphs 1 to 86 as though fully set forth herein.

88.     Fox Corporation, through its wholly-owned subsidiary Fox Media LLC, owns the Fox Sports Trademarks at issue, and licensed them to 21CF in the Fox-21CF License Agreement. 21CF was permitted to assign those rights to another party, subject to the terms of the license agreement with Fox.  21CF assigned those rights to MDM in the 21CF-MDM Assignment Agreement.  In that agreement, MDM assumed the obligation to maintain the quality and standards of the Fox Sports Trademarks and refrain from taking action that would injure the Fox Sports Trademarks or Fox.

89.     In the 21CF-MDM Assignment Agreement, MDM agreed to maintain the high quality, reputation, and goodwill associated with Fox's marks.  MDM also agreed not to do anything that would have an adverse effect on the reputation of the Fox Sports Trademarks.  The 21CF-MDM Assignment Agreement obligated MDM to maintain the high quality of the Fox Sports Trademarks and not to do anything that would negatively impact the reputation and goodwill associated with those marks.

90.     MDM's failure to pay their broadcast licensing fees resulted in highly public broadcast interruptions and contract terminations, which harmed the reputation of the Fox Sports Trademarks and Fox itself.  This constituted a material breach of the quality control provision of the 21CF-MDM Assignment Agreement.  Because of that material breach, Fox terminated

MDM's license.  MDM, however, continues to use the Fox Sports Trademarks and thereby continues to harm the reputation of Fox and the Fox Sports Trademarks.

91.    As a result of MDM's mismanagement, MDM experienced broadcast disruptions or lost contract rights to over a dozen sports broadcast properties.

92.    Fox Corporation has performed its obligations under the Fox-21CF License Agreement or its performance has been excused.

93.    As a result of MDM's breaches, the reputation and goodwill associated with Fox's marks have been damaged in breach of the Quality Control Provision.  This reputational damage is particularly severe because the loss of contract rights and broadcast disruptions have been widely reported in the media.

94.    As a result of MDM's continued unauthorized use of the Fox Sports Trademarks, Fox Corporation is suffering damage in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### <u>TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS</u>

### (FOX CORPORATION AND FOX EN ESPAÑOL AGAINST MDM)

95.    Fox incorporates by reference the allegations in Paragraphs 1 to 94 as though fully set forth herein.

96.    Fox Corporation and Fox Sports en Español have business relationships with MediaPro, as well as with Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., and Wis Master Mexico S.A. de C.V.

97.     MDM has interfered with those business relations via improper means by initiating bad-faith litigation to interfere with Fox's relationship with these third parties.

98.     MDM's interfering conduct was done for a wrongful purpose and used improper means. MDM pursued both the Judicial Trademark Injunction for the wrongful purpose of interfering with Fox's business relationships. That injunction constitutes an improper means because MDM did not believe in the merits of its lawsuit. It independently constitutes an improper means because MDM initiated the lawsuit in bad faith to harass Fox's third-party business partners.

99.     Specifically, MDM engaged in bad faith litigation when it pursued the Judicial Trademark Injunction based on the knowingly false claim that MDM had an exclusive license to the Fox Sports Trademarks. That misconduct caused the Mexico court to notice the Judicial Trademark Injunction to parties that have business relationships with Fox and caused IMPI to raid and shut down Fox's business partner, MediaPro. That misconduct interfered with Fox's business relationships.

100.    MDM's bad-faith litigation has targeted specific business relationships maintained by Fox, most notably its relationship with MediaPro, but also Fox's advertising partners, technical service providers, distributors, and other business partners specifically identified by name in the Judicial Trademark Injunction.

101.    Fox Sports en Español has a business relationship with MediaPro because it has a contract with MediaPro for production services. The contract between MediaPro and Fox Sports en Español permits the benefits of the agreement to be extended to Fox Sports en Español's divisions, subsidiaries, affiliates, and parent companies, including Fox Corporation.

102.    Fox Corporation has a distinct business relationship with MediaPro.  Fox Corporation has business dealings with MediaPro that concern which of Fox Corporation's subsidiaries and affiliates MediaPro will produce content for, among other things.

103.    MDM's bad faith-litigation has injured the relationship between Fox and MediaPro.  As a result of the IMPI raid, Fox's reputation with MediaPro has been damaged. Namely, the trust that MediaPro has in its relationship with Fox Corporation and Fox Sports en Español has been compromised.  As immediate evidence of that deterioration, MediaPro has demanded that Fox Corporation and Fox Sports en Español prove their entitlement to use trademarks in Fox content and has demanded that Fox Corporation and Fox Sports en Español indemnify MediaPro on matters concerning the use of Fox marks.  Those requirements have caused Fox economic injury.

