# ELLIS GEORGE LLP

Ellis George LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, NY 10019

Stephen P. Farrelly
212.413.2610
sfarrelly@ellisgeorge.com

File No. 8217-020

August 14, 2025

**Via CM/ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
Daniel Patrick Moynihan
Unites States Courthouse
500 Pearl Street, Courtroom 12B
New York, New York 10007-1312

Re:    *Fox Corporation, et al. v. Media Deportes Mexico, S. de R.L. de C.V.*
       Case No.: 1:25-cv-06703-JHR

Dear Judge Rearden:

Plaintiffs submit this letter pursuant to the Court's Individual Rules and Practices in Civil Cases, Section 4(C).  Plaintiffs initiated case 1:25-cv-06703-JHR early this morning with an emergency *ex parte* Motion for Temporary Restraining Order.  Plaintiffs request that the Court enjoin Defendant from further use of Plaintiffs' marks and from taking further legal action in Mexico in connection with those marks.  Plaintiffs have not notified Defendant because, as set forth below, the requirements for Fed. R. Civ. P. 65(b) are met here.  Given the exigent circumstances underlying the motion, Plaintiffs respectfully request to be heard on the motion, or for the Court to otherwise issue the order, today at the Court's convenience.

Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM") is weaponizing the police and trademark office in Mexico, attempting to seize intellectual property that belongs to Plaintiffs and shut down Plaintiffs' business operations, one facility at a time.  MDM has already successfully shut down one facility used by Plaintiffs, and MDM has indicated that it is targeting

3040563.1

ELLIS GEORGE LLP

Hon. Jennifer H. Rearden
August 14, 2025
Page 2

other facilities used by Plaintiffs next, including Plaintiffs' Caliente TV facility—the only production facility in Mexico that Plaintiffs own.

MDM has obtained a bad-faith injunction in Mexico—in violation of a binding forum selection clause—to prevent Plaintiffs and their business partners from using Fox Sports trademarks and other marks to which MDM does not have a license. That injunction is premised on the false claim that MDM has an exclusive license to the Fox Sports marks. Armed with that wrongfully-obtained injunction, MDM has used it to try to destroy Fox's business.

In the early afternoon on August 11, 2025, attorneys for MDM joined Mexican police and officials from the Mexican Trademark Office to shut down the production facilities of MediaPro, one of Plaintiffs' business partners in Mexico City, relating to purported trademark violations of Fox Sports marks that MDM has no right to use. Yet, due to MDM's actions, the entire MediaPro facility was shut down—all employees removed, all work ground to a halt, with seals across the doors—leaving Plaintiff Fox Sports en Español (a U.S. company that provides Spanish-language programming to viewers in the U.S. with no public-facing presence in Mexico) without its principal live studio operations for its Spanish-language sports news coverage in the U.S.

The raid instigated by MDM has disrupted Plaintiffs' ability to produce and air several live programs in the U.S., including sports news coverage, and MDM has stated it is targeting Plaintiffs' other production facilities in Mexico next. These wrongful acts occurred

3040563.1

ELLIS GEORGE LLP

Hon. Jennifer H. Rearden
August 14, 2025
Page 3

notwithstanding that MediaPro produces content for Plaintiffs using marks entirely distinct from the Fox Sports marks to which MDM claims rights.

In addition to this raid, MDM has continued to use Fox Sports trademarks after Plaintiffs terminated MDM's non-exclusive license for them. That termination was based on the severe damage MDM caused to the reputation and goodwill associated with the Fox Sports trademarks. MDM has also injected its wrongful use of the Fox Sports marks into the United States, despite only having a (now-terminated) license expressly limiting its use of the Fox Sports marks to Mexico.

Plaintiffs seek a temporary restraining order without notice and an order to show cause for a preliminary injunction enjoining MDM from (1) using Fox Sports trademarks in Mexico and the United States, (2) pursuing any legal action in Mexico related to the Fox Sports trademarks, and (3) interfering with Fox's business relationships.

Pursuant to Rule 65(b)(1), the Court should grant the motion without notice to MDM because notice would cause Plaintiffs immediate irreparable injury before MDM can be heard in opposition.  Notice would give MDM the opportunity to use its wrongful Mexican injunction to shut down Fox's business in Mexico before this Court can act. That threat is imminent. On August 12, 2025—one day after MediaPro's offices were shut down—lawyers for Defendant contacted Carlos Sanchez, the General Manager responsible for Fox's Spanish-language broadcasts in the U.S.  Defendant's lawyers told Mr. Sanchez that they were looking for the production facilities that Carlos Martinez—Executive Vice President and Managing Director of

3040563.1

ELLIS GEORGE LLP

Hon. Jennifer H. Rearden
August 14, 2025
Page 4

Latin America at Fox Corporation—uses to produce Fox broadcast content in Mexico so that they could shut down those operations.

Defendant is on the warpath to inflict more disruption on Fox. Fox recently acquired Caliente TV, a sports broadcasting platform, including its production facilities in Mexico. That acquisition was made known to the public through a press release and news reporting. It is highly likely that MDM has become aware that Fox uses those production facilities to broadcast content in Mexico. If MDM learns of Fox's request to enjoin MDM's conduct, MDM will immediately use its injunction to induce Mexican authorities to disrupt Fox's broadcasts from the Caliente TV facilities. That very likely would deprive the Court of the ability to provide meaningful relief. If Defendant causes an arm of the Mexican government to close the production facilities at Caliente TV, this Court would lack the power to order the reopening of those facilities, as this Court cannot force the Mexican government to act. Only by enjoining Defendant before it has an opportunity to further mobilize the Mexican regulatory apparatus can this Court afford Fox meaningful preliminary relief.

The harm that Fox would suffer in the above scenario would be irreparable. Defendant's use of its Mexican injunction to instigate Mexican regulators to disrupt Fox's broadcasting capability will (1) impair Fox's ability to provide its broadcasting products to its customers; (2) that impairment will harm Fox's reputation among its viewers, advertisers, and business partners; and (3) all this conduct shall further frustrate the forum selection agreement that Fox negotiated. These injuries constitute distinct and independent bases for irreparable harm. A no-notice

3040563.1

ELLIS GEORGE LLP

Hon. Jennifer H. Rearden
August 14, 2025
Page 5

temporary restraining order is indispensable and the sole method of preserving the state of affairs in which the Court can provide effective final relief.

The basis for Plaintiffs satisfying the requirements of Rule 65(b)(1) are set forth in more detail in the Declarations of Christopher T. Berg and Carlos Martinez, filed contemporaneously with the Motion for Temporary Restraining Order.  *See* ECF Nos. 11, 12.

Injunctive relief is appropriate here.  The legal analysis and factual circumstances track closely to the decision in *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, Case No. 23-cv-11168-JGLC, 2024 WL 1743109 (S.D.N.Y. April 23, 2024).  In *Forbes*, plaintiff terminated defendant's license to use certain intellectual property.  In response, defendant obtained an injunction in Mexico requiring the license to remain in effect.  Plaintiff sought a TRO in the Southern District of New York.  The court granted an anti-suit injunction enjoining defendant from enforcing the Mexico injunction in violation of the parties' forum selection clause, which placed exclusive jurisdiction in New York.

Counsel for Plaintiffs are available to be heard on the Motion for Temporary Restraining Order at the Court's convenience.  Plaintiffs respectfully request that the Court take action today.

Respectfully submitted,

Stephen P. Farrelly

SPF:ds

3040563.1