**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,

Plaintiffs,

v.

MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,

Defendant.

Case No.: 1:25-cv-06703-JSR

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL STANDARD ........................................................................................... 5

ARGUMENT ........................................................................................... 5

A. The TRO Is Clear and Unambiguous ........................................................................................... 6

B. The Proof of Defendant's Noncompliance Is Clear and Convincing ........................................................................................... 6

C. MDM Has Not Diligently Attempted to Comply in a Reasonable Manner ........................................................................................... 6

CONCLUSION ........................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ex parte Robinson*,
86 U.S. 505 (1873) ..... 5

*New York State Nat. Org. For Women v. Terry*,
697 F. Supp. 1324 (S.D.N.Y. 1988) ..... 5

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*,
369 F.3d 645 (2d Cir. 2004) ..... 5

*U.S. v. Jiffy Cleaners of Hartsdale, Inc.*,
2020 WL 4284155 (S.D.N.Y. Jul. 27, 2020) ..... 7

*Vuitton et Fils S.A. v. Carousel Handbags*,
592 F.2d 126 (2d Cir. 1979) ..... 7

## RULES

Fed. R. Civ. P. 65(d)(2) ..... 6

## PRELIMINARY STATEMENT

In a staggering display of contempt, Defendant has willfully refused to comply with the Court's Temporary Restraining Order (the "TRO"), ECF No. 29, including by announcing that it does not recognize this Court's authority over it or this dispute. Defendant's ongoing, violating conduct will cause Plaintiffs irreparable harm. Plaintiffs therefore seek emergency relief to hold Defendant in contempt and coerce Defendant's compliance.

On August 14, 2025, the Court granted the TRO, which enjoined Defendant, and those acting in concert with it, from using Fox Sports trademarks in Mexico and the United States, among other things. A few hours after this Court issued the TRO, Plaintiffs' counsel provided Defendant's counsel in Mexico with notice of the TRO. August 18, 2025 Declaration of Christopher T. Berg ("Berg Decl."), ¶ 3, Ex. A. Defendant wasted no time in violating the TRO—over the last four days Defendant has failed to remove the offending marks and has repeatedly displayed new content displaying the offending marks.

On the morning of August 18, 2025, Defendant issued a press release—complete with a large logo of "Fox Sports" atop the page—asserting the following:

- "The Disney/MDM Agreement [21CF-MDM Assignment Agreement] is not subject to the jurisdiction of the courts of the United States of America."
- "[Defendant] MDM has never submitted to the jurisdiction and competence of the federal courts of the United States of America [regarding the resolution of] disputes arising from the use of the 'FOX' trademarks."
- "Foreign courts are not—and should not be used as—courts of appeal for decisions validly issued by national courts."

- "MDM has not been notified, [according to] applicable law and international treaties, of any claim brought against it by Fox Corp. before the courts of the United States of America, nor of any resolution issued by said courts."
- "MDM (Fox Sports Mexico) reiterates its commitment to the legality and compliance with judicial resolutions validly issued by competent authorities and notified in accordance with applicable law and international treaties to which Mexico is a party."

*Id.* ¶ 4, Ex. B.

There is no doubt that the statements in the press release, including those above, are responses to the findings and rulings made in the TRO relating to the Court's jurisdiction, the nature of the non-exclusivity of the Fox Sports license, and the means by which this Court permitted Plaintiffs to provide Defendant with notice of the TRO. In the press release, Defendant also specifically acknowledges a news article titled "Demanda Fox a Media Deportes México por uso de nombre" that expressly references that this Court issued a TRO against MDM. Berg Decl. ¶ 17, Ex. N. All of these facts, in addition to the fact that Plaintiffs emailed the TRO to Defendant's counsel in Mexico, establish that Defendant has actual notice of the TRO and that Defendant has no intention of complying with it.

Since receiving an emailed copy of the TRO on August 14, 2025, Defendant has taken actions that show its willful noncompliance. Since August 15, 2025, Defendant has posted on the X account "FOX Sports MX" numerous messages displaying the Fox Sports mark, including the following examples:

FOX Sports MX
@FOXSportsMX

Translate post

LOS DE ATLAS LO QUIEREN Y LOS DE CHIVAS LO RESPETAN 🫡

Diego Cocca vuelve a Guadalajara muy contento para su segunda etapa como DT de los rojinegros. Sabe que hay cariño por parte de la gente, y ahora no se dividen por aficiones 😇

#CentralFOX




11:20 AM · Aug 15, 2025 · **2,792** Views

*Id.* ¶ 5, Ex. C (posted August 15, 2025).

FOX Sports MX
@FOXSportsMX

¡UN TIGRE EN CONVOCATORIA ALBICELESTE! 🐅 🇦🇷

#CentralFOX Ángel Correa, en prelista de Argentina para Eliminatorias de Conmebol 🔥

¡Tigre Albiceleste! Ángel Correa, en prelista de Argentina para Eliminatorias de Conmeb...

From foxsports.com.mx

8:31 AM · Aug 18, 2025 · **2,522** Views

*Id.* ¶ 6, Ex. D (posted August 18, 2025).



FOX Sports MX
@FOXSportsMX

Auto-translated from Spanish by Grok Show original

ENTRY TO THE VOLCANO BANNED! 🐅🌋

#CentralFOX Tigres shares measures against fans who participated in acts of violence 💥
foxsports.com.mx/2025/08/18/fan...

Rate this translation:



Last edited 12:45 PM · Aug 18, 2025 · 533 Views

*Id.* ¶ 7, Ex. E (posted on August 18, 2025).

Defendant continues to violate the TRO in other ways. As of August 18, 2025, the following Defendant-controlled websites and social media pages continue to display the Fox Sports trademark:

1. https://app.foxsports.com.mx/
2. https://www.facebook.com/foxsportsmx/
3. https://x.com/FOXSportsMX
4. https://www.youtube.com/@FoxSportsMX
5. https://www.instagram.com/foxsportsmx/
6. https://www.tiktok.com/@foxsportsmx

*See id.* ¶¶ 8-13. Exs. F–K.

Not only has Defendant failed to comply with the Court's TRO, it has announced that it does not recognize this Court's jurisdiction over it—meaning that Defendant has no intention of ever complying with the TRO. That disobedience is egregious and warrants the Court's immediate attention. Based on Defendant's numerous violations of the TRO, Plaintiffs request that the Court issue an Order to Show Cause why Defendant should not be held in contempt, or otherwise just hold Defendant in contempt. There is no legitimate excuse for Defendant's noncompliance. The Court should hold Defendant in contempt and impose a monetary sanction of $5,000 per day that Defendant is in violation of the TRO, with the possibility of issuing a more severe sanction if Defendant continues its recalcitrance.

## LEGAL STANDARD

"The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." *Ex parte Robinson,* 86 U.S. 505, 510 (1873). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004) (citation and quotation marks omitted). "It is not necessary to show that defendants disobeyed the court's order willfully." *New York State Nat. Org. For Women v. Terry*, 697 F. Supp. 1324, 1329 (S.D.N.Y. 1988).

## ARGUMENT

Defendant is in willful contempt of the TRO. After being ordered to discontinue using the Fox Sports mark in Mexico and the United States, Defendant has continued to display it on

the web and on its social media pages, and has publicly announced that it rejects this Court's jurisdiction over it.

**A. The TRO Is Clear and Unambiguous**

The TRO unambiguously ordered Defendant to stop using the Fox Sports trademark in Mexico and the United States. The TRO specifically identified the registration numbers of all the Mexico-registered and U.S.-registered trademarks that Defendant is enjoined from using. ECF No. 29. Defendant received copies of those registrations when Plaintiffs provided copies of their TRO moving papers to Defendant on August 14, 2025. Berg Decl. ¶ 14, Ex. L. The TRO does not afford a grace period; it unambiguously requires Defendant to comply immediately.

**B. The Proof of Defendant's Noncompliance Is Clear and Convincing**

Defendant's noncompliance is obvious. The TRO ordered Defendant not to display the Fox Sports mark in Mexico and the United States as soon as Defendant received notice of the TRO. ECF No. 29; Fed. R. Civ. P. 65(d)(2). As discussed below, Defendant received notice on August 14, 2025. More than four days later, Defendant is still displaying the same violating marks on the same platforms that Plaintiffs identified in their Motion for Temporary Restraining Order. *Compare* ECF No. 9 at 20–26 *with* Berg Decl. ¶¶ 5–13, Exs. C–K; *see also* ECF No. 29. On top of that, Defendant has announced that it does not recognize this Court's jurisdiction over this dispute or over Defendant. Berg Decl. ¶ 4, Ex. B. Defendant's noncompliance is undeniable.

**C. MDM Has Not Diligently Attempted to Comply in a Reasonable Manner**

Defendant has had notice of the TRO for over four days. *See* Berg Decl. ¶ 3, Ex. A. In that time, it has announced that it is not subject to this Court's jurisdiction and taken numerous affirmative acts to continue to use the Fox Sports marks. That conduct not only constitutes a

failure to attempt to diligently comply with the TRO in a reasonable manner, it shows Defendant's willful noncompliance.

Defendant received notice of the TRO when Plaintiffs emailed a copy to Defendant's counsel in Mexico—the same counsel who is listed as an attorney for MDM in MDM's moving papers requesting the injunction in Mexico that is the subject of the TRO (the "Mexico Injunction"), *see* ECF No. 13-3 at 4, and the same counsel who emailed Fox Corporation an excerpt of the Mexican Injunction, Berg Decl. ¶ 15. When Plaintiffs sent the email attaching the TRO, they did not receive an error message indicating the email did not send, that the email address was not functional, or any other indication that Defendant's counsel did not receive the TRO. Berg Decl. ¶ 3. Out of an abundance of caution, on August 17, 2025, Plaintiffs sent a copy of the TRO to additional attorneys listed as MDM's counsel in MDM's moving papers requesting the Mexico Injunction. *Id.* ¶ 16, Ex. M. Defendant's statement published on August 18, 2025 makes clear that Defendant received actual notice of the TRO, and it otherwise had the means to find it given Defendant has admitted it read articles referencing the issuance of the TRO. *Id.* ¶ 4, Ex. B; *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129 (2d Cir. 1979) (explaining that Rule 65 "codifies the long settled principle that personal service of an injunction is not required so long as those whom the plaintiff seeks to hold in contempt had actual notice of the decree"); *U.S. v. Jiffy Cleaners of Hartsdale, Inc.*, 2020 WL 4284155, at *4 (S.D.N.Y. Jul. 27, 2020) ("Notice is regarded as actual where the person charged with notice either knows the particular facts in question or is conscious of having the means to know them . . . . Actual notice embraces those things that reasonably diligent inquiry and exercise of the means of information at hand would disclose.") (alterations in original).

Given that Defendant had actual notice of the TRO on August 14, 2025, its failure to cease using the Fox Sports marks over four days later shows a lack of reasonable diligence to comply. But Defendant's misconduct is not limited to failing to remove references to Fox Sports already in place at the time the TRO was issued. Rather, its announcement that it does not recognize this Court's jurisdiction and its acts to repeatedly create new content displaying the Fox Sports mark *after* receiving notice of the TRO show that its noncompliance is willful. *See* Berg Decl. ¶¶ 4–7, Ex. B–E. That conduct flagrantly flouts the authority of this Court, far beyond a lack of reasonable diligence to attempt to comply with the TRO.

**CONCLUSION**

Defendant's contemptuous conduct continues to harm Plaintiffs' reputation and the goodwill of their trademarks. Plaintiffs request that this Court take decisive action to protect the integrity of its order and relieve Plaintiffs of the ongoing harm that the TRO was intended to address. For the foregoing reasons, Plaintiffs respectfully request this Court issue an order to show cause for why Defendant should not be held in contempt, or otherwise hold Defendant in contempt.

Dated: August 19, 2025

ELLIS GEORGE LLP

By: Christopher T. Berg

Eric M. George
Katherine A. Petti, *Admitted Pro Hac Vice*
Christopher T. Berg, *Admitted Pro Hac Vice*
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com

kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
152 West 57th Street, 28th Floor
New York, NY 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiff Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC*