**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR CONTEMPT AGAINST DEFENDANT MEDIA DEPORTES MEXICO** |

Plaintiffs seek emergency relief from the Court to immediately hold Defendant in contempt based on Defendant obtaining a second Mexico injunction ("Second Mexico Injunction"), which has potentially dire consequences for Plaintiffs—functionally shutting down their sports business in Mexico—and is in flagrant violation of this Court's temporary restraining order.

On August 14, 2025, the Court issued a temporary restraining order enjoining Defendant from pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce an injunction it obtained on March 26, 2025 from the Civil Department 42 of the Superior Court of Justice of Mexico City. *See* ECF No. 29. The same day, Plaintiffs provided notice of the temporary restraining order to Defendant's counsel in Mexico.

On August 22, 2025—eight days after Defendant received notice of this Court's temporary restraining order—Defendant, along with its U.S. affiliate Mexico Sports Distribution, requested that the Civil Department 42 of the Superior Court of Justice of Mexico City issue a second injunction in its favor. This time, Defendant asked the Mexico City court to enjoin Plaintiff Fox Corporation, Plaintiff Fox Media LLC, and non-party Fox Cable Network Services

LLC ("Fox") from using any trademarks in Mexico containing the word "FOX" in connection with sports content. August 28, 2025 Declaration of Christopher T. Berg ("Berg Decl."), Exhibit A. Fox received no notice of Defendant's request for this sweeping injunction even though Fox Cable Network Services LLC had formally appeared in that local Mexico City proceeding.

On August 28, 2025, the Mexico City court issued the Second Mexico Injunction. Berg Decl. Ex. B. That order stated that the court was expanding the scope of its March 26, 2025 injunction ("First Mexico Injunction"), which was premised on Defendant's claim to have an exclusive license to the Fox Sports Trademarks, *see* ECF No. 13-1, to enjoin Fox's use of any trademark containing the word "FOX" in connection with sports content, *see* Berg Decl., Ex. B at 1. The Mexico City court ordered that notice of the Second Mexico Injunction be provided to several of Fox's business partners. *Id.* at 2.

Defendant's pursuit of the Second Mexico Injunction is an egregious violation of this Court's temporary restraining order, which compounds and escalates the serial violations that Defendant has already committed. *See* ECF No. 35. "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004) (citation and quotation marks omitted).

The temporary restraining order is clear and ambiguous for the reasons set forth in Plaintiffs' prior motion for contempt. *See* ECF No. 35 at 9.

Defendant's noncompliance is clear and convincing. The Court ordered Defendant not to pursue any legal or regulatory action relating to the Fox Sports Trademarks. ECF No. 29 at 10.

In direct violation of that order, Defendant sought the Second Mexico Injunction on the grounds that Fox's use of any mark containing the word "FOX" was a violation of its alleged rights derived from the assigned license it received from Twenty-First Century Fox. Berg Decl., Ex. A. That is clear disobedience of the injunction.

Defendant's affirmative conduct to pursue additional legal action against Plaintiffs in Mexico within days of receiving notice of the Court's temporary restraining order plainly shows that Defendant is not attempting to comply with the order in a reasonable manner, but instead is once again openly defying this Court's rulings.

The seriousness of Defendant's Second Mexico Injunction cannot be overstated. If enforced, it has the potential to disrupt all of Fox's sports business operating in Mexico and significantly harm Fox's Spanish-language business in the United States. The Second Mexico Injunction is essentially an effort to shut down all of Fox's sports operations in Mexico, including by encroaching on the activities of third parties who would otherwise distribute and promote Fox's content in Mexico. The reputational harm posed by the Second Mexico Injunction is irreparable and definitionally incalculable. The economic injury is equally severe. Although estimates of the potential economic injury Plaintiffs would experience from the Second Mexico Injunction are preliminary, Plaintiffs estimate that Defendant's conduct could cause them to suffer at least $200,000 per day, resulting from the functional shutdown of their business. For that reason, Plaintiffs request that the Court immediately issue an order holding Defendant in contempt and sanctioning Defendant $200,000 per day until Defendant withdraws the Second Mexico Injunction and ceases using any trademark containing the word "FOX."

Dated: August 28, 2025

ELLIS GEORGE LLP

By: ______________________________
Christopher T. Berg

Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
152 West 57th Street, 28th Floor
New York, NY 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*