**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703<br><br>**DECLARATION OF CHRISTOPHER T. BERG IN SUPPORT OF EMERGENCY MOTION FOR CONTEMPT AGAINST DEFENDANT MEDIA DEPORTES MEXICO AND EMERGENCY MOTION FOR CONTEMPT AGAINST MEXICO SPORTS DISTRIBUTION LLC, GRUPO LAUMAN HOLDING, AND MANUEL ARROYO** |

I, Christopher T. Berg, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with Ellis George LLP, counsel of record for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC (collectively, "Fox").

2. I submit this declaration in support of Plaintiffs' Emergency Motion for Contempt Against Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM") and Plaintiffs' Emergency Motion for Contempt Against Mexico Sports Distribution LLC ("MSD"), Grupo Lauman Holding, S. de R.L. de C.V., and Manuel Arroyo. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

3. On August 22, 2025, MDM, along with its United States affiliate MSD, submitted a request for an injunction in Department 42 of the Superior Court of Justice of Mexico City. Attached as **Exhibit A1** is a true and accurate copy of that request. A machine-generated translation of **Exhibit A1** created using Google Translate is attached as **Exhibit A**.

4. The Mexico City court published MDM and MSD's requested injunction on

August 28, 2025. Attached as **Exhibit B1** is a true and accurate copy of that order. A machine-generated translation of **Exhibit B1** created using Google Translate is attached as **Exhibit B**.

5. Attached as **Exhibit C** is a true and accurate copy of email correspondence with attachments that I sent to MSD's counsel on August 14, 2025 and their response to my email on August 15, 2025.

6. Attached as **Exhibit D** is a true and accurate copy of Manuel Arroyo's LinkedIn page that I visited on August 28, 2025, available at the following URL: https://mx.linkedin.com/in/manuel-arroyo-322a09376.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements in this declaration are true and correct.

Executed this 28th day of August 2025 in Los Angeles, California.

Christopher T. Berg

# EXHIBIT A

PJCDMX
JUDICIARY

# Comprehensive Judicial Management System PROMOTION

| | |
|---|---|
| DOCUMENT ID: COURT: | 1755892270628 |
| FILE: | Forty-second Civil Court 180/2025 |
| DOCUMENT DATE: DATE | 2025-08-22 1:51:01 |
| RECEIVED: COMMENTS: | 2025-08-22 1:48 |
| | 6 C.S., 2 TEST NOT. 2 TRANSFERS |

* This sheet is NOT part of the file;
it was generated as part of the internal digitization process.

**MEDIA DEPORTES MÉXICO, S.** DE R.L. DE C.V. AND MEXICO SPORTS DISTRIBUTION, LLC.
VS
FOX CORPORATION, FOX MEDIA LLC, FOX CABLE NETWORK SERVICES, **LLC AND CARLOS** ENRIQUE MARTÍNEZ SÁNCHEZ
PROCEEDINGS: PRECAUTIONARY MEASURES CASE NO.: 180/2025
SECRETARY "B"

C. FORTY-FIRST CIVIL COURT OF
**WRITTEN PROCEEDINGS OF THE CITY OF MEXICO.**

ROGELIO ARTURO ISLAS PÉREZ, acting in my capacity as general attorney for litigation and collections for Media Deportes México, S. de R.L. de C.V., and Mexico Sports Distribution, LLC, a position duly recognized in the proceedings, respectfully submit the following:

Based on the provisions of Articles 1177 of the Commercial Code, as well as Articles 384 and 388 of the Federal Code of Civil Procedure, which are supplementary to the Commercial Code, and with the aim of ensuring that the final judgment issued in the ordinary commercial proceedings to be brought by my clients is not a legal act devoid of consequences, which would render their right to an effective judicial remedy illusory, I respectfully request that Your Honor extend the precautionary measures decreed in favor of my clients in the order of March 26, 2025, by ordering the following precautionary measure:

- The preliminary **injunction** ordering Fox Corporation, Fox Cable **Network** Services LLC, Fox Media LLC, and Tubi Inc. to refrain from **using** the name "Fox" for the broadcast in Mexico of any sports content (including, but not limited to, the broadcast in Mexico of any sporting event). The requested measure shall include the prohibition of the use of the name "Fox," either alone or accompanied by other words or distinctive signs, whenever it is used in the broadcast of sports content (including sporting events) in **the** national **territory**.

The requested precautionary measure is justified by everything stated by my clients in the brief requesting the precautionary measures in question, and specifically, it addresses "my clients' well-founded fear that the aforementioned companies will engage in further acts aimed at preventing or hindering the **exclusive** and free use of the trademarks to which my client Media Deportes México, S. de
R.L. de C.V., in accordance with the following:

Recently, in supposed compliance with the precautionary measures decreed on March 26, 2025, the legal entities to whom they were addressed ceased to use (in Mexico) the "Fox Deportes" trademark, which included the name "Fox," the use of which for the broadcast of sporting events in national territory is the exclusive right of my client. This is because the aforementioned precautionary measures prevented them—among other things—from using the trademarks for which my client holds the exclusive license in Mexico, or any trademark that is confusingly similar to them (including, without limitation, "Fox Deportes"). In absolute bad faith, the persons to whom these precautionary measures were directed refrained from using the "Fox Deportes" trademark, as it was the only one specifically referred to in the order of March 26, 2025. However, they began to use the trademark "Fox en Tubi" and, subsequently, only "FOX" to broadcast sporting events in Mexico, in violation not only of my client's exclusive right, which has been accredited before Your Honor, but also in violation of the precautionary measure previously granted in favor of my clients.

Closely related to the above, it should not be overlooked that the exclusive license to use the name "Fox" for the broadcast of sports content in the country, held by my client, derives from a binding instruction issued by the IFT in Resolution IFT 2019, which includes the order that a license be granted whereby the eventual purchaser of the Fox Sports Mexico business (which, ultimately, was Altener, S.A. de C.V., through its acquisition of my clients) would have the exclusive right to use the name "Fox" for the broadcast of sports content in the country. That's right, the name "Fox," by itself or accompanied by any other word, can only be legally used in the broadcast of sports content in Mexico (including the broadcast in Mexico of sporting events) by my client Media Deportes Mexico, S. de R.L. de C.V. This was ordered

expressly by the IFT, and it is precisely that right that the measures requested (and previously granted by Your Honor) seek to safeguard. Next, and for further reference, part of the IFT's order in Resolution IFT 2019 is expressly cited:

*"Once the sale of the Business to be Divested is complete, <u>the name 'Fox'</u> will be offered to the Buyer under an exclusive free license for sports content [...]".*

Therefore, it is clear that the use by Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC, and/or Tubi Inc. of the name "Fox" (alone or accompanied by any other word, group of words, or distinctive signs) for the broadcast of sporting events in Mexico violates the rights of my client, which arose as a direct consequence of a binding order issued by the IFT. Furthermore, such use violates the measures granted by Your Honor on March 26, 2025.

In fact, recently, the persons to whom the aforementioned precautionary measures are directed have stopped using the "Fox Deportes" brand and are now broadcasting sporting events in Mexico under the "Fox en Tubi" brand and, subsequently, under the "FOX" brand, as evidenced by screenshots of the Tubi Ind. platform, which show the misuse of the Fox brand on Tubi for the broadcast of sporting events and which are attached to this document as Annex 1).the Tubi Ind. platform, which shows the misuse of the Fox en Tubi trademark for the broadcast of sporting events and which are attached to this document as Annex 1). This information can be verified by Your Honor through the following link: <u>https://tubitv.com/live/400000122/fox-en-tubi</u>

In order to prove the misuse of the Fox trademark in the United States for the broadcast of sporting events through the Tubi Inc. platform, Affidavit No. 162,708 is attached as Exhibit 2).
May 21, 2025, drawn up before José Ángel Fernández LJría, Notary Public number 217 of Mexico City, acting as associate and in the protocol of notary number 60 of Mexico City.

Furthermore, in a statement published on August 4, 2025, on an official Fox Corporation account on the social network "X" under the username @somos FOX, it was made public that the FOX channel would return to Mexico, broadcasting sporting events, including

of several Liga MX soccer teams, as well as international soccer tournaments, motor racing competitions, and other sports around the world, and that said channel "would be available through streaming platforms (Tubi and Ğaliente TV), as well as through pay television starting in September 2025. A copy of this press release is attached to this document as Annex 3), which can be viewed by Your Honor via via the following https://x.com/somos FOX/status/1952368992816886009

The foregoing amounts to using formalities and appearances to openly violate the orders issued by both the IFT and Your Honor, since, as has been demonstrated, the defendants have repeatedly violated the precautionary measures decreed in favor of my clients. I therefore request that the warning issued by order of May 26, 2025, be enforced.

Pay TV distributors in the country know that my clients have the exclusive right to use the "Fox" brand associated with the production and broadcast of sporting events in Mexico, since, among other things, in October 2021, The Walt Disney Company expressly confirmed this in writing to many of them.

The foregoing is evidenced by the affidavit of facts exhibited as Exhibit 4), which contains various emails with their respective attachments, as well as their respective translations into Spanish.

In this regard, precisely for the sake of clarity and to adequately safeguard the rights of my client, I request that the "precautionary measure" referred to in the terms requested be extended and clarified, and that third parties also be notified thereof.

**ADDRESSES FOR NOTIFYING THESE** MEASURES TO **THIRD PARTIES.**

Although the companies to which the precautionary measures are directed have repeatedly misused the Fox trademark in the broadcast of sporting events through the platform owned by Tubi Inc., in order to prevent them from continuing

carrying out such illegal conduct through the broadcast of sporting events on any streaming platform or pay television, I request that these precautionary measures also be notified to the following legal entities at the addresses specified below:

| | |
|---|---|
| Media Sports Latinoamérica S. de R.L. de C.V. | Plaza Reforma - Prolongación Paseo de la Reforma No. 600, Colonia Santa Fe Peña Blanca, C.P. 01210, Alcaldía Álvaro Obregón, Mexico City |
| Telefonía por Cable S.A. de C.V. | Calzada Lázaro Cárdenas 1694, Colonia del Fresno, 44900 Guadalajara, Jalisco. |
| Cablemas Telecomunicaciones, Inc. | Avenida Vasco de Quiroga No. 2000, Colonia Santa Fe, Mexico City |
| Total Play Telecomunicaciones S.A.P.I. D | Avenida San Jerónimo No. 252, La Otra Banda neighborhood, Mexico City |
| Amazon Mexico Commercial Services, LLC. | Boulevard Manuel Ávila Camacho No. 261, Floor 5, Colonia Polanco I Sección, Miguel Hidalgo, C.P. 11510, Mexico City |
| Corporación Novaimagen S. de R.L. de C.V. | Avenida Insurgentes Sur No. 694, Floors 6, 7, and/or 10, Colonia del Valle Centro, Mexico City |
| Claro Video LLC | 9100 36th St. Suite 101, Doral, Florida, United States of America |
| Grupo W COM S.A. de C.V. | Galileo No. 50, Polanco IV neighborhood Section, Miguel Hidalgo City Hall, Mexico City |
| **Affiliates** | |
| Apple Store LLC | One Apple Park Way, Cupertino, California, 95014, United States of America |
| Google Store LLC | 1600 Amphitheatre Pkwy, Mountain View, California, 94043, United of America |
| Stripe LLC | 354 Oyster Point Blvd, South San Francisco, California 94080, United . |
| ROKU LLC | 1701 Junction Court, Suite 100, San Jose, California, United States of America |
| App | |
| Radio Movil Dipsa S.A. de C.V. | Send to email **oficios@telcel.com** |
| Libros Foráneos S.A. de C.V. | Avenida Conscripto 311 Access 4 Caballeriza 6 D 102, Lomas De Sotelo, Mexico City |

| | |
|---|---|
| Soccer Media Solutions S.A. de C.V. | Juan Salvador Agraz No. 65, Floor 14-A, Colonia Santa Fe, Mexico City<br>Mexico |
| Próximo Natal S.A.P.I de C.V. | Guillermo Gonzalez Camarena 800, Floor 4, Colonia Santa Fe, Mexico City |
| Wis Master Mexico, S.A. de C.V. | Calle Lago Alberto 319, 16th Floor, Miguel Hidalgo Municipality |

The respective notifications must be accompanied by a certified copy of the order decreeing the extension of the measures.

Given that the domicile of some of the aforementioned third parties is located outside the jurisdiction of this Honorable Court, pursuant to Article 1072 of the Commercial Code, I respectfully request that letters rogatory be sent to the competent judges in those domiciles, so that through them, they may be notified of the order decreeing the extension of the precautionary measures requested at the address provided above; requesting that my clients be granted a period of no less than 30 business days to produce the respective translations; and that the respective letter rogatory be made available to my clients, through any authorized persons, for delivery to the Ministry of Foreign Affairs.

Likewise, based on Article 1067 Bis of the Commercial Code, we request that Your Honor issue a warning to the alleged defendants and third parties with some coercive measure in the event of non-compliance.

For the foregoing reasons;

I respectfully request that YOU, YOUR HONOR,

**FIRST.-** To enforce the warning issued in the order of March 26, 2025.

**SECOND.-** To issue the requested precautionary measure, thereby extending those already issued in the order of March 26, 2025, ordering their subsequent notification to the aforementioned entities at the addresses previously provided and with the respective legal warning.

I protest as necessary.
Mexico City, August 22, 2025

**ROGELIO ARTURO ISLAS PÉREZ**

ANNEX 1


tubi
Navegar
TV En Vivo
Encuentra películas, series y más
Regístrate
Iniciar Sesión
FOX en Tubi
Fox en Tubi lleva la emoción del fútbol mexicano a los fanáticos, con partidos exclusivos en vivo
y gratis de la Copa De Campeones, Liga MX y la Premier League


tubi
Navegar
TV En Vivo
Regístrate
Iniciar Sesión
FOX

ANNEX 3

← Post

FOX FOX

COMUNICADO: Regresa a México el Canal FOX

FOX

FQX CHANNEL RETURNS TO MEXICO

***A partir del 4 de agosto el Canal FOX estará disponible, sin costo, a través de la Plataforma Tubi, para que las y los aficionados al deporte vivan su pasión al máximo.***

**Ciudad de México, México – 4 de agosto de 2025** – FOX Corporation (Nasdaq: FOXA, FOX) anuncia hoy el regreso del canal FOX a México. Desde hoy, la emoción del deporte nacional e internacional podrá disfrutarse a través del nuevo canal FOX, disponible e  los principales sistemas de TV  e paga del país.

De igual forma, el **Canal FOX** estará disponible, **sin costo**, a través de la plataforma Tubi durante todo el mes de agosto, para que todos las y los aficionados al deporte vivan su pasión al máximo. A partir del 1 de septiembre, el **Canal FOX** estará disponible a través de los sistemas de TV de paga y en la aplicación a la carta Caliente TV.

**¿Qué encontrarás en el Canal FOX?**

**Futbol Nacional que enciende pasiones:**

Los juegos en vivo de nueve equipos de la Liga MX, cuatro de ellos en exclusiva: Club Pachuca, Club León, Club Xolos Tijuana, Club Querétaro, Club Toluca, Club Tigres UANL, Club Bravos de Ciudad Juárez, Club Puebla, y Club Mazatlán, más la Copa de Campeones de Concacaf en exclusiva.

**Futbol Internacional de primer nivel:**

La Champions League de la UEFA, La Premier League y FA Cup, La Ligue 1 francesa, la Coppa Italia y la Liga Saudí.

**Competencias de motor que te aceleran el corazón:**

NASCAR México Series, WRC (World Rally Championship), WEC (World Enduro Championship), MXGP y la Formula E.

**Otros Deportes alrededor del Mundo:**

La UFL (nueva Liga de Futbol Americano de Estados Unidos), el BIG 10, con lo mejor del deporte colegial, y el PPL- Pro Padel League.

**Nuevos Shows, Noticieros y Debate:**

Siete producciones originales de polémica, intensidad y pasión, con puntos de vista frescos y diferentes.

**El deporte evoluciona. La nueva era del deporte la transmitimos por el Canal FOX.**

**Solicítalo a tu compañía de TV de Paga.**

532,2 mil

FOX

# FOX CHANNEL RETURNS TO MEXICO

***A partir del 4 de agosto el Canal FOX estará disponible, sin costo, a través de la Plataforma Tubi, para que las y los aficionados al deporte vivan su pasión al máximo.***

Mexico City, Mexico - **August** 4, **2025** - FOX Corporation (Nasdaq: FOXA. FOX) today announced the return of FOX to Mexico. Starting today, the excitement of national and international sports can be enjoyed through the new FOX channel, available on the country's major pay TV systems.

Similarly, FOX Channel will be available free of charge on the Tubi platform throughout August, so that all sports fans can enjoy their passion to the fullest. Starting September 1, FOX Channel will be available through pay TV systems and on the Caliente TV on-demand app.

On FOX Channel 2, you'll find National

Soccer that gets pedestrians excited:

Live games from nine Liga MX teams, four of them exclusively: Club Pachuca, Club León, Club Xolos Tijuana, Club Querétaro, Club Toluca, Club Tigres UANL, Club Bravos de Ciudad Juarez, Club Puebla, and Club Mazatlán, plus the Concacaf Champions League exclusively.

Top-level international soccer:

The UEFA Champions League, the Premier League and FA Cup, the French Ligue 1, the Coppa Italia, and the Saudi League.

Heart-pounding motor racing competitions:

NASCAR Mexico Series, WRC (World Rally Championship), WEC (World Endurance Championship), MXGP, and Formula E.

Other Sports Around the World:

The UFL (new American football league in the United States), the BIG 10, with the best of college sports, and the PPL- Pro Padel League.

New Shows, Nightcleros, and Debate:

Seven original productions full of controversy, intensity, and passion, with fresh and different points of view.

Sports are evolving. We broadcast the new era of sports on FOX Channel.

Ask your pay TV company for it.

# ILAUMAN

Enrique Uruñuela
<eurunuela@lauman.com.mx"

**Reference: Izzi/Gky — confidential information**
1 message

---

Barnett, Thomas <tbarnett@cov.com> October 9, 2021, 8:11 a.m.
To: "carlosm@biztorm.com" <carlosm@biztorm.com>, Ben Pyne <Ben.Pyne@foxsports.com.mx," 'Merges, Juan" <Juan.Verges@disney.com>, Eduardo Pérez Molla <epm@sai.com.mx", Enrique Uruñuela <eurunuela@lauman.com.mx>, Francisco Serrano <fserra@asd.com.mx>

Carlos,

The letters were sent last night. As far as I know, they will be uploaded to the data room, but I am sending them to you directly in order to save time.

These are the letters from Izzi. I will send the letters from Sky

shortly. Tom

From: carlosm@biztorm.com <carlosm@biztorm.com>
Sent: Friday, October 8, 2021 10:40 AM
To: Barnett, Thomas <tbarnett@cov.com>; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com>; 'Eduardo Pérez Motta' <epm@sai.com.mx"; 'Enrique Uruñuela' <eurunuela@lauman.com.mx"; Francisco Serrano "fserra@asd.com.mx>
Subject: Re: Izzi/Sky — confidential information

**[EXTERNAL]**

Thanks, Tom. Please let us know when you send the reply letter to SKY/Izzi, and if you can provide us with a copy, that would be excellent. Once we see their response, we will supplement it with the information from Grupo Lauman Limited that we can share at this time, sending a copy to you as well.

---

From: Barnett, Thomas <tbarnett@cov.com>
Sent: Thursday, October 7, 2021 3:30 PM
To: carlosm@biztorm.com; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com> 'Eduardo Pérez Motta' <epm@sai.com.mx> 'Enrique Uruñuela' <eurunuela@lauman.com.mx>
**Subject:** Re: Izzi/Sky — confidential information

To all,

As an update on this matter, from what Ben told me, I understand that Sky has indicated that it will not make a call with Grupo Lauman until after receiving a written response to its request for information. Therefore, we need to move forward and respond without waiting for a meeting. I currently expect Disney to send its letters to Sky and Izzi during the course of the day, and I will let you know once that happens.

LIC. RUBÉN ARAGÓN CLEMENTE Federal Expert Translator No. 290-2002 endorsed by the Federal Judiciary Council in accordance with the General Agreement published in the Official Gazette of the Federation on December 11, 2024.

coax a 1

Tom

---

From: Barnett, Thomas
Sent: Tuesday, October 5, 2021, 3:13 PM
To: 'carlosm@biztorm.com' <carlosm@biztorm.com"; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx"; 'Verges, Juan' <Juan.Verges@disney.com"; 'Eduardo Pérez Motta' <epm@sai.çom.mx"; 'Enrique Uruñuela' <eurunuela@lauman.com.mx
**Subject:** Re: Izzi/Sky — confidential information

Based on the responses I received, it appears that 2:30 PM ET (3:30 PM Argentina time) tomorrow is acceptable for Juan, Eduardo, and me. Is that a good time for the rest of you?

Thank you.

---

From:carlosm@biztorm.com <carlosm@biztorm.com
**Sent:** Tuesday, October 5, 2021, 1:05 PM
To: Barnett, Thomas <tbarnett@cov.com"; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx"; 'Verges, Juan' <Juan.Verges@disney.com"; 'Eduardo Pérez Motta' <epm@sai.com.mx"; 'Enrique Uruñuela' <eurunuela@lauman.com.mx>
Subject: Re: Izzi/Sky - confidential information

**[EXTERNAL]**

I'm available. And yes, it's a good idea. Yesterday's call was more formal on Izzi's part than a friendly introduction from the new owners.

---

From: Barnett, Thomas <tbarnett@cov.com"
**Sent:** Tuesday, October 5, 2021 12:45 PM
To: Carlos M <carlosm@biztorm.com>; Ben Pyne <Ben.Pyne@foxsports.com.mx>; Verges, Juan <Juan.Verges@disney.com; Eduardo Pérez Motta <epm@sai.com.mx; Enrique Urui\uela <eurunuela@lauman.com.mx
**Subject:** Izzi/Sky -- confidential information To

all,

As I understand it, Ben was able to arrange the call with Izzi yesterday. Since Ben is working on scheduling a similar call with Sky, we believe it would be helpful to bring this group together for a brief call to discuss the steps to be taken and, specifically, the best way to respond to requests for information. If there is anyone else I should contact, please let me know.

We would like to try to talk tomorrow, if possible, so I would ask you to let me know what time would be convenient for you tomorrow.

Thank you.

**LIC. RUBÉN ARAGÓN CLEMENTE** Certified Translator *E-ed eral* No. 290-2002 endorsed by the Federal Judiciary Council in accordance with the General Agreement published in the Official Gazette of the Federation on December 11, 2024.

covx a 9 d

Tom

Tboraa9 BarneN

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5407| tbarnett@cov.com
www.cov.com

COVINGTON

---

This message is from a law firm and may contain confidential or legally privileged information. If you are not the intended recipient, please notify the sender immediately by replying to this email, indicating that this message has been forwarded to you inadvertently, and delete it from your system. We appreciate your cooperation.

---

2 attachments

Response to IZZI 2016 (final version).pdf

Response to IZZI 2014 (final version).pdf
129K

LIC. RUBÉN ARAGÓN CLEMENTE Federal Expert Translator No. 290-2002 endorsed by the Federal Judiciary Council in accordance with the General Agreement published in the Official Gazette of the Federation on December 1, 2024.
Mexico City, December 19 O

# EXHIBIT A1

PJCDMX
PODER JUDICIAL
CIUDAD DE MÉXICO

# Sistema Integral de Gestión Judicial
# PROMOCION

| | |
|---|---|
| ID DOCUMENTO: | 1755892270628 |
| JUZGADO: | Cuadragésimo Segundo de lo Civil |
| EXPEDIENTE: | 180/2025 |
| FECHA DE DOCUMENTO: | 2025-08-22 13:51:01 |
| FECHA DE RECEPCIÓN: | 2025-08-22 13:48 |
| COMENTARIOS: | 6 C.S., 2 TEST NOT. 2 TRASLADOS |

* La presente hoja NO forma parte del expediente;
fue generada con motivo del proceso interno de digitalización.

8

ORIGINAL

**MEDIA DEPORTES MÉXICO, S. DE R.L. DE C.V. Y MEXICO SPORTS DISTRIBUTION, LLC.**
**VS**
**FOX CORPORATION, FOX MEDIA LLC, FOX CABLE NETWORK SERVICES, LLC Y CARLOS ENRIQUE MARTÍNEZ SÁNCHEZ**
**JUICIO: MEDIDAS CAUTELARES**
**EXPEDIENTE: 180/2025**
**SECRETARÍA "B"**

6CS
2 Test Not
5 Traslados

**C. JUEZ CUADRAGÉSIMO SEGUNDO DE LO CIVIL DE PROCESO ESCRITO DE LA CIUDAD DE MÉXICO.**

**ROGELIO ARTURO ISLAS PÉREZ,** promoviendo en mi carácter de apoderado general para pleitos y cobranzas de Media Deportes México, S. de R.L. de C.V., y de Mexico Sports Distribution, LLC, personalidad que tengo debidamente reconocida en autos; ante Usted respetuosamente expongo:

Con fundamento en lo dispuesto por los artículos 1177 del Código de Comercio, así como los artículos 384 y 388 del Código Federal de Procedimientos Civiles de aplicación supletoria al Código de Comercio, y con el propósito de que la sentencia definitiva que se emita en el juicio ordinario mercantil que entablarán mis representadas no sea un acto jurídico desprovisto de consecuencias, que vuelva ilusorio su derecho a un recurso judicial efectivo, respetuosamente pido a su Señoría se sirva ampliar las medidas cautelares decretadas en favor de mis representadas en auto de 26 de marzo de 2025, decretando la medida cautelar consistente en:

- **La orden judicial, de naturaleza provisional, por virtud de la cual se ordene a Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC y Tubi Inc., se abstengan de utilizar el nombre "Fox" para la transmisión en México de cualquier contenido deportivo (incluyendo, de manera enunciativa y no limitativa, la transmisión en México de cualquier evento deportivo). La medida solicitada deberá comprender la prohibición del uso del nombre "Fox", por sí mismo o acompañado de otras palabras o signos distintivos, siempre que el mismo sea utilizado en la transmisión de contenidos deportivos (incluyendo eventos deportivos) en territorio nacional.**

La medida cautelar solicitada encuentra su justificación en todo lo narrado por mis representadas en el escrito por el que se solicitan las medidas cautelares en las que se actúa, y en específico, atiende al temor fundado de mis representadas de que las morales mencionadas generen más actos tendientes a impedir u obstaculizar el uso **exclusivo** y gratuito de las marcas al que tiene derecho mi mandante Media Deportes México, S. de R.L. de C.V. de conformidad con lo narrado a continuación:

Recientemente, en supuesto cumplimiento de las medidas cautelares decretadas el 26 de marzo de 2025, las personas morales a quienes las mismas iban dirigidas, dejaron de utilizar (en México) la marca "Fox Deportes", que incluía el nombre "Fox", cuyo uso para la transmisión de eventos deportivos en territorio nacional es derecho exclusivo de mi representada. Lo anterior, toda vez que las medidas cautelares referidas les impedían —entre otras cosas— utilizar las marcas de cuya licencia de uso exclusivo en México es titular mi representada, o cualquiera que sea similar a ellas en grado de confusión (incluyendo, sin limitar, "Fox Deportes"). Con absoluta mala fe, las personas a quienes iban dirigidas dichas medidas cautelares se abstuvieron de usar la marca "Fox Deportes", pues fue la única a la que se hizo referencia específica en el auto de 26 de marzo de 2025. Sin embargo, comenzaron a utilizar la marca "Fox en Tubi" y, posteriormente, sólo "FOX", para transmitir eventos deportivos en México, en violación no sólo del derecho exclusivo de mi representada, el cual ha sido acreditado ante su Señoría, sino además en violación de la medida cautelar previamente otorgada a favor de mis representadas.

En estrecha relación con lo anterior, no debe perderse de vista que la licencia de uso exclusivo del nombre "Fox" para la transmisión de contenido deportivo en el país, de la que es titular mi representada, deriva de una instrucción vinculante emitida por el IFT en la Resolución IFT 2019, en la que se incluye la orden de que se otorgara una licencia por virtud de la cual el eventual comprador del negocio de Fox Sports México (que, eventualmente, se trató de Altener, S.A. de C.V., a través de su adquisición de mis representadas) tuviera el derecho exclusivo **al uso del nombre "Fox" para la transmisión de contenido deportivo** en el país. Así es, el nombre "Fox", por sí mismo, o acompañado de cualquier otra palabra, sólo puede ser legalmente usado en la transmisión de contenido deportivo en México (incluyendo la transmisión en México de eventos deportivos) por mi representada Media Deportes México, S. de R.L. de C.V. Así lo ordenó

expresamente el IFT, y es precisamente ese derecho el que las medidas solicitadas (y previamente otorgadas por su Señoría) pretenden salvaguardar. A continuación, y para mayor referencia, se cita expresamente parte de lo ordenado por el IFT en la Resolución IFT 2019:

"*Una vez finalizada la venta del Negocio a Desincorporar, se ofrecerá **el nombre "Fox"** al Comprador bajo una licencia de uso gratuita exclusiva para contenido deportivos [...]*".

Por ello, es claro que el uso por parte de Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC y/o Tubi Inc. del nombre "Fox" (por sí mismo o acompañado por cualquier otra palabra, grupo de palabras, o signos distintivos) para la transmisión de eventos deportivos en México es violatorio del derecho de mi representada, el cual surgió como consecuencia directa de una orden vinculante emitida por el IFT. Además, dicho uso es violatorio de las medidas que su Señoría otorgó el 26 de marzo de 2025.

En efecto, en fechas recientes, las personas a quienes van dirigidas las medidas cautelares referidas han dejado de usar la marca "Fox Deportes", para ahora transmitir eventos deportivos en México bajo la marca "Fox en Tubi" y, posteriormente, bajo la marca "FOX", lo que se acredita con impresiones de pantalla de la plataforma de Tubi Inc., en la que se desprende el uso indebido de la marca Fox en Tubi para la transmisión de eventos deportivos y que se agregan al presente escrito como **Anexo 1),** dicha información podrá ser verificada por su Señoría a través de la siguiente liga: https://tubitv.com/live/400000122/fox-en-tubi

A fin de acreditar el uso indebido de la marca Fox en territorio Nacional para la transmisión de eventos deportivos a través de la plataforma de Tubi Inc., se agrega como **Anexo 2)** la fe de hechos número 162,708 de 21 de mayo de 2025, levantada ante la fe del Licenciado José Ángel Fernández Uría, Notario Público número 217 de la Ciudad de México, actuando como asociado y en el protocolo de la Notaría número 60 de la Ciudad de México.

Pero además, mediante comunicado publicado el 4 de agosto de 2025, en una cuenta oficial de Fox Corporation en la red social "X" bajo el usuario @somos_FOX, se hizo del conocimiento público que el canal FOX regresaría a México, transmitiendo eventos deportivos, incluidos los juegos

de futbol de varios equipos de la Liga MX, así como torneos internacionales de futbol, competencias de motor, y otros deportes alrededor del mundo, y que dicho canal estaría disponible a través de plataformas de streaming (Tubi y Caliente TV), así como a través de la televisión de paga a partir del mes de septiembre de 2025. Una impresión de dicho comunicado se anexa al presente escrito como **Anexo 3),** el cual puede ser visible por su señoría a través de la siguiente liga: https://x.com/somos_FOX/status/1952368992816886009

Lo anterior equivale a valerse de un formalismo y de la apariencia para violar abiertamente lo ordenado tanto por el IFT como por su Señoría, pues tal como se ha demostrado las morales en cita han violentado reiteradamente las medidas cautelares decretadas a favor de mis representadas, por lo que solicito se haga efectivo el apercibimiento decretado mediante auto de 26 de marzo de 2025.

Los distribuidores de televisión de paga en el país saben que mis representadas tienen el derecho de uso exclusivo de la marca "Fox" asociada a la producción y transmisión de eventos deportivos en México, pues, entre otras cosas, en octubre de 2021 The Walt Disney Company le confirmó lo anterior expresamente y por escrito a muchos de ellos.

Lo anterior que se acredita con la fe de hechos que se exhibe como **Anexo 4)**, y que contiene diversos correos electrónicos con su respectivo anexo; así como su respectiva traducción al español.

En ese sentido, precisamente para efectos de claridad, y para salvaguardar adecuadamente los derechos de mi representada, es que se solicita que se amplíe y aclare la medida cautelar referida en los términos solicitados, debiendo notificarse la misma también a los terceros.

**DOMICILIOS PARA NOTIFICAR LAS PRESENTES MEDIDAS A TERCEROS.**

No obstante que las morales a las que van dirigidas las medidas cautelares, han realizado de manera reiterada el uso indebido de la marca Fox en la transmisión de eventos deportivos a través de la plataforma de la que es titular la moral Tubi Inc., a efecto de que se impida que continúen

realizando dicha conducta ilícita a través de la transmisión de eventos deportivos en cualquier plataforma de streaming o televisión de paga, solicito que las presentes medidas cautelares también le sean notificadas a las siguientes personas morales en los domicilios que se precisan a continuación:

| | |
|---|---|
| Media Sports Latinoamérica S. de R.L. de C.V. | Plaza Reforma - Prolongación Paseo de la Reforma No. 600, Colonia Santa Fe Peña Blanca, C.P. 01210, Alcaldía Álvaro Obregón, Ciudad de México |
| Telefonía por Cable S.A. de C.V. | Calzada Lázaro Cárdenas 1694, Colonia del Fresno, 44900 Guadalajara, Jalisco. |
| Cablemas Telecomunicaciones S.A. de C.V. | Avenida Vasco de Quiroga No. 2000, Colonia Santa Fe, Ciudad de México |
| Total Play Telecomunicaciones S.A.P.I. D | Avenida San Jerónimo No. 252, Colonia La Otra Banda, Ciudad de México |
| Servicios Comerciales Amazon México. S. R.L. de C.V. | Boulevard Manuel Ávila Camacho No. 261, Piso 5, Colonia Polanco I Sección, Miguel Hidalgo, C.P. 11510, Ciudad de México |
| Corporación Novaimagen S. de R.L. de C.V. | Avenida Insurgentes Sur No. 694, Pisos 6°, 7°, 8° y/o 10°, Colonia del Valle Centro, Ciudad de México |
| Claro Video LLC | 9100 36th St. Suite 101, Doral, Florida, Estados Unidos de América |
| Grupo W COM S.A. de C.V. | Galileo No. 50, Colonia Polanco IV Sección, Alcaldía Miguel Hidalgo, Ciudad de México |
| **Afiliados** | |
| Apple Store LLC | One Apple Park Way, Cupertino, California, 95014, Estados Unidos de América |
| Google Store LLC | 1600 Amphitheatre Pkwy, Mountain View, California, 94043, Estados Unidos de América |
| Stripe LLC | 354 Oyster Point Blvd, South San Francisco, California 94080, Estados Unidos. |
| ROKU LLC | 1701 Junction Court, Suite 100, San Jose, California, Estados Unidos de América |
| **App** | |
| Radio Movil Dipsa S.A. de C.V. | Enviar al correo **oficios@telcel.com.** |
| Libros Foráneos S.A. de C.V. | Avenida Conscripto 311 Acceso 4 Caballeriza 6 D 102, Lomas De Sotelo, Ciudad de México |

| | |
|---|---|
| Soccer Media Solutions S.A. de C.V. | Juan Salvador Agraz No. 65, Piso 14-A, Colonia Santa Fe, Ciudad de México |
| Próximo Natal S.A.P.I de C.V. | Guillermo Gonzalez Camarena 800, Piso 4, Colonia Santa Fe, Ciudad de México |
| Wis Master Mexico S.A. de C.V. | Calle Lago Alberto 319 Piso 16, Alcaldía Miguel Hidalgo |

Debiendo acompañar a las respectivas notificaciones, copia certificada del auto que decrete la ampliación de las medidas.

Atendiendo a que el domicilio de algunos de los terceros antes mencionados se ubica fuera de la jurisdicción de ese H. Juzgado, con fundamento en el artículo 1072 del Código de Comercio, atentamente solicito se gire atentas cartas rogatorias a los CC. Jueces competentes en dichos domicilios, para que por su conducto, se les notifique del auto que decrete la ampliación de las medidas cautelares que se piden en el domicilio anteriormente proporcionado; solicitando desde ahora se conceda un plazo no menor a 30 días hábiles a mis representadas para exhibir las traducciones respectivas; y que la carta rogatoria respectiva se ponga a disposición de mis poderdantes, por conducto de cualesquiera personas autorizadas, para entregarla ante la Secretaría de Relaciones Exteriores.

Asimismo, con fundamento en el artículo 1067 Bis del Código de Comercio, se solicita a su Señoría se sirva apercibir a las presuntas demandadas y a los terceros con alguna medida de apremio en caso de incumplimiento de las mismas.

Por lo anteriormente expuesto;

**A USTED C. JUEZ,** atentamente pido:

**PRIMERO.-** Hacer efectivo el apercibimiento decretado en auto de 26 de marzo de 2025.

**SEGUNDO.-** Decretar la medida cautelar solicitada, ampliando así las ya decretadas por auto de 26 de marzo de 2025, ordenando su posterior notificación a las morales en cita, en los domicilios previamente proporcionados y con el apercibimiento de ley respectivo.

Protesto lo necesario.
Ciudad de México, a 22 de agosto de 2025

**ROGELIO ARTURO ISLAS PÉREZ**

ANEXO 1


tubi
Navegar
TV En Vivo
Encuentra películas, series y más
Regístrate
Iniciar Sesión
FOX en Tubi
Fox en Tubi lleva la emoción del fútbol mexicano a los fanáticos, con partidos exclusivos en vivo y gratis de la Copa De Campeones, Liga MX y la Premier League


tubi
Navegar
TV En Vivo
Regístrate
Iniciar Sesión
FOX

ANEXO 3

Post

FOX

FOX

COMUNICADO: Regresa a México el Canal FOX

FOX

**REGRESA A MÉXICO EL CANAL FOX**

***A partir del 4 de agosto el Canal FOX estará disponible, sin costo, a través de la Plataforma Tubi, para que las y los aficionados al deporte vivan su pasión al máximo.***

**Ciudad de México, México – 4 de agosto de 2025** – FOX Corporation (Nasdaq: FOXA, FOX) anuncia hoy el regreso del canal FOX a México. Desde hoy, la emoción del deporte nacional e internacional podrá disfrutarse a través del nuevo canal FOX, disponible en los principales sistemas de TV de paga del país.

De igual forma, el **Canal FOX** estará disponible, **sin costo**, a través de la plataforma Tubi durante todo el mes de agosto, para que todos las y los aficionados al deporte vivan su pasión al máximo. A partir del 1 de septiembre, el **Canal FOX** estará disponible a través de los sistemas de TV de paga y en la aplicación a la carta Caliente TV.

**¿Qué encontrarás en el Canal FOX?**

**Futbol Nacional que enciende pasiones:**

Los juegos en vivo de nueve equipos de la Liga MX, cuatro de ellos en exclusiva: Club Pachuca, Club León, Club Xolos Tijuana, Club Querétaro, Club Toluca, Club Tigres UANL, Club Bravos de Ciudad Juárez, Club Puebla, y Club Mazatlán, más la Copa de Campeones de Concacaf en exclusiva.

**Futbol Internacional de primer nivel:**

La Champions League de la UEFA, La Premier League y FA Cup, La Ligue 1 francesa, la Coppa Italia y la Liga Saudí.

**Competencias de motor que te aceleran el corazón:**

NASCAR México Series, WRC (World Rally Championship), WEC (World Enduro Championship), MXGP y la Formula E.

**Otros Deportes alrededor del Mundo:**

La UFL (nueva Liga de Futbol Americano de Estados Unidos), el BIG 10, con lo mejor del deporte colegial, y el PPL- Pro Padel League.

**Nuevos Shows, Noticieros y Debate:**

Siete producciones originales de polémica, intensidad y pasión, con puntos de vista frescos y diferentes.

**El deporte evoluciona. La nueva era del deporte la transmitimos por el Canal FOX.**

**Solicítalo a tu compañía de TV de Paga.**

532,2 mil

FOX

## REGRESA A MÉXICO EL CANAL FOX

***A partir del 4 de agosto el Canal FOX estará disponible, sin costo, a través de la Plataforma Tubi, para que las y los aficionados al deporte vivan su pasión al máximo.***

**Ciudad de México, México – 4 de agosto de 2025** – FOX Corporation (Nasdaq: FOXA, FOX) anuncia hoy el regreso del canal FOX a México. Desde hoy, la emoción del deporte nacional e internacional podrá disfrutarse a través del nuevo canal FOX, disponible en los principales sistemas de TV de paga del país.

De igual forma, el **Canal FOX** estará disponible, **sin costo**, a través de la plataforma Tubi durante todo el mes de agosto, para que todos las y los aficionados al deporte vivan su pasión al máximo. A partir del 1 de septiembre, el **Canal FOX** estará disponible a través de los sistemas de TV de paga y en la aplicación a la carta Caliente TV.

**¿Qué encontrarás en el Canal FOX?**

**Futbol Nacional que enciende pasiones:**

Los juegos en vivo de nueve equipos de la Liga MX, cuatro de ellos en exclusiva: Club Pachuca, Club León, Club Xolos Tijuana, Club Querétaro, Club Toluca, Club Tigres UANL, Club Bravos de Ciudad Juárez, Club Puebla, y Club Mazatlán, más la Copa de Campeones de Concacaf en exclusiva.

**Futbol internacional de primer nivel:**

La Champions League de la UEFA, La Premier League y FA Cup, La Ligue 1 francesa, la Coppa Italia y la Liga Saudi.

**Competencias de motor que te aceleran el corazón:**

NASCAR México Series, WRC (World Rally Championship), WEC (World Enduro Championship), MXGP y la Formula E.

**Otros Deportes alrededor del Mundo:**

La UFL (nueva Liga de Futbol Americano de Estados Unidos), el BIG 10, con lo mejor del deporte colegial, y el PPL- Pro Padel League.

**Nuevos Shows, Noticieros y Debate:**

Siete producciones originales de polémica, intensidad y pasión, con puntos de vista frescos y diferentes.

**El deporte evoluciona. La nueva era del deporte la transmitimos por el Canal FOX.**

**Solicítalo a tu compañía de TV de Paga.**

GRUPO LAUMAN

Enrique Uruñuela <eurunuela@lauman.com.mx>

**Con referencia a: Izzi/Sky – información confidencial**
1 mensaje

**Barnett, Thomas** <tbarnett@cov.com> 9 de octubre de 2021, 8:11
Para: "carlosm@biztorm.com" <carlosm@biztorm.com>, Ben Pyne <Ben.Pyne@foxsports.com.mx>, "Verges, Juan" <Juan.Verges@disney.com>, Eduardo Pérez Motta <epm@sai.com.mx>, Enrique Uruñuela <eurunuela@lauman.com.mx>, Francisco Serrano <fserra@asd.com.mx>

Carlos,

Las cartas se enviaron anoche. Hasta donde sé, se cargarán en la sala de datos, pero se las estoy enviando directamente con el fin de ganar tiempo.

Éstas son las cartas de Izzi. En breve enviaré las cartas de Sky.

Tom

**De:** carlosm@biztorm.com <carlosm@biztorm.com>
**Enviado el:** Viernes, 8 de octubre de 2021 10:40 AM
**Para:** Barnett, Thomas <tbarnett@cov.com>; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com>; 'Eduardo Pérez Motta' <epm@sai.com.mx>; 'Enrique Uruñuela' <eurunuela@lauman.com.mx>; Francisco Serrano <fserra@asd.com.mx>
**Asunto:** Con referencia a: Izzi/Sky -- información confidencial

**[EXTERNO]**

Gracias Tom. Avísenos por favor cuando envíe la carta de respuesta a SKY/Izzi y si puede proporcionarnos una copia estaría excelente, una vez que veamos su respuesta la complementaremos con la información de Grupo Lauman limited que podamos compartir hasta el momento, enviando también copia para usted.

---

**De:** Barnett, Thomas <tbarnett@cov.com>
**Enviado el:** Jueves, 7 de octubre de 2021 3:30 PM
**Para:** carlosm@biztorm.com; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com>; 'Eduardo Pérez Motta' <epm@sai.com.mx>; 'Enrique Uruñuela' <eurunuela@lauman.com.mx>
**Asunto:** Con referencia a: Izzi/Sky – información confidencial

Para todos,

Como actualización sobre este asunto, por lo que me dijo Ben entiendo que Sky ha indicado que no hará una llamada con Grupo Lauman hasta después de recibir una respuesta por escrito a su solicitud de información. Por lo tanto, necesitamos seguir adelante y responder sin esperar una reunión. Actualmente espero que Disney enviará sus cartas a Sky e Izzi durante el transcurso del día y se los haré saber una vez que así sea.

**LIC. RUBÉN ARAGÓN CLEMENTE** Perito Traductor Federal No. 290-2002 avalado por el Consejo de la Judicatura Federal de conformidad con el Acuerdo general publicado en el Diario Oficial de la Federación el día 11 de diciembre de 2024.
CDMX a 19 de Agosto de 2025.

Tom

---

**De:** Barnett, Thomas
**Enviado el:** Martes, 05 de octubre de 2021 3:13 PM
Para: 'carlosm@biztorm.com' <carlosm@biztorm.com>; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com>; 'Eduardo Pérez Motta' <epm@sai.com.mx>; 'Enrique Uruñuela' <eurunuela@lauman.com.mx>
**Asunto:** Con referencia a: Izzi/Sky -- información confidencial

Con base en las respuestas que recibí, aparentemente las 2:30 p.m. ET (3:30 p.m. hora de Argentina) del día de mañana es aceptable para Juan, Eduardo y para mí. ¿Es buena hora para el resto de ustedes?

Gracias.

---

**De:** carlosm@biztorm.com <carlosm@biztorm.com>
**Enviado el:** Martes, 05 de octubre de 2021 1:05 PM
**Para:** Barnett, Thomas <tbarnett@cov.com>; 'Ben Pyne' <Ben.Pyne@foxsports.com.mx>; 'Verges, Juan' <Juan.Verges@disney.com>; 'Eduardo Pérez Motta' <epm@sai.com.mx>; 'Enrique Uruñuela' <eurunuela@lauman.com.mx>
**Asunto:** Con referencia a: Izzi/Sky -- información confidencial

**[EXTERNO]**

Estoy disponible. Y sí, es una buena idea, la llamada de ayer fue más legal por el lado de Izzi que una introducción amistosa de los nuevos propietarios.

---

**De:** Barnett, Thomas <tbarnett@cov.com>
**Enviado el:** Martes, 05 de octubre de 2021 12:45 PM
**Para:** Carlos M <carlosm@biztorm.com>; Ben Pyne <Ben.Pyne@foxsports.com.mx>; Verges, Juan <Juan.Verges@disney.com>; Eduardo Pérez Motta <epm@sai.com.mx>; Enrique Uruñuela <eurunuela@lauman.com.mx>
**Asunto:** Izzi/Sky -- información confidencial

Para todos,

Según entiendo, Ben pudo hacer los arreglos para hacer la llamada con Izzi el día de ayer. Ya que Ben está trabajando en la programación de una llamada similar con Sky, creemos que sería conveniente tratar de juntar a este grupo en una breve llamada para analizar las medidas a tomar y, específicamente, cuál es la mejor forma para responder a las solicitudes de información. Si hay alguien más que deba contactar, por favor háganmelo saber.

Nos gustaría tratar de hablar mañana, si es posible, por lo que les pediría que me dijeran qué hora sería conveniente para ustedes mañana.

Gracias.

**LIC. RUBÉN ARAGÓN CLEMENTE** Perito Traductor Federal No. 290-2002 avalado por el Consejo de la Judicatura Federal de conformidad con el Acuerdo general publicado en el Diario Oficial de la Federación el día 11 de diciembre de 2024.
CDMX a 19 de Agosto de 2025.

Tom

**Thomas Barnett**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5407 | tbarnett@cov.com
www.cov.com

**COVINGTON**

---

Este mensaje es de un despacho jurídico y puede contener información confidencial o legalmente privilegiada. Si usted no es el destinatario pretendido, notifique al remitente de inmediato, enviando una respuesta por correo electrónico, indicando que este mensaje se le ha transmitido inadvertidamente y elimínelo de su sistema. Agradecemos su cooperación

---

**2 adjuntos**

**Respuesta a IZZI 2016 (versión final).pdf**
130K

**Respuesta a IZZI 2014 (versión final).pdf**
129K

# EXHIBIT B

PODER JUDICIAL CIUDAD DE MÉXICO

1

ESTEBAN AGUSTIN TAPIA GASPAR 01/20/29 09:21:54
706a63646d7832303031323373738

JOSE LUIS MORA IBARRA 01/20/29 11:57:59
706a63646d783230303132393031

180/2025



In Mexico City, on the twenty-seventh of August, two thousand twenty-five.

Add the account statement to your records, keep the accompanying documents in the court's safe; ROGELIO ARTURO ISLAS PEREZ is hereby deemed to have appeared in his capacity as representative of the co-plaintiffs, a role for which he is duly accredited in the proceedings, requesting the extension of the precautionary measures decreed in the order of March 26 of this year. However, taking into account that, in the aforementioned order, the aforementioned precautionary measures were decreed for the purpose of "... 1. It is ordered that the current legal and factual situation be maintained, consisting of the continuous and uninterrupted use by Media Deportes México, S. de R. L. de C. V. and/or México Sports Distribution, LLC, in national territory (i.e., in the Mexican Republic), of the trademarks . . . 2. Fox Corporation and Fox Media LLC are ordered to refrain from engaging in unlawful and/or immoral acts of intimidation that prevent or hinder (or may prevent or hinder) Media Deportes México S. de R.L. de C.V. and/or México Sports Distribución, LLC from the continuous and uninterrupted use of the aforementioned trademarks in national territory (i.e., in the Mexican Republic); including, without limitation, the improper use by Fox Corporation, Tubi, Inc., and Fox Media LLC, in Mexico, of the trademarks described above, or any other that is confusingly similar to them (including, without limitation, "Fox Deportes," which is a translation of the aforementioned trademarks) . . ."; Similarly, it is noted that these measures were ordered because the co-plaintiffs claimed to be the owners of the exclusive right to use the name Fox for the broadcast of sporting events in Mexico, which was granted to them in compliance with a resolution of the Federal Telecommunications Institute, which would remain in force at least until November 10, 2026. Similarly, it is noted that the aforementioned precautionary measures were guaranteed by BOND POLICY 2592706-0000 issued by LIBERTY FIANZAS S.A. DE C.V., in the amount of $1,000,000.00 (ONE MILLION PESOS 00/100 M.N.). On another note, in the accompanying notarial instrument 162 708, which certifies the facts as recorded by notary 217 of Mexico City, and which is granted full probative value in accordance with the provisions of Article 1292 of the Commercial Code,

ESTEBAN AGUSTIN TAPIA GASPAR 01/20/29 09:21:54
706a6364d783230301323738

JOSE LUIS MORA IBARRA 01/20/29 11:57:59
706a6364d7832303013239301

It appears that the notary public stated that: "I accessed my computer from my desktop, opened the internet browser, went to the address "tubitv.com/es-mx," clicked on "Live TV," and a screen appeared indicating "Premier League | Chelsea vs. Liverpool | 04/05/2025," and I proceeded to take several screenshots. ." Having viewed the screenshots taken by the notary public in question, it can be seen in the image of the Chelsea vs. Liverpool soccer match that there is a box in the upper left corner that says FOX on Tubi, and in two screenshots, the following caption can be seen: "Fox on Tubi brings the excitement of Mexican soccer to fans, with exclusive live and free matches from the Copa De Campeones, Liga MX, and the Premier League." It therefore appears that persons other than the co-plaintiffs are using the FOX trademark to broadcast sporting events, which, according to the documents submitted with the initial petition for these Precautionary Measures, are for the exclusive use of the co-plaintiffs, at least until November 10, 2026. Consequently, as requested, **the precautionary measures granted in the order dated March 26 of this year are extended and** the following is issued: The provisional court order, by virtue of which Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC, and Tubi Inc. are ordered to refrain from using the name "Fox" for the broadcast in Mexico of any sports content (including, but not limited to, the broadcast in Mexico of any sporting event). This measure includes the prohibition of the use of the name "FOX," either alone or accompanied by other words or distinctive signs, whenever it is used in the broadcast of sports content (including sporting events) in national territory; this extension must be notified to the aforementioned entities at the addresses indicated in the initial letter, as well as to third parties MEDIA SPORTS LATINOAMERICA S. DE R.L. DE C.V.; TELEFONIA POR CABLE S.A. DE C.V.; CABLEMAS TELECOMUNICACIONES S.A. DE C.V.; TOTAL PLAY TELECOMUNICACIONES S.A.P.I.; SERVICIOS COMERCIALES AMAZON MEXICO S. DE R.L. DE C.V.; CORPORACION NOVAIMAGEN S. DE R.L. DE C.V.; CLARO VIDEO LLC; GRUPO W COM S.A. DE C.V.; **affiliates** APPLE STORE LLC; GOOGLE STORE LLC; STRIPE LLC.; ROKU LLC.; RADIO MOVIL DIPSA S.A. DE C.V. **app**; LIBROS FORANEOS S.A. DE C.V.; SOCCER MEDIA SOLUTIONS S.A. DE C.V.; PROXIMO NATAL S.A.P.I. DE

C.V.; WIS MASTER MEXICO S.A. DE C.V., at the addresses indicated for this purpose, with the corresponding official letters, letters rogatory, and letters of request being sent to each address so that the relevant authorities may notify the aforementioned third parties of these measures, granting said authorities full powers to take the necessary steps to comply with the order herein. Thus

ESTEBAN AGUSTIN TAPIA GASPAR 01/20/29 09:21:54
706a6346d78323030313237738

Based on the provisions of Article 1067 Bis of the Commercial Code, Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC, and Tubi Inc., as well as the aforementioned third parties, are hereby warned that failure to comply with the extension of the measures previously decreed will result in a fine equivalent to $10,685.55 (TEN THOUSAND ONE HUNDRED EIGHTY-FIVE PESOS 55/100 M, N.). In addition to the criteria set forth in the order dated March 26, 2025, the following criterion is applicable to the case:

Supreme Court of Justice of the Nation Digital

record: 2020903

JOSE LUIS MORA IBARRA 01/29/20 11:57:59
706a6346d78323030313239301

Instance: Circuit Plenary Sessions

Tenth Epoch

Subject(s): Constitutional, Civil

Thesis: PC.I.C. J/94 C (10th)

Source: Weekly Judicial Gazette of the Federation. Book 71, October 2019, Volume III, page 2979

Type: Case law

**PRECAUTIONARY MEASURES OR PRECAUTIONARY PROVISIONS IN COMMERCIAL LAWSUITS. THEY ARE INHERENT TO THE RIGHT TO JURISDICTION, THEREFORE THE LIMITATION OF THEIR GRANTING MUST BE BASED ON A FUNCTIONAL INTERPRETATION IN ACCORDANCE WITH ARTICLE 1168 OF THE COMMERCIAL CODE AND ARTICLES 1 AND 17 OF THE CONSTITUTION.**

**In commercial proceedings**, **precautionary measures or injunctions may be ordered to maintain a pre-existing situation**, since such instruments are inherent to the right to jurisdiction, as their purpose is to give effect to the judgments of judges, as provided for in Article 17, paragraph seven, of the Political Constitution of the United Mexican States, which provides that: "Federal and local laws shall establish the necessary means to guarantee the independence of the courts and the full execution of their decisions." Thus, the amendment published in the Official Gazette of the Federation on January 10, 2014, to Articles 1168 and 1171 of the Commercial Code, was not intended to prevent the necessary precautionary measures or orders from being issued in commercial proceedings to enforce the

ESTEBAN AGUSTIN TAPIA GASPAR 01/20/29 09:21:54
706a6346d7832303031327373 8

enforcement of judgments, since its purpose was limited to the interpretation of clear and precise rules that allow creditors to obtain effective collection of their unpaid debts, through the filing of persons or the retention of assets. Thus, the amended text of Article 1168, first paragraph, invoked, which establishes: "In commercial proceedings, only the precautionary measures or provisional orders provided for in this Code may be issued, which are as follows: (...)", **should not be interpreted literally, as this would be prohibitive in view of the duty of the ordinary judge to preserve the subject matter of the lawsuit,** which would, of course, violate the fundamental rights recognized by the international instruments signed by the Mexican State and by the Political Constitution of the United Mexican States, in accordance with its Article 1. However, a functional and consistent interpretation of that provision provides guidance in noting that it is a restrictive rule, as it provides for two scenarios applicable to a specific factual situation, which, however, **does not restrict the possibility for the judge, in fulfilling his or her function in relation to the granting and admissibility of the various precautionary measures, to adapt them to the circumstances and needs of each case, as these measures must be flexible, even with the possibility of modification as needed in the proceedings in which they are issued;** in addition, when granting them, they must be duly substantiated and justified, as well as in terms of the guarantees required, in order to prevent abuse by the parties requesting them. **As such, this interpretation is consistent with the fundamental rights to effective judicial protection and access to justice recognized both by the constitutional article in question and by Article 25 of the American Convention on Human Rights (**the emphasis is specific to this determination).

JOSE LUIS MORA IBARRA 01/20/29 11:57:59
706a6346d7832303031323930 1

FULL SESSION ON CIVIL MATTERS OF THE FIRST CIRCUIT.

Contradiction of thesis 10/2019. Among those upheld by the Third and Seventh Collegiate Courts, both in Civil Matters of the First Circuit.
August 13, 2019. Unanimous decision of fifteen votes by Justices Alejandro Sánchez López (president), María del Carmen Aurora Arroyo Moreno, Jaime Aurelio Serret Álvarez, Paula María García Villegas Sánchez Cordero, José Leonel Castillo González, Eliseo Puga Cervantes, Fortunata Florentina Silva Vásquez, Roberto Ramírez Ruiz, María del Refugio González Tamayo, Marco Polo Rosas Baqueiro, Martha Gabriela Sánchez Alonso, Fernando Rangel Ramírez, Gonzalo Arredondo Jiménez, José Rigoberto Dueñas Calderón, and Manuel Ernesto Saloma Vera. Rapporteur: Manuel Ernesto Saloma Vera. Secretary: Rosalía Argumosa López.

ESTEBAN AGUSTIN TAPIA GASPAR 01/20/29 09:21:54
706a6364d78323031 32373738

Contending criteria:

That upheld by the Third Collegiate Court in Civil Matters of the First Circuit, in resolving the amparo trial under review 283/2018, and that upheld by the Seventh Collegiate Court in Civil Matters of the First Circuit, in resolving the amparos under review 226/2016 and 227/2016.

This thesis was published on Friday, October 25, 2019, at 10:35 a.m. in the Federal Judicial Weekly and, therefore, is considered mandatory as of Monday, October 28, 2019, for the purposes set forth in point seven of General Plenary Agreement 19/2013.

JOSE LUIS MORA IBARRA 01/29/20 11:57:59
706a6364d78323031 32393031

Furthermore, in addition to the copies of the transfer that are exhibited, the aforementioned notifications must be accompanied by a certified copy of this order, upon payment of the fees by the promoting party. - Notify. - Issued and signed by the Forty-Second Civil Judge of Written Proceedings of Mexico City, Mr. ESTEBAN AGUSTIN TAPIA GASPAR, before the Secretary of Agreements, Mr. JOSE LUIS MORA IBARRA, who authorizes and certifies.

Electronic seal SIGJ / TSJCDMX -- Forty-second

Second Civil Court | 180/2025-50 | JMORAI | 2025-08-27 14:03:46| ETAPIAG| 2025-08-27 14:01:36| FP: 2025-08-28| NAS: 5112-0114-6235-3807-294| 1756318519346 -- SIGJ / TSJCDMX -- V2

In ***Judicial Bulletin*** No. 144 corresponding to the day 28 August , 2025, the law was published.— Let it be known.
On August 29 August of 2025 , the above notification took effect.— Let it be known.

PJCDMX PODER JUDICIAL CIUDAD DE MÉXICO

**CRYPTOGRAPHIC EVIDENCE - TRANSACTION**

**Signed File: 1756318519346.pdf**
**Certifying Authority of the Judicial Branch of Mexico City Signatory(ies): 2**
**Sheet(s): 5**

| | Signatories | | | Signatures | |
|---|---|---|---|---|---|
| **Name(s):** | ESTEBAN AGUSTIN TAPIA GASPAR | **Validity:** | Current | **No Series:** | 70.6a.63.64.6d.78.32.30.30.31.32.37.37.38 |
| | JOSE LUIS MORA IBARRA | **Validity:** | Valid | **No Series:** | 70.6a.63.64.6d.78.32.30.30.31.32.39.30.31 |

| OCSP | |
|---|---|
| **Date: (UTC / Mexico City)** | 08/27/25 8:01:36 PM - 08/27/25 2:01:36 PM |
| | 08/27/25 8:03:45 PM - 08/27/25 2:03:45 PM |
| **Name of responder(s):** | OCSP Delegated Service of the Mexico City Judicial Branch CA |
| | Delegated OCSP service of the CDMX Judicial Branch CA |
| **Respondent issuer(s):** | Certification Authority of the Mexico City Judicial Branch |
| | Certification Authority of the Mexico City Judicial Branch |
| **Serial number(s):** | 70.6a.63.64.6d.78.32.30.32 |
| | 70.6a.63.64.6d.78.32.30.32 |

| TSP | |
|---|---|
| **Date: (UTC / Mexico City)** | 08/27/25 8:01:36 PM - 08/27/25 2:01:36 PM |
| | 08/27/25 8:03:46 p.m. - 08/27/25 2:03:46 p.m. |
| **Name of TSP response issuer:** | Time Stamp Issuing Entity of the Mexico City Judicial Branch |
| | Time Stamp Issuing Entity of the Judicial Branch of Mexico City |
| **Issuer of the TSP certificate:** | Certification Authority of the Mexico City Judicial Branch |
| | Certification Authority of the Mexico City Judicial Branch |

| Digital Stamps |
|---|
| a2 4d b2 b4 36 c1 54 72 85 aa 91 53 33 d3 50 3f 57 e1 4a 14 8b 59 b7 33 5c 37 35 49 07 62 da da 04 d2 91 09 7b 3e 4f a8 93 1e 31 |
| 59 79 8a 09 54 7b 91 fa 04 6a b8 cc ad 87 89 bc 08 f5 e6 a2 15 2a d8 ef d3 ae c7 c3 3b 57 6a c8 75 18 19 b3 48 f6 2a d7 fb fd 1b |

SIGJ / TSJCDMX electronic seal -- Forty-Second Civil Court| 180/2025-50| JMORAI| 2025-08-27 14:03:46| ETAPIAG| 2025-08-27 14:01:36| FP: 2025-08-28| NAS: 5112-0114-6235-3807-294| 1756318519346 -- SIGJ / TSJCDMX -- V2

# EXHIBIT B1

**TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO**
***"2025, Año de la Mujer Indígena"***
***Cuadragésimo Segundo De Lo Civil***

ESTEBAN AGUSTIN TAPIA GASPAR 20/01/29 09:21:54
706a63646d78323030313237373738

180/2025

1

En la ciudad de México, a veintisiete de agosto de dos mil veinticinco.

Agréguese a sus autos el escrito de cuenta, guárdese en el seguro del juzgado los documentos que se acompañan; se tiene por presentado a ROGELIO ARTURO ISLAS PEREZ en su carácter de apoderado de las coactoras, personalidad que tiene debidamente acreditada en autos, solicitando la ampliación de las medidas cautelares decretadas en auto de veintiséis de marzo del año en curso. Ahora bien, tomando en cuenta que, en el auto antes mencionado, se decretaron las citadas medidas precautorias para el efecto de que ". . . 1. Se ordena mantener la situación Jurídica y de hecho que actualmente prevalece, consistente en el uso de manera continua e ininterrumpida por parte de Media Deportes México, S. de R. L. de C. V. y/o de México Sports Distribution, LLC, en territorio nacional (i.e. en la República Mexicana), de las marcas . . . 2. Se ordena a Fox Corporation y a Fox Media LLC, que se abstengan de realizar actos intimidatorios ilícitos y/o contrarios a las buenas costumbres que impidan o dificulten (o puedan impedir o dificultar) a Media Deportes México S. de R.L. de C.V. y/o a México Sports Distribución, LLC, el uso continuo e ininterrumpido de las precitadas marcas en territorio nacional (i.e. en la República Mexicana); incluyendo, sin limitación, el uso indebido por parte de Fox Corporation, Tubi, Inc. y Fox Media LLC, en México, de las marcas descritas con antelación, o cualquiera que sea similar en grado de confusión con las mismas (incluyendo, sin limitar, "Fox Deportes", que es una traducción de las marcas referidas) . . ."; de igual forma, se tiene en cuenta que dichas medidas se decretaron en virtud de que las coactoras alegaron ser titulares del derecho al uso exclusivo del nombre Fox, para la trasmisión de eventos deportivos en México, el cual les fue concedido en cumplimiento de una resolución del Instituto Federal de Telecomunicaciones, mismo que tendría vigencia por lo menos hasta el día diez de noviembre del dos mil veintiséis; del mismo modo se tiene presente que las medidas cautelares antes decretadas fueron garantizadas mediante POLIZA DE FIANZA 2592706-0000 expedida por LIBERTY FIANZAS S.A. DE C.V., hasta por la cantidad de $1000,000.00 (UN MILLON DE PESOS 00/100 M.N.). En otro orden de ideas, del instrumento notarial 162 708 que acompaña, en los cuales se hacen constar la fe de hechos realizada por el notario 217 de la Ciudad de México, y al cual se le otorga pleno valor probatorio de conformidad con lo dispuesto por el artículo 1292 del Código de Comercio,

JOSE LUIS MORA IBARRA 20/01/29 11:57:59
706a63646d78323030313239303031

Sello electrónico SIGJ / TSJCDMX -- Cuadragésimo Segundo de lo Civil | 180/2025-50 | JMORAI | 2025-08-27 14:03:46 | ETAPIAG | 2025-08-27 14:01:36 | FP: 2025-08-28 | NAS: 5112-0114-6235-3807-294 | 1756318519346 -- SIGJ / TSJCDMX -- V2

ESTEBAN ACUSTIN TAPIA GASPAR 20/01/29 09:21:54
706a6364d78323030313237378

JOSE LUIS MORA IBARRA 20/01/29 11:57:59
706a6364d783230303132393031

se desprende que dicho fedatario hizo constar que: "ingresé en mi computadora desde escritorio al navegador de internet a la dirección "tubitv.com/es-mx y di clic en "TV En Vivo" y se desplego una pantalla que indicaba "Premier League | Chelsea vs Liverpool | 05/04/2025 y procedí a tomar diversas capturas de pantalla. . ." y teniéndose a la vista las capturas de pantalla realizadas por el fedatario en comento, se desprende en la imagen del partido de futbol Chelsea Vs Liverpool un recuadro en la parte superior izquierda que indica FOX en Tubi y en dos capturas se puede advertir la siguiente leyenda "Fox en Tubi lleva la emoción del futbol mexicano a los fanáticos, con partidos exclusivos en vivo y gratis de la Copa De Campeones, Liga Mx y la Premier League", resultando por ende que personas diversas a las coactoras se encuentran utilizando la marca FOX para la trasmisión de eventos deportivos, que en términos de los documentos exhibidos con el escrito inicial de estas Medidas Cautelares son de uso exclusivo de las coactoras, cuando menos hasta el diez de noviembre del dos mil veintiséis; en consecuencia, como se solicita, **se amplían las medidas cautelares otorgadas en auto de fecha veintiséis de marzo de esta anualidad** y se emite: La orden judicial, de naturaleza provisional, por virtud de la cual se ordena a Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC y Tubi Inc., se abstengan de utilizar el nombre de "Fox" para la trasmisión en México de Cualquier contenido deportivo (incluyendo, de manera enunciativa y no limitativa, la transmisión en México de cualquier evento deportivo). Esta medida comprende la prohibición de uso del nombre "FOX", por sí mismo o acompañado de otras palabras o signos distintivos, siempre que el mismo sea utilizado en la transmisión de contenidos deportivos (incluyendo eventos deportivos) en territorio nacional; ampliación que deberá ser notificada a las morales antes mencionadas, en los domicilios señaladas en el escrito inicial, así como a los terceros MEDIA SPORTS LATINOAMERICA S. DE R.L. DE C.V.;TELEFONIA POR CABLE S.A. DE C.V.; CABLEMAS TELECOMUNICACIONES S.A. DE C.V.;TOTAL PLAY TELECOMUNICACIONES S.A.P.I.; SERVICIOS COMERCIALES AMAZON MEXICO S. DE R.L. DE C.V.; CORPORACION NOVAIMAGEN S. DE R.L. DE C.V. ; CLARO VIDEO LLC; GRUPO W COM S.A. DE C.V.; **afiliados** APPLE STORE LLC; GOOGLE STORE LLC; STRIPE LLC.; ROKU LLC.; **app** RADIO MOVIL DIPSA S.A. DE C.V.; LIBROS FORANEOS S.A. DE C.V.; SOCCER MEDIA SOLUTIONS S.A. DE C.V.; PROXIMO NATAL S.A.P.I. DE C.V.; WIS MASTER MEXICO S.A. DE C.V., en los domicilios que para tal efecto se señalan, debiendo para ello girarse los oficios, exhortos y cartas rogatorias que correspondan a cada domicilio, para que las autoridades correspondientes notifiquen estas medidas a los terceros antes mencionados, concediéndose a dichas autoridades plenas facultades para acordar promociones tendientes a dar cumplimiento a lo aquí ordenado. Así

ESTEBAN AGUSTIN TAPIA GASPAR 20/01/29 09:21:54
706a6364d783230303132373738
JOSE LUIS MORA IBARRA 20/01/29 11:57:59
706a6364d78323030313229303

mismo y con fundamento en lo dispuesto por el artículo 1067 Bis del Código de Comercio, se apercibe a Fox Corporation, Fox Cable Network Services LLC, Fox Media LLC y Tubi Inc., como a los terceros antes citados que, de no acatar la ampliación de las medidas, antes decretadas se le impondrá al infractor una multa por el equivalente a $10,685.55 (DIEZ MIL CIENTO OCHENTA Y CINCO PESOS 55/100 M, N.). Siendo aplicable al caso, además de los criterios que se plasmaron en el auto de fecha veintiséis de marzo de dos mil veinticinco, el siguiente criterio:

Suprema Corte de Justicia de la Nación

Registro digital: 2020903

Instancia: Plenos de Circuito

Décima Época

Materias(s): Constitucional, Civil

Tesis: PC.I.C. J/94 C (10a.)

Fuente: Gaceta del Semanario Judicial de la Federación. Libro 71, Octubre de 2019, Tomo III, página 2979

Tipo: Jurisprudencia

**MEDIDAS CAUTELARES O PROVIDENCIAS PRECAUTORIAS EN LOS JUICIOS MERCANTILES. SON INHERENTES AL DERECHO A LA JURISDICCIÓN, POR LO QUE LA LIMITACIÓN DE SU OTORGAMIENTO DEBE ATENDER A UNA INTERPRETACIÓN FUNCIONAL Y CONFORME DEL ARTÍCULO 1168 DEL CÓDIGO DE COMERCIO CON LOS ARTÍCULOS 1o. Y 17 CONSTITUCIONALES**.

**En los juicios mercantiles se pueden decretar medidas cautelares o providencias precautorias para mantener una situación preexistente**, en virtud de que este tipo de instrumentos son inherentes al derecho a la jurisdicción, al tener la finalidad de hacer eficaces las sentencias de los Jueces tal como está previsto en el artículo 17, párrafo séptimo, de la Constitución Política de los Estados Unidos Mexicanos, el cual dispone que: "Las leyes federales y locales establecerán los medios necesarios para que se garantice la independencia de los tribunales y la plena ejecución de sus resoluciones.". Así la reforma publicada en el Diario Oficial de la Federación el 10 de enero de 2014 a los artículos 1168 y 1171 del Código de Comercio, no tuvo la intención de impedir que en los juicios mercantiles se decreten las medidas o providencias cautelares necesarias para hacer efectivo el

ESTEBAN ACUSTIN TAPIA GASPAR 20/01/29 09:21:54
706a6364d7832303031323737 38

cumplimiento de las sentencias, ya que su propósito se concretó a la interpretación de reglas claras y precisas que permitan a los acreedores obtener el cobro efectivo de sus créditos insolutos, mediante la radicación de personas o la retención de bienes. De esta manera, el texto reformado del artículo 1168, primer párrafo, invocado, que establece: "En los juicios mercantiles únicamente podrán dictarse las medidas cautelares o providencias precautorias previstas en este Código y que son las siguientes: (...)", **no debe interpretarse con un criterio de simple literalidad, pues resultaría ser prohibitivo frente al deber del Juez ordinario de conservar subsistente la materia del juicio**, lo que, desde luego, vulneraría los derechos fundamentales reconocidos por los instrumentos internacionales firmados por el Estado Mexicano y por la Constitución Política de los Estados Unidos Mexicanos, de acuerdo con su artículo 1o.; no obstante, una interpretación funcional y conforme de aquel numeral da la pauta para advertir que se trata de una norma taxativa al prever dos supuestos aplicables a determinada situación de hecho, lo cual, sin embargo, **no restringe la posibilidad del juzgador de que en cumplimiento de su función en relación con el otorgamiento y procedencia de las diferentes medidas cautelares, deben adaptarse a las circunstancias y necesidades de cada caso, pues estas medidas deben ser flexibles incluso con posibilidad de modificación según se necesite en el procedimiento en que se emitan**; además, al otorgarlas, debe fundarlas y motivarlas debidamente, así como en cuanto a las garantías que se exijan, a fin de evitar abusos de las partes que las soliciten. **En tal virtud, tal interpretación es acorde con los derechos fundamentales a la tutela judicial efectiva y de acceso a la impartición de justicia reconocidos tanto por el artículo constitucional en comento, como por el precepto 25 de la Convención Americana sobre Derechos Humanos** ( lo resaltado es propio de esta determinación.

JOSE LUIS MORA IBARRA 20/01/29 11:57:59
706a6364d7832303031323930 31

PLENO EN MATERIA CIVIL DEL PRIMER CIRCUITO.

Contradicción de tesis 10/2019. Entre las sustentadas por los Tribunales Colegiados Tercero y Séptimo, ambos en Materia Civil del Primer Circuito. 13 de agosto de 2019. Unanimidad de quince votos de los Magistrados Alejandro Sánchez López (presidente), María del Carmen Aurora Arroyo Moreno, Jaime Aurelio Serret Álvarez, Paula María García Villegas Sánchez Cordero, José Leonel Castillo González, Eliseo Puga Cervantes, Fortunata Florentina Silva Vásquez, Roberto Ramírez Ruiz, María del Refugio González Tamayo, Marco Polo Rosas Baqueiro, Martha Gabriela Sánchez Alonso, Fernando Rangel Ramírez, Gonzalo Arredondo Jiménez, José Rigoberto Dueñas Calderón y Manuel Ernesto Saloma Vera. Ponente: Manuel Ernesto Saloma Vera. Secretaria: Rosalía Argumosa López.

Sello electrónico SIGJ / TSJCDMX -- Cuadragésimo Segundo de lo Civil | 180/2025-50 | JMORAI | 2025-08-27 14:03:46 | ETAPIAG | 2025-08-27 14:01:36 | FP: 2025-08-28 | NAS: 5112-0114-6235-3807-294 | 1756318519346 -- SIGJ / TSJCDMX -- V2

ESTEBAN AGUSTIN TAPIA GASPAR 20/01/29 09:21:54
706a6364d78323030313237738

Criterios contendientes:

El sustentado por el Tercer Tribunal Colegiado en Materia Civil del Primer Circuito, al resolver el juicio de amparo en revisión 283/2018, y el diverso sustentado por el Séptimo Tribunal Colegiado en Materia Civil del Primer Circuito, al resolver los amparos en revisión 226/2016 y 227/2016.

Esta tesis se publicó el viernes 25 de octubre de 2019 a las 10:35 horas en el Semanario Judicial de la Federación y, por ende, se considera de aplicación obligatoria a partir del lunes 28 de octubre de 2019, para los efectos previstos en el punto séptimo del Acuerdo General Plenario 19/2013."

JOSE LUIS MORA IBARRA 20/01/29 11:57:59
706a6364d78323030313239031

Por otro lado, a las notificaciones antes mencionadas, debe acompañarse, además de las copias de traslado que se exhiben, copia certificada de este proveído, previo pago de derechos que realice la parte promovente. - Notifíquese. - Lo proveyó y firma el C. Juez Cuadragésimo Segundo de lo Civil de Proceso Escrito de la Ciudad de México, Licenciado ESTEBAN AGUSTIN TAPIA GASPAR, ante el C. Secretario de Acuerdos Licenciado JOSE LUIS MORA IBARRA, que autoriza y da fe.

Sello electrónico SIGJ / TSJCDMX -- Cuadragésimo Segundo de lo Civil | 180/2025-50 | JMORAI | 2025-08-27 14:03:46 | ETAPIAG | 2025-08-27 14:01:36 | FP: 2025-08-28 | NAS: 5112-0114-6235-3807-294 | 1756318519346 -- SIGJ / TSJCDMX -- V2

En el ***Boletín Judicial*** No. 144 correspondiente al día 28 de Agosto de 2025 se hizo la publicación de Ley.— Conste.
El 29 de Agosto del 2025 , surtió efectos la notificación anterior.— Conste.

PJCDMX PODER JUDICIAL CIUDAD DE MÉXICO

**EVIDENCIA CRIPTOGRAFICA - TRANSACCION**

**Archivo Firmado: 1756318519346.pdf**
**Autoridad Certificadora del Poder Judicial de la Ciudad de México**
**Firmante(s): 2**
**Hoja(s): 5** **Folio: 7BC46C0A-6E9A-4561-867B-8BA0F69120BD**

| Firmantes | | Firmas | | | |
|---|---|---|---|---|---|
| **Nombre(s):** | ESTEBAN AGUSTIN TAPIA GASPAR | **Validez:** | Vigente | **No Serie:** | 70.6a.63.64.6d.78.32.30.30.31.32.37.37.38 |
| | JOSE LUIS MORA IBARRA | **Validez:** | Vigente | **No Serie:** | 70.6a.63.64.6d.78.32.30.30.31.32.39.30.31 |

| OCSP | |
|---|---|
| **Fecha: (UTC / CDMX)** | 27/08/25 20:01:36 - 27/08/25 14:01:36 |
| | 27/08/25 20:03:45 - 27/08/25 14:03:45 |
| **Nombre del respondedor(es):** | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX |
| | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX |
| **Emisor(es) del respondedor(es):** | Autoridad Certificadora del Poder Judicial de la Ciudad de México |
| | Autoridad Certificadora del Poder Judicial de la Ciudad de México |
| **Numero(s) de serie:** | 70.6a.63.64.6d.78.32.30.32 |
| | 70.6a.63.64.6d.78.32.30.32 |

| TSP | |
|---|---|
| **Fecha: (UTC / CDMX)** | 27/08/25 20:01:36 - 27/08/25 14:01:36 |
| | 27/08/25 20:03:46 - 27/08/25 14:03:46 |
| **Nombre del emisor de la respuesta TSP:** | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México |
| | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México |
| **Emisor del certificado TSP:** | Autoridad Certificadora del Poder Judicial de la Ciudad de México |
| | Autoridad Certificadora del Poder Judicial de la Ciudad de México |

| Sellos Digitales |
|---|
| a2 4d b2 b4 36 c1 54 72 85 aa 91 53 33 d3 50 3f 57 e1 4a 14 8b 59 b7 33 5c 37 35 49 07 62 da da 04 d2 91 09 7b 3e 4f a8 93 1e 31 |
| 59 79 8a 09 54 7b 91 fa 04 6a b8 cc ad 87 89 bc 08 f5 e6 a2 15 2a d8 ef d3 ae c7 c3 3b 57 6a c8 75 18 19 b3 48 f6 2a d7 fb fd 1b |

# EXHIBIT C

**Christopher T. Berg**

| | |
|---|---|
| **From:** | Christopher T. Berg |
| **Sent:** | Thursday, August 14, 2025 3:10 PM |
| **To:** | Jaime Dorenbaum; Kassra Nassiri |
| **Cc:** | Eric M. George; Katherine A. Petti; David J. Carroll |
| **Subject:** | Fox Corporation, et al. v. Media Deportes Mexico, Case No. 1:25-cv-06703 (S.D.N.Y.) - Injunction |
| **Attachments:** | 2025-08-14-Filed TRO & OSC for Preliminary Injunction under FRCP 65(B).pdf |

Counsel,

As attorneys for Mexico Sports Distribution, you and Mexico Sports Distribution are hereby on notice of the attached temporary restraining order issued by the U.S. District Court for the Southern District of New York enjoining Media Deportes Mexico, and those acting in concert with it, as described in the order.

**Christopher T. Berg** | Partner
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@ellisgeorge.com
www.ellisgeorge.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. DE C.V.,<br><br>Defendant. | No. 1:25-cv-06703<br><br>~~[PROPOSED]~~ TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 65(B) |

Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC have applied *ex parte* under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and order to show cause against Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM").

Having reviewed the papers, declarations, exhibits, and memorandum of law, the Court hereby makes the following findings of fact and conclusions of law:

1. Plaintiffs have demonstrated that they are entitled to the injunctive relief sought by establishing that they are likely to succeed on the merits of their claims, that they are likely to suffer irreparable harm absent the injunctive relief, that the equities weigh in favor of the injunctive relief, and that the public interest weighs in favor of the injunctive relief.

2. With respect to the likelihood of success on the merits, the evidence shows the following:

a. Fox Corporation granted Twenty First Century Fox ("21CF") a non-exclusive license to use certain Fox Sports trademarks.

3034282

b. 21CF assigned its non-exclusive license to the following Fox Sports trademarks to MDM for use in Mexico (the "Fox Sports Trademarks"):

| | Mark Name | Mark Image | International Classes | Country | Status | App No. | Registration Number |
|---|---|---|---|---|---|---|---|
| 1 | AGENDA FOX SPORTS | | 41 | Mexico | Registered | 1717649 | 1632939 |
| 2 | CIRCUITO FOX SPORTS | | 41 | Mexico | Registered | 1436830 | 1449424 |
| 3 | COPA FOX SPORTS KIDS | | 9 | Mexico | Registered | 1350927 | 1369012 |
| 4 | COPA FOX SPORTS KIDS | | 38 | Mexico | Registered | 1350928 | 1369013 |
| 5 | COPA FOX SPORTS KIDS | | 41 | Mexico | Registered | 1350930 | 1369014 |
| 6 | FOX FIGHT CLUB | | 41 | Mexico | Registered | 1455645 | 1478480 |
| 7 | FOX GOL MEXICO | | 41 | Mexico | Registered | 694259 | 867973 |
| 8 | FOX SPORTS | | 16 | Mexico | Registered | 753483 | 915316 |
| 9 | FOX SPORTS | | 41 | Mexico | Registered | 265869 | 636281 |
| 10 | FOX SPORTS | | 38 | Mexico | Registered | 265870 | 636282 |
| 11 | FOX SPORTS | | 9 | Mexico | Registered | 1535691 | 1525583 |
| 12 | FOX SPORTS (Oval Two) | | 38 | Mexico | Registered | 1306552 | 1339943 |
| 13 | FOX SPORTS (Oval Two) | | 41 | Mexico | Registered | 1306549 | 1339940 |
| 14 | FOX SPORTS (Oval Two) | | 25 | Mexico | Registered | 1630071 | 1600775 |
| 15 | FOX SPORTS + (Banner) | | 41 | Mexico | Registered | 1035021 | 1132836 |
| 16 | FOX SPORTS + (Banner) | | 38 | Mexico | Registered | 1035022 | 1139645 |
| 17 | FOX SPORTS 2 | | 38 | Mexico | Registered | 1299816 | 1338302 |
| 18 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1299817 | 1336214 |
| 19 | FOX SPORTS 2 | | 38 | Mexico | Registered | 1306550 | 1339941 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20 | FOXSPORTS2 | | 41 | Mexico | Registered | 1306551 | 1339942 |
| 21 | FOXSPORTS3 | | 38 | Mexico | Registered | 1299818 | 1336215 |
| 22 | FOXSPORTS3 | | 41 | Mexico | Registered | 1299820 | 1336216 |
| 23 | FOXSPORTS3 | | 38 | Mexico | Registered | 1306556 | 1339945 |
| 24 | FOXSPORTS3 | | 41 | Mexico | Registered | 1306555 | 1339944 |
| 25 | FOXSPORTS CANTERA | | 41 | Mexico | Registered | 1406690 | 1417195 |
| 26 | FOXSPORTS PLAY | | 9 | Mexico | Registered | 1285315 | 1324838 |
| 27 | FOXSPORTS PLAY | | 38 | Mexico | Registered | 1285316 | 1327158 |
| 28 | FOXSPORTS PLAY | | 41 | Mexico | Registered | 1285318 | 1322027 |
| 29 | FOXSPORTS PLAY | | 42 | Mexico | Registered | 1285320 | 1327374 |
| 30 | FOXSPORTS RADIO | | 38 | Mexico | Registered | 1233187 | 1283912 |
| 31 | FOXSPORTS RADIO | | 41 | Mexico | Registered | 1233191 | 1284787 |
| 32 | LATITUD FOX (Grayscale) | | 41 | Mexico | Registered | 1860943 | 1770079 |
| 33 | FOX PLAY | | 9 | Mexico | Registered | 1282827 | 1319645 |
| 34 | FOX PLAY | | 38 | Mexico | Registered | 1282829 | 1319646 |
| 35 | FOX PLAY | | 41 | Mexico | Registered | 1282831 | 1320075 |
| 36 | FOX PLAY | | 42 | Mexico | Registered | 1282832 | 1320537 |

In doing so, MDM assumed the obligations that 21CF owed to Fox, including (1) subjecting itself to personal jurisdiction in New York and agreeing to litigate any disputes arising out of the Fox Sports Trádemarks in a New York court, as well as (2) agreeing not to take any actions that would harm the reputation and good will of the Fox Sports Trademarks.

c. MDM thereafter operated a sports broadcasting business using the Fox Sports Trademarks in Mexico under the brand name Fox Sports Mexico. Over the last 18 months, MDM experienced broadcast disruptions and lost licensing rights to several major

sporting events for failure to pay licensing fees. These rights losses were reported in the news media.

d. Because of these rights losses, Fox Corporation terminated MDM's license to use the Fox Sports Trademarks, because MDM's failure to pay its licensing fees, and the loss of rights that resulted, harmed the reputation and good will of the Fox Sports Trademarks, in breach of MDM's agreement.

e. Following that termination, MDM initiated litigation in Mexico and obtained an injunction prohibiting Fox Corporation, Fox Media LLC, and Fox Cable Network Services LLC from injuring MDM's rights to use the Fox Sports Trademarks. In seeking the injunction, MDM asserted that it held an exclusive license to use the Fox Sports Trademarks in Mexico. The injunction included a prohibition against using the "Fox Deportes" mark, which was not included in MDM's agreement granting it a non-exclusive license to use the Fox Sports marks. MDM's injunction asked that 17 of Fox's business partners receive notice of the injunction. At least two of those companies received notice of the injunction and asked Fox about its legal basis for doing business in Mexico.

f. In seeking the Mexico injunction, MDM asserted that the IFT, a Mexican telecommunications regulator, ordered that MDM must receive an exclusive license to use the Fox Sports Trademarks. That contention is inconsistent with the license-granting language in MDM's agreement and is inconsistent with statements made by the IFT.

g. MDM published a notice in a Mexican newspaper announcing its license to use the Fox Sports Trademarks. That notice state that both the original registrant of those marks and MDM had the exclusive right to use the Fox Sports Trademarks. Fox Corporation or one of its affiliates is the original registrant of the Fox Sports Trademarks.

h. MDM obtained the Mexico injunction in March 2025. To date, no party subject to the injunction has been served with a complaint asserting the claims that underlie MDM's injunction.

i. In April 2025, MDM requested an order from the Mexican Trademark Office, IMPI, to conduct a raid of MediaPro, a studio production company that provides live Spanish-language programming for Fox Sports en Español for broadcast in the United States. MediaPro is Fox Sports en Español's primary facility for producing Spanish-language content for Fox's U.S. audience. In its order, IMPI cited MDM's injunction as the basis for granting MDM's request.

j. In June 2025, IMPI officials attempted to search MediaPro's facilities in Mexico for material in violation of MDM's injunction. MediaPro refused IMPI entry to its facilities. As a result of this raid, MediaPro required Fox to indemnify it for any harm arising from producing content for Fox in Mexico.

k. On August 11, 2025, IMPI shutdown MediaPro's facilities in Mexico. As a result of that shutdown, Fox's ability to broadcast Spanish-language content to the United States was disrupted. Fox incurred costs to find alternative avenues to produce and broadcast live Spanish-language content for consumption in the U.S.

l. On August 12, 2025, MDM called personnel at Fox to ascertain where else in Mexico Fox maintains production facilities. During that call, MDM indicated that it was seeking to disrupt additional facilities used by Fox.

m. Fox Media LLC owns the following U.S.-registered trademarks relating to Fox Sports (the "U.S. Fox Sports marks"):

- A standard character mark to "Fox Sports" under serial number 74486901 and classified as Class 038 for use in television and cable television broadcasting services.
- A standard character mark to "Fox Sports" under serial number 74802818 and classified as Class 041 for use in entertainment services in the nature of production and distribution of television programs.
- A standard character mark to "Fox Sports" under serial number 75524006 and classified as Class 041 for use in providing on-line information in the field of sports via a global communications network.
- A mark to a particular illustration with "Fox Sports" surrounded by a stylized oval under serial number 78488856 and classified as Class 038 for use in television transmission services:

- A mark to the same illustration with "Fox Sports" depicted *supra* but under serial number 78488865 classified as Class 41 for use in entertainment services in the nature of television programming; providing on-line information in the field of sports via the Internet.

n. MDM uses marks identical to the U.S. Fox Sports marks on websites and social media that are accessible in the United States. The marks used by MDM are likely to cause consumer confusion because they are identical to the U.S. Fox Sports marks.

o. MDM does not have a license to use the U.S. Fox Sports marks in the U.S.

p. The evidence shows that MDM breached the forum selection clause of its license agreement by seeking the Mexico injunction.

q. The evidence shows that Fox Corporation is likely to succeed in showing MDM breached its license agreement by failing to pay licensing fees for sports content associate with the Fox Sports Trademarks.

r. The evidence shows that Fox Corporation is likely to succeed in showing that (1) MDM sought its Mexico injunction in bad faith by basing its request on the false claim that it holds an exclusive license to use the Fox Sports Trademarks, and (2) MDM used its Mexico injunction to interfere with Fox's business relations, including Fox's relationship with MediaPro.

s. The evidence shows that Fox is likely to succeed in showing that MDM infringed the U.S.-registered Fox Sports marks.

3. With respect to the irreparable harm factor, the evidence shows that Defendant's actions are likely to cause irreparable harm to Plaintiffs. The evidence shows that Defendant's pursuit and use of the Mexico injunction will frustrate the forum selection clause in MDM's license agreement and force Fox Corporation to litigate in a forum not contemplated by the agreement, which constitutes irreparable harm. The evidence shows that MDM's continued use of the Fox Sports Trademarks and pursuit of bad-faith litigation will likely damage Fox Corporation's reputation, which constitutes irreparable harm. The evidence shows that MDM's use of the Mexico injunction will likely prevent Fox from providing its products to its consumers, which constitutes irreparable harm. The evidence shows that MDM's unauthorized use of marks identical to the U.S.-registered Fox Sports marks will likely cause consumer

confusion in the United States, which constitute irreparable harm. A temporary restraining order is necessary to prevent damage to Plaintiffs' reputation, to vindicate the forum selection clause in MDM's license, to enable Plaintiffs to continue providing its broadcasting product to consumers, and to prevent infringement of the U.S.-registered Fox Sports marks.

4. With respect to the balance of equities and public interest factors, the evidence shows that, without an injunction, Fox will be denied its contractual right to the forum-selection clause, continue to suffer irreparable harm by MDM's wrongful use of its marks, and be subject to harassment and disruption arising from litigation that MDM had no right to pursue. MDM has no countervailing interest. The public interest weighs in favor of issuing an injunction because the public interest is served in enforcing contracts, including forum selection clauses, as well as the trademark laws.

5. The evidence shows that an anti-suit injunction prohibiting MDM from seeking to enforce the Mexico injunction, or otherwise use the judicial and regulatory process in Mexico to pursue rights under MDM's license agreement, is appropriate. The parties to the proceeding from which the Mexico injunction issued are substantially similar to the parties in this action, and an injunction would be dispositive of the proceeding in the foreign forum. The evidence also shows that the *China Trade* factors weigh in favor of granting an anti-suit injunction.

6. The evidence shows that a temporary restraining order should issue without notice to Defendant. If provided notice, Defendant is likely to use the Mexico injunction to disrupt Fox's business before this Court could act. In that event, the evidence shows that Defendant is likely to take actions that render this Court unable to grant effective relief. For that reason, a temporary restraining order without notice to Defendant is appropriate.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defendant show cause before a motion term of this Court, at Room 12-B, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on August 28, 2025, at 11:30 a.m. thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be entered granting Plaintiffs a preliminary injunction and restraining Defendant, its agents, employees, attorneys, and any persons in active concert or participation with it, from doing the following:

(1) using the Fox Sports Trademarks in Mexico;

(2) using the U.S. Fox Sports marks in the United States;

(3) pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce the injunction issued on March 26, 2025 by Civil Department 42 of the Superior Court of Justice of Mexico City; and

(4) taking any action to disrupt, hinder, or undermine Fox's business relationships with Audiovisuales Media Pro Mexico, S.A. de C.V. (MEXICO) ("MediaPro"), Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., or Wis Master Mexico S.A. de C.V.

The answering papers, if any, shall be filed and served on or before August 21, [illegible] 2025. Any reply shall be filed and served on or before August 26 2025.

It is further **ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, Defendant and anyone acting in concert with Defendant are restrained from

(1) using the Fox Sports Trademarks in Mexico;

(2) using the U.S. Fox Sports marks in the United States;

(3) pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce the injunction issued on March 26, 2025 by Civil Department 42 of the Superior Court of Justice of Mexico City; and

(4) taking any action to disrupt, hinder, or undermine Fox's business relationships with Audiovisuales Media Pro Mexico, S.A. de C.V. (MEXICO) ("MediaPro"), Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., or Wis Master Mexico S.A. de C.V.

It is further **ORDERED** that Plaintiffs are excused from posting a surety bond for good cause shown.

It is further **ORDERED** that providing a copy via electronic mail of this order, all papers submitted in support of Plaintiffs' Motion, and the complaint initiating this action upon the defendant or its counsel on or before five o'clock in the afternoon, on August 15, 2025 shall be deemed good and sufficient service thereof.

**IT IS SO ORDERED.**

By the Court:

8/14/25 at 3:15 pm
Dated

Jed S. Rakoff [Part I]
United States District Judge

**Christopher T. Berg**

| | |
|---|---|
| **From:** | Jaime Dorenbaum <Jaime@njfirm.com> |
| **Sent:** | Friday, August 15, 2025 7:32 PM |
| **To:** | Christopher T. Berg; Kassra Nassiri |
| **Cc:** | Eric M. George; Katherine A. Petti; David J. Carroll |
| **Subject:** | RE: Fox Corporation, et al. v. Media Deportes Mexico, Case No. 1:25-cv-06703 (S.D.N.Y.) - Injunction |

Chris,

We are reviewing this filing. Please let us know if you have reason to believe MSD is subject to the injunction. If so, please provide the basis for that belief.

Thank you,

Jaime

---

**From:** Christopher T. Berg <cberg@ellisgeorge.com>
**Sent:** Thursday, August 14, 2025 3:10 PM
**To:** Jaime Dorenbaum <Jaime@njfirm.com>; Kassra Nassiri <kass@njfirm.com>
**Cc:** Eric M. George <egeorge@ellisgeorge.com>; Katherine A. Petti <kpetti@ellisgeorge.com>; David J. Carroll <dcarroll@ellisgeorge.com>
**Subject:** Fox Corporation, et al. v. Media Deportes Mexico, Case No. 1:25-cv-06703 (S.D.N.Y.) - Injunction

Counsel,

As attorneys for Mexico Sports Distribution, you and Mexico Sports Distribution are hereby on notice of the attached temporary restraining order issued by the U.S. District Court for the Southern District of New York enjoining Media Deportes Mexico, and those acting in concert with it, as described in the order.

**Christopher T. Berg** | Partner
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@ellisgeorge.com
www.ellisgeorge.com

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

# EXHIBIT D

Artículos
Personas
Learning
Empleos
Juegos
Descargar la aplicaci




# Manuel Arroyo

CEO Grupo Lauman | Presidente El Financiero y Fox Sports México

Ciudad de México, México · Información de contacto

3 seguidores

Ver tus contactos en común

Unirse para ver el perfil

Enviar mensaje

FOX Sports México

## Experiencia

### Presidente

FOX Sports México

2021 - actualidad · 4 años

Ciudad de México, México

Adquirido por Grupo Lauman tras la aprobación del IFT, consolidando así su presencia como canal deportivo multiplataforma con contenido propio y alianzas estratégicas.

### Director General y Presidente del Consejo Editorial

El Financiero

2012 - actualidad · 13 años

Ciudad de México, México

Medio mexicano líder en economía, negocios y política. Como parte de Grupo Lauman, se ha fortalecido su presencia e impacto gracias a alianzas estratégicas con actores de alta relevancia en el sector a nivel global como Bloomberg, Financial Times y The New York Times.

### Propietario

Grupo Multimedia Lauman

1994 - actualidad · 31 años

Grupo Multimedia Lauman es un grupo global de telecomunicaciones, radiodifusión y medios de comunicación, reconocido por su liderazgo y capacidad para integrar soluciones innovadoras y llave en mano, así como para la producción y distribución de contenido en América Latina.

### Fundador y CEO

Comtelsat

1993 - actualidad · 32 años

Ciudad de México, México

Empresa 100% mexicana especializada en infraestructura y soluciones tecnológicas para telecomunicaciones, radiodifusión, producción, conectividad y broadcast, posicionándose como una de las integradoras tecnológicas más importantes en América Latina con clientes como el Canal del Congreso, el INE, MVS, Fox Sports, Milenio TV, ESPN, TV Azteca, entre otros.

## Reconocimientos y premios

### Premio a Trayectoria Emprendedora

-

2018

Entregado por el entonces presidente Enrique Peña Nieto durante la inauguración de la Semana del Emprendedor.

### Presea Concamin

Confederación de Cámaras Industriales

2014

Otorgado en el marco de la Reunión Anual de Industriales de la Confederación de Cámaras Industriales.

**Empresario del año**

CONCANACO

2013

Reconocimiento otorgado por el entonces presidente Enrique Peña Nieto en el marco del 96 Aniversario de la Confederación de Cámaras Nacionales de Comercio, Servicios y Turismo (CONCANACO).

---

## Ver el perfil completo de Manuel

- Descubrir a quién conocéis en común
- Conseguir una presentación
- Contactar con Manuel directamente

Unirse para ver el perfil completo

# Otras personas con el nombre de **Manuel Arroyo** en **México**

**Manuel Arroyo**

Área metropolitana de Ciudad de México

**Manuel Arroyo**

Operations Manager for Mexico at Predictable Revenue™ Inc.

México

**Manuel Arroyo**

Propietario de empresa pequeña en AI Hive Studio

México

**Manuel Arroyo**

Vibration Analyst II

Saltillo, COA

**Manuel Arroyo**

Director en Policía Federal de México

México

Hay 409 personas más con el nombre de Manuel Arroyo en México en LinkedIn

Ver a otras personas con el nombre de **Manuel Arroyo**

LinkedIn © 2025

Acerca de

Accesibilidad

Condiciones de uso

Política de privacidad

Política de cookies

Política de copyright

Política de marca

Controles de invitados

Pautas comunitarias

Idioma