# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

FOX CORPORATION; FOX MEDIA LLC;

FOX SPORTS EN ESPAÑOL LLC,

                    Plaintiffs,

          v.

MEDIA DEPORTES MEXICO, S. de R.L.

de C.V.,

                  Defendant.

Case No.: 1:25-cv-06703

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY MEXICO SPORTS DISTRIBUTION LLC'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and (5) TO SET ASIDE CONTEMPT ORDER**

1

Non-party Mexico Sports Distribution LLC ("MSD") moves the Court to set aside its Order Holding MSD in Contempt. MSD brings this Motion under Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure.

## ARGUMENT

**A.      The Contempt Order Should Be Set Aside for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2).**

"The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). First, the plaintiff must properly deliver service of process upon the defendant. *See id*. Second, the plaintiff must have a "statutory basis for personal jurisdiction that renders such service of process effective." *Id*. Third, the exercise of personal jurisdiction must comport with due process. *See id*. at 60.

Plaintiffs (collectively "Fox") fail to prove any of these requirements for jurisdiction over non-party MSD. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it."). That MSD has not even been served is not in dispute—there have been no proofs of service relating to the Court's contempt order. This failure alone warrants setting aside the contempt order against MSD.

**B.      MSD Was Not Personally Served.**

"[S]ervice of process is mandatory for personal jurisdiction." *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 218-19 (S.D.N.Y. 2019). Alleged contemnors, including non-parties, must receive proper service of process before contempt proceedings begin. *Id*. at 219; *see also* Civ. L.R. 83.6 ("A proceeding to adjudicate a person in civil contempt, …. must be commenced by the service of a notice of motion or order to show

cause.") Where the alleged contemnor has not appeared in the action, "service must be made personally, together with a copy of this Local Civil Rule 83.6, in the matter provided for by the Federal Rules of civil Procedure for the service of summons." Civ. L.R. 83.6.

Fox did not personally serve MSD – which has not previously appeared in this action – with its Motion for Contempt or the Court's Order Holding MSD in Contempt. Fox should readily concede this fact, as it has filed no proofs of personal service regarding its contempt motion. Accordingly, there is no personal jurisdiction.

### C.      MSD Lacks Minimum Contacts with New York.

MSD must have "minimum contacts" with this forum such that it is fair to force it to defend a claim here. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These basic due process principles are reflected in two types of personal jurisdiction: (1) specific jurisdiction; and (2) general jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-16 (1984). Fox cannot establish either specific or general jurisdiction over MSD.

### D.      This Court Lacks Specific Personal Jurisdiction over MSD.

Specific jurisdiction exists only if the injury at-issue "arises out of or relates to" the defendant's forum-specific activities. *Helicopteros,* 466 U.S. at 414. Fox's Motion does not state, refer to, or otherwise indicate any injury suffered by Fox that "arises out of or relates to" any New York-specific activities by MSD. MSD did not even enter into the alleged agreements with Fox. In fact, Plaintiffs' Complaint does not allege any New York-specific activities by MSD and there is no basis for specific personal jurisdiction over MSD.

### E.      This Court Lacks General Personal Jurisdiction over MSD.

To establish general jurisdiction, the party asserting jurisdiction must show that the responding entity possesses "continuous and systematic general business contacts" with the

forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 929 (2011) (citing *Helicopteros*, 466 U.S. at 416). The United States Supreme Court held that general jurisdiction exists only when a responding entity is "at home" in the forum state. *Goodyear*, 564 U.S. at 923-24; *see also id.* at 919 (general jurisdiction applies only when the responding entity's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State"). In general, a corporation's "home" refers to its "domicile, place of incorporation, and principal place of business." *Id*. at 924. Simply put, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Machinery, Ltd v. Nicastro*, 564 U.S. 873, 881 (2011).

Just as there is no specific personal jurisdiction over the MSD, there likewise is no basis for subjecting MSD to general jurisdiction in New York.

## F.    The Exercise of Personal Jurisdiction over MSD Would Be Unreasonable.

As explained above, Fox did not and could not allege MSD had continuous and systematic contacts with New York. But even if it could, the "exercise of personal jurisdiction would [still] be decidedly unreasonable." *Metro. Life Ins. Co. v. Robertson Ceco-Corp.*, 84 F.3d 560, 575 (2d Cir. 1996). The five factors for determining "reasonableness" under *Metropolitan Life*— burden, interest of the forum state, interest of the plaintiff, interest of the judicial system, and public policy— weigh in favor of dismissal. *See also Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) ("The weaker the plaintiffs showing [on minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction")

First, the burden on MSD to litigate in New York is great because it has no presence the forum.

4

Second, New York has no apparent interest in the gravamen of the dispute, a Mexican regulatory agency's promotion of a competitive marketplace in Mexico for sports media. *See* Compl., Dkt No. 9, ¶ 47 ("The allegation at the heart of MDM's injunction request was that MDM had an exclusive license to use the Fox Sports Trademarks. MDM claimed that Mexico's telecommunications regulator, the Instituto Federal de Telecomunicaciones ("IFT"), had issued a resolution in 2019 (the "2019 IFT Resolution") requiring that MDM's license to use the Fox Sports Trademarks be exclusive in nature.").

Third, Fox's main interest in obtaining relief in this forum is to sidestep ongoing litigation in Mexico, where Fox must contend with the Mexican regulatory authority. In March 2019, the IFT, which is constitutionally appointed to regulate competition in Mexico's broadcast and telecommunications industries, approved the sale of assets by Fox's predecessor Twenty-First Century Fox ("21CF") to The Walt Disney Company ("Disney"). *See* Declaration of Carlos Martinez, Dkt. No. 11, ¶ 15. The IFT's approval was subject to several conditions. *See id.*; s*ee also* Declaration of Jaime Dorenbaum in Support of Motion to Set Aside Contempt Order, filed concurrently ("Dorenbaum Decl."), Ex. A, §§ 8.3-8.6.4.[1] One of those conditions was that 21CF and Disney spin off 21CF's sports media assets in Mexico. *See id*. The IFT ordered that the sports media business be spun off to a third party who would be approved by the IFT, which turned out to be the parent of Defendant MDM. *See id*. To ensure the competitive viability of the third party, the IFT also ordered that the third party have exclusive rights to use the "Fox" name

---

[1] Because there was not sufficient time, non-party MSD has not been able to secure a certified translation of the 305 page 2019 IFT resolution, However, for the Court's convenience, MSD submits a machine translated version attached to the Dorenbaum Declaration as Ex. A1. MSD does not admit the translation is accurate and does not adopt any conclusions or inferences drawn therefrom.

for sports broadcasts in Mexico for a period of years. Dorenbaum Decl., Ex. A, § 8.4.12.4. The

IFT retained jurisdiction over the parties and provided a mechanism for dispute resolution to

ensure that they continue to meet these conditions (s*ee* Dorenbaum Decl., Ex. A, § 8.6), which is

the primary issue being litigated in Mexico.[2] *See* Compl., Dkt. No. 9, ¶ 47.

Fourth, because the contempt motion concerns acts that have taken place in Mexico—and

none in the United States—the judicial system's interest in efficiency weighs in favor of

dismissal. *See e.g., Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 852 (9th Cir.

1993) ("The site where the injury occurred and where the evidence is located usually will be the

most efficient forum.") (citation and quotations omitted).

Finally, because this dispute implicates Mexico's public policy in the area of regulation

of media competition, this factor weighs in favor of dismissal. Thus, the exercise of personal

jurisdiction over MSD on this record would be unreasonable.

G.      **The Contempt Order Against MSD Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(5) for Insufficient Service of Process.**

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden

of proving adequate service." *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir. 2005).

Fox has not met its burden.

Adequate service in this context means personal service. Under Local Rule 83.6, if an

alleged contemnor has not appeared in the action, "service must be made personally, together

---

[2] As the Court is aware, the dispute in Mexico concerns the conditions imposed by the IFT's 2019 Order approving the Fox/Disney transaction. Under the conditions imposed by the IFT, MDM has an exclusive right to the "Fox" name. Compl., Dkt. No. 9, ¶ 47. Fox, however, interprets the IFT Order to say that MDM's right is not exclusive. *Id.* ¶ 49. To the extent the IFT Orders are ambiguous, the IFT may be a necessary party to resolve the dispute.

with a copy of this Local Civil Rule 83.6, in the matter provided for by the Federal Rules of civil Procedure for the service of summons." Civ. L.R. 83.6.

MSD, which has not previously appeared in this action, has not been personally served. Thus, service of process is insufficient and the Contempt Order against MSD should be dismissed under Rule 12(b)(5).

## CONCLUSION

For all the foregoing reasons, MSD respectfully requests the Court grant its motion under Rules 12(b)(2) and (5) and set aside its contempt order against MSD.

Respectfully submitted,

Dated: September 5, 2025

Kassra P. Nassiri
Jaime Dorenbaum
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
(415) 762-3100
kass@njfirm.com
jaime@njfirm.com
*Attorneys for Mexico Sports Distribution LLC*

## CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)

I, Kassra Nassiri, an attorney duly admitted to practice law in the State of California, hereby certify that this memorandum complies with the word count limit set forth in Local Civil Rule 7.1 and contains 1,800 words, excluding the parts exempted by the Rule.

Dated: September 5, 2025

Kassra Nassiri