```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FOX CORPORATION, et al.,<br><br>      Plaintiffs,<br><br>  -v-<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>      Defendant. | 25-cv-6703 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

On August 29, 2025, the Court entered an Order holding defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM"), in civil contempt for violating the Temporary Restraining Order that the Court entered on August 14, 2025. See ECF No. 44. Also on August 29, 2025, the Court entered a separate Order holding non-parties Mexico Sports Distribution LLC ("MSD"), Grupo Lauman Holding, S. de R.L. de C.V. ("Grupo Lauman"), and Manuel Arroyo in civil contempt for acting in concert with MDM's violation of the Temporary Restraining Order. See ECF No. 45. The Court directed MDM or any non-party contemnor wishing to present opposition to its Orders to appear, through counsel, at a hearing that was scheduled for September 5, 2025. See ECF Nos. 44, 45. MSD appeared at that hearing, but MDM, Grupo Lauman, and Arroyo did not. Following the hearing, the Court stayed, until the close of business on September 9, 2025, the effectiveness of its Order holding Grupo Lauman and Arroyo in civil contempt. See ECF No. 47. The Court also stayed the effectiveness of its Order holding MSD in civil

1

contempt pending further briefing and an evidentiary hearing that is scheduled for September 18, 2025. See ECF No. 48.

Now before the Court is plaintiffs' supplemental submission in support of their motions to hold defendant MDM and non-parties MSD, Grupo Lauman, and Arroyo in civil contempt. See ECF No. 66. Plaintiffs request that the Court (1) find that Grupo Lauman and Arroyo received adequate notice and service of the contempt proceedings against them; (2) find that there is good cause to confirm its Order holding Arroyo in civil contempt; and (3) modify its Orders holding MDM and MSD, Grupo Lauman, and Arroyo in civil contempt by directing, among other things, that contempt sanctions be payable to plaintiffs rather than to the Clerk of Court. See generally id. For the following reasons, the Court hereby grants plaintiffs' applications in part and denies them in part.

First, the Court finds that plaintiffs provided sufficient notice to Grupo Lauman and Arroyo of the contempt proceedings against them. Plaintiffs have presented unrebutted evidence that, in compliance with the Court's Orders, they electronically sent MDM, among other papers, plaintiffs' motion to hold Grupo Lauman and Arroyo in contempt. See ECF No. 55; see also ECF Nos. 50-65 (demonstrating electronic delivery of relevant papers in this action to MDM, MSD, and Arroyo). Because Grupo Lauman is MDM's corporate parent and Arroyo is one of MDM's corporate officers, notice to MDM may be imputed, as a matter of law, to Grupo Lauman and Arroyo. See In re Enron Corp., 298 B.R. 513, 523

(Bankr. S.D.N.Y. 2003) (notice to subsidiary imputed to parent where entities share officers and business activities); Wilson v. United States, 221 U.S. 361, 376 (1911) (notice to corporation sufficient to bind corporate officer).

Separate from, but closely related to, whether plaintiffs provided sufficient notice to Grupo Lauman and Arroyo is whether plaintiffs also properly served these non-parties with the Court's Order holding them in civil contempt and granting them an opportunity to oppose that Order. Under this District's relevant Local Rule, service on an alleged contemnor who has not appeared via counsel "must be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." S.D.N.Y. Local Rule 83.6. Pursuant to Federal Rule of Civil Procedure 4, the Court has repeatedly authorized electronic service in this action, including electronic service on Grupo Lauman and Arroyo of papers related to plaintiffs' motion to hold them in civil contempt. See ECF No. 47.

Plaintiffs have presented unrebutted evidence that they personally served Arroyo, by electronic mail, with the Court's Order holding him in civil contempt and a copy of Local Civil Rule 83.6. See ECF No. 50. The Court concludes that such service is sufficient to satisfy Local Rule 83.6. Because Grupo Lauman is a corporation located outside the United States, the Court also concludes that service on Arroyo is sufficient service on Grupo Lauman. See Fed. R. Civ. P.

3

4(h)(2) (providing that service on a foreign corporation is to be effectuated by same procedure as serving an individual in a foreign country); In re Grand Jury Subpoenas Issued to Thirteen Corps., 775 F.2d 43, 46 (2d Cir. 1985) ("A corporation may be served through an officer or agent . . . implicitly authorized to accept service").

Next, plaintiffs contend that the Court properly held Arroyo in civil contempt because (1) as a matter of law, Arroyo may be held in civil contempt for MDM's contemptuous conduct because he is its president; and (2) Arroyo has affirmatively and personally engaged in contemptuous conduct. See ECF No. 66 at 3-8. The Court agrees, but for the former, not the latter, reason. In the Second Circuit, it has long been established that a judicial order containing a "command to a company is in 'effect a command to those who are officially responsible for the conduct of its affairs.'" CBS Broadcasting Inc. v. FilmOn.com, Inc., 814 F.3d 91, 100 (2d Cir. 2016) (quoting NLRB v. Hopwood Retinning Co., 104 F.2d 302, 305 (2d Cir. 1939)). Thus, "[e]ven when corporate officers are not a party to the original action, if they 'prevent compliance or fail to take appropriation action within their power for the performance of the corporate duty, they, no less than the corporation itself . . . may be punished for contempt." Id. (quoting Hopwood Retinning Co., 104 F.2d at 305). Here, plaintiffs have amply demonstrated that MDM has flouted and continues to flout the Court's Temporary Restraining Order and subsequent Preliminary Injunction. See ECF Nos. 43, 49, 66. Arroyo, as MDM's president, has

4

"prevent[ed] compliance or fail[ed] to take appropriate action within [his] power" and, thus, "may be punished for contempt." See Wilson, 221 U.S. at 376.

The Court is not persuaded, however, that plaintiffs' allegations concerning Arroyo's personal conduct independently justify the imposition of contempt sanctions on him. Plaintiffs focus on an incident that allegedly occurred on June 15, 2025, in which Arroyo allegedly confronted, physically assaulted, and threatened Carlos Martinez, a Fox executive and plaintiffs' principal fact witness thus far in this matter. See ECF No. 66 at 3-5. During the assault, Martinez alleges, Arroyo said to him, among other things, "I'm going to kill you" and "[t]hose damn American lawyers don't give a damn, here in Mexico I'm in charge." See ECF No. 67-7 at 8-9; ECF No. 68 ¶ 2.[1] While the Court regards these allegations as extremely troubling, and while the allegations constitute circumstantial evidence of Arroyo's hostility toward plaintiffs and their employees, Arroyo's alleged conduct in mid-June 2025 is an insufficient basis to hold Arroyo in contempt for violating a Temporary Restraining Order that issued on August 14, 2025. It is notable, moreover, that plaintiffs do not identify any other alleged conduct in which Arroyo personally engaged.

Finally, plaintiffs request that the Court modify the contempt

---

[1] Martinez's allegations are the subject of litigation in Mexico in which Martinez appears to be seeking a restraining order and related relief against Arroyo. See ECF No. 67-7.

5

sanctions it imposed on MDM, MSD, Grupo Lauman, and Arroyo to make those sanctions payable to plaintiffs rather than the Clerk of Court. See ECF No. 66 at 8-11.[2] Based on a sworn declaration from Martinez representing that the contemnors' conduct is generating "at least $200,208 per day in revenue" that would otherwise have accrued to the benefit of plaintiffs, see ECF No. 72, plaintiffs further request that the Court increase the amount of the contempt sanction from $200,000 to $200,208 per day, see ECF No. 66 at 9. Plaintiffs additionally request that the Court enjoin Grupo Lauman and Arroyo from transferring, conveying, or dissipating property or other assets that they might hold in the United States. See ECF No. 69 at 3-4.

The Court hereby grants plaintiffs' application in part and denies it in part. It is well established that "a sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56 (2d Cir. 1982). Compensatory sanctions "should correspond to at least some degree with the amount of damages" substantiated by the complaining party. King v. Allied Vision, Ltd., 65 F.3d 1051, 1062 (2d Cir. 1995).

---

[2] On September 5, 2025, after MSD appeared in this action, the Court stayed the effectiveness of the civil contempt sanctions it imposed on MSD pending further briefing and an evidentiary hearing. See ECF No. 48.

Here, Plaintiffs have provided adequate proof, in the form of Martinez's sworn declaration, that the contemnors are jointly reaping hundreds of thousands of dollars daily from their allegedly unauthorized use of the trademarks at issue in this litigation and that, if the contemnors were to come into compliance with the Court's Preliminary Injunction, much if not all of that revenue would accrue to plaintiffs. See ECF No. 72. Accordingly, the Court concludes, it is appropriate to compensate plaintiffs for their alleged losses by making the contempt sanction payable to them rather than to the Clerk of Court. Moreover, as plaintiffs point out, sanctions payable to the Clerk of Court may not be effective as a coercive measure because the Clerk lacks the ability to enforce the sanctions. See ECF No. 66 at 9. However, the Court denies plaintiffs' application to the extent that it seeks to increase the monetary amount of the sanctions from $200,000 to $200,208 per day because Martinez's declaration repeatedly represents that its calculations are merely approximations. See ECF No. 72 ¶¶ 4-5, 7-8.

Thus, the Court modifies its Orders holding MDM and MSD, Grupo Lauman, and Arroyo in civil contempt, ECF Nos. 44-45, as follows:

(1) The Court lifts the stay of effectiveness of its Order as to Grupo Lauman and Arroyo. See ECF No. 47. Contempt sanctions as against Grupo Lauman and Arroyo will begin to accrue as of the close of business on September 9, 2025. The stay of effectiveness of the Court's Order as to MSD remains in place. See ECF No. 48.

7

(2) The Court orders that MDM, Grupo Lauman, and Arroyo shall pay the civil contempt sanctions for which they are liable -- including any unpaid sanctions imposed on MDM that have accrued prior to the date of this Order -- to plaintiffs rather than to the Clerk of Court. Plaintiffs are ordered to serve by electronic mail on MDM, Grupo Lauman, and Arroyo such instructions as are necessary to facilitate the transmission of funds.

(3) The Court enjoins MDM, Grupo Lauman, and Arroyo from transferring, conveying, or otherwise dissipating any assets, or causing anyone else from transferring, conveying, or otherwise dissipating any assets, located in the United States that they possess, own, or otherwise control, including assets in any bank account maintained in the United States.

(4) The Court further enjoins Arroyo from conveying any title or interest in any real or personal property held in his name, or in the name of any entity over which he exercises control, located in the United States.

(5) These contempt sanctions shall remain in force until such time as MDM and those acting in concert with it have (a) ceased using the trademarks identified in the Temporary Restraining Order and Preliminary Injunction, see ECF Nos. 29, 49; (b) withdrawn the injunction issued August 27, 2025, by the Civil Department 42 of the Superior Court of Justice of Mexico City; and (c) dismissed the litigation out of which that injunction issued.

The Court hereby directs plaintiffs' counsel to provide a copy of this Order by electronic mail to MDM, Grupo Lauman, and Arroyo, or their counsel, on or before September 10, 2025, which shall be deemed good and sufficient service hereof.

SO ORDERED.

New York, New York
September 9, 2025

JED S. RAKOFF, U.S.D.J.

9