104.    Mediapro's new demands of Fox are emblematic of the reputational injury Fox has suffered with MediaPro.  MediaPro clearly perceives increased cost and risk in doing business with Fox Corporation and Fox Sports en Español.  This constitutes distinct reputational injury suffered by Fox Corporation because it has caused MediaPro to impose additional costs and requirements as a condition of doing business with Fox Corporation or any other of its affiliates or subsidiaries that it designates in the future.

105.    MDM's bad-faith litigation has also harmed Fox by causing IMPI to shut down MediaPro's production facilities.  Because of MediaPro's shutdown, Fox currently has no live studio operations in Mexico for its Spanish-speaking sports news coverage in the United States. MediaPro's production facility in Mexico was Fox's principal location for broadcasting live Spanish-language content into the United States.  .  Although Fox is currently moving rapidly to

fill the production blackout that MDM has caused, Fox has had to incur costs to fill the content

blackout, including talent costs, crew costs, engineering costs, and other technical costs.

106.    Fox's impaired ability to produce Spanish-language sports content  has also

resulted in reputational harm and loss of good will from its Spanish-speaking viewership in the

U.S.  This reputational harm was caused by MDM's bad-faith litigation.

107.    MDM's bad faith litigation has injured the relationship between Fox and

Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play

Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL

de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC,

Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V.,

Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., and Wis Master Mexico S.A.

de C.V. whose business relationships with Fox are clouded by the threat of illegal harassment by

MDM should they choose to do business with Fox.

108.    This injury to Fox's reputation with its business partners is evidenced by the fact

that Fox has received calls from at least two entities that received notice of the Judicial

Trademark Injunction—Amazon.com Services LLC and Radio Movil Dipsa S.A. de C.V.—

inquiring as to the status of Fox's trademarks and requesting an explanation of the documents

that they received.

109.    These third parties are also at imminent risk of suffering further harm and

disruption to their businesses, as the IMPI raid and shutdown of MediaPro makes clear.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE LANHAM ACT,  15 U.S.C. §§ 1114, 1125**

**(FOX MEDIA LLC AGAINST MDM)**

110.    Fox incorporates by reference the allegations in Paragraphs 1 to 109 as though fully set forth herein.

111.    Fox Media has valid marks that are entitled to protection.  Fox Media registered these marks with the United States Patent and Trademark Office.  These marks are incontestable because Fox Media filed the appropriate affidavits of continuous use and incontestability under sections 8 and 15 of the Lanham Trademark Act.

112.    MDM uses Fox's U.S.-registered trademarks in commerce in the United States without authorization.  That conduct is likely to cause confusion as to the origin or sponsorship of MDM's channels in the United States.  MDM uses the domain name www.foxsports.com.mx, which can be viewed in the United States.  MDM uses a "Fox Sports" logo and purport to be "FOX Sports MX" on its YouTube, TikTok, and Instagram accounts, which can all be viewed in the United States.

113.    MDM uses on their website and YouTube accounts Fox's "Fox Sports" oval, which is registered with the United States Patent and Trademark Office.

114.    MDM's use of the domain name and other U.S.-registered Fox Sports marks in social media are directed at the United States and are likely to confuse United States viewers into thinking that MDM's domain and social media are provided or authorized by Fox when they are not.  These channels compete with Fox in the United States for viewers, as well as advertising revenue.

115.    As a result of MDM's unauthorized use of Fox Media's Fox Sports marks in the U.S., Fox Media has been injured.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

a. Judgement in Plaintiffs' favor and against MDM on all causes of action;

b. An injunction prohibiting MDM from using Fox Sports marks in the United States;

c. An injunction prohibiting MDM from using the Fox Sports Trademarks in Mexico;

d. An injunction prohibiting MDM from interfering with Fox's business relationships, including those specifically mentioned in the Judicial Trademark Injunction.

e. An anti-suit injunction prohibiting MDM from seeking to enforce the Judicial Trademark Injunction and or seek any other relief in Mexico related to the 21CF-MDM Assignment Agreement;

f. For other equitable and provisional relief;

g. An award of general, compensatory, expectation, and consequential damages to Plaintiffs;

h. An award of punitive damages;

i. Reasonable attorneys' fees and costs, as allowed by law;

j. Pre-judgment and post-judgment interest, as allowed by law; and

k. Such further relief as the Court may deem just and proper.

Dated:  August 13, 2025

ELLIS GEORGE LLP

By:    /s/ Stephen P. Farrelly
      Stephen P. Farrelly

Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, NY 10019
Telephone:  (212) 413-2600
Facsimile:  (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media
LLC, and Fox Sports en Español LLC*