**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AND MOTION IN LIMINE** |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ....................................................................................................5

II. ARGUMENT ..........................................................................................................6

A. THE COURT SHOULD STRIKE PORTIONS OF MSD'S SUBMISSIONS THAT ARE IRRELEVANT TO THE ISSUE OF PERSONAL JURISDICTION AND/OR PRESENTS MATERIAL THAT CANNOT BE CONSIDERED AS A MATTER OF LAW ....................................6

B. THE COURT SHOULD PRECLUDE EVIDENCE AS TO THE STRICKEN MATERIAL AT THE SEPTEMBER 18, 2025 EVIDENTIARY HEARING ....................................................................11

III. CONCLUSION ......................................................................................................13

CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c) ............................14

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*A.D. v. Bd. of Educ. of the City School Dist. of City of N.Y.*,
690 F. Supp. 2d 193 (S.D.N.Y. 2010)....................7, 8

*Dietz v. Bouldin*,
579 U.S. 40 (2016)....................6

*Gucci America, Inc. v. Weixing Li*,
768 F.3d 122 (2d Cir. 2014)....................12

*In re Bear Stearns Cos., Inc. Securities, Derivative, and ERISA Litig.*,
763 F. Supp. 2d 423 (S.D.N.Y. 2011)....................7

*In re Hospitality of Vermont, Inc.*,
27 B.R. 737 (D. Vt. 1983)....................7, 8

*Lively v. Wayfarer Studios LLC*,
No. 24-cv-10049 (LJL), 2025 WL 2298247 (S.D.N.Y. Aug. 8, 2025) ....................8

*Local 28 of Sheet Metal Works' Int'l Ass'n v. EEOC*,
478 U.S. 421 (1986)....................9

*Maggio v. Zeitz*,
333 U.S. 56 (1948)....................9

*Maness v. Meyers*,
419 U.S. 449 (1975)....................9

*Martin v. Reno*,
2000 WL 1863765 (S.D.N.Y. Dec. 19, 2000) ....................12

*Muench Photogtaphy, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
9 Civ. 2669, 2015 WL 4757601 (S.D.N.Y. Aug. 12, 2015)....................6

*N.A. Sales Co., Inc. v. Chapman Indus. Corp.*,
736 F.2d 854 (2d Cir. 1984)....................9

*Nat'l Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*,
884 F. Supp. 2d 108 (S.D.N.Y. 2012)....................6

*New York State Nat'l Org. For Women v. Terry*,
697 F. Supp. 1324 (S.D.N.Y. 1988)....................9

*Outlaw v. City of N.Y.*,
No. 22 Civ. 9288 (PAE), 2024 WL 4825955 (S.D.N.Y. Nov. 19, 2024)....................6

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*U.S. v. Certified Env. Servs.*,
753 F.3d 72 (2d Cir. 2014)....................12

*U.S. v. Rylander*,
460 U.S. 752 (1983)....................6, 9

**OTHER STATE CASES**

*Matto v. Dermapathology Assocs. of New York*,
55 Conn. App. 592 (Conn. App. Ct. 1999)....................12

**RULES**

Fed. R. Civ. P.
12(b)(2)....................5
12(b)(5)....................5
12(f)....................5

Fed. R. Evid.
104(a)....................11
401....................12
402....................5, 11, 12
403....................5, 11

Pursuant to Federal Rules of Evidence 402 and 403, Federal Rule of Civil Procedure 12(f), and this Court's inherent authority, Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC (collectively, "Fox") respectfully submit this memorandum of law in support of (1) Fox's motion to strike portions of non-party Mexico Sports Distribution LLC's ("MSD") Supplemental Memorandum, ECF No. 76, the Declaration of Mony S De Swaan Addati, ECF No. 76-3, and the Declaration of Gabriel Lopez Camacho, ECF No. 77, in support of MSD's Motion Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) to Set Aside Contempt Order and (2) Fox's motion in limine to exclude evidence as to the stricken material at the hearing scheduled for September 18, 2025.

## I. INTRODUCTION

On August 29, 2025, this Court scheduled a hearing for September 5, 2025 to permit non-parties, including MSD, to oppose the contempt order that the Court had entered against them. ECF No. 45. Less than an hour before the September 5 hearing was scheduled to begin, MSD filed a motion arguing that the contempt order against it should be set aside because it was not properly served and that the Court lacked personal jurisdiction over it. *See* ECF Nos. 46, 46-1; *see also* ECF No. 45 (August 29, 2025 Order holding MSD and other non-parties in contempt). At the hearing, counsel for MSD accepted service on behalf of MSD. *See* Declaration of Christopher T. Berg in Support of Motion to Strike and Motion in Limine, ¶ 3, Ex. 1 at 9:11-20. Thus, the only issue left to be resolved was whether the contempt order should be set aside on the grounds that this Court lacks personal jurisdiction over MSD. As MSD's recent filing confirms, that is the *sole basis* for the relief sought by MSD. *See generally* ECF No. 76 ("Supplemental Memorandum").

Despite the narrow legal issue presented, MSD has taken the Court's invitation to supplement its motion as an opportunity to raise factual issues entirely irrelevant to the matter of

MSD's contemptuous conduct or personal jurisdiction. The Supplemental Memorandum presents a factual narrative of the underlying dispute that is comprised nearly entirely of assertions from counsel, unmoored from any factual support. Even worse, MSD improperly challenges the legal and factual bases underlying the Court's original temporary restraining order ("TRO"). *See U.S. v. Rylander*, 460 U.S. 752, 756 (1983) (forbidding contesting the underlying disobeyed order in a contempt proceeding).

MSD's narrative about Fox's alleged misconduct, and MSD's attempt to transform a non-exclusive license into an exclusive one, is both legally and factually wrong—and Fox is prepared to litigate those issues at the appropriate time. But that time is not now. Accordingly, the irrelevant portions of MSD's submissions, as detailed below, should be stricken, and MSD should be precluded from offering evidence about these irrelevant issues at the September 18 hearing.

## II. <u>ARGUMENT</u>

### A. THE COURT SHOULD STRIKE PORTIONS OF MSD'S SUBMISSIONS THAT ARE IRRELEVANT TO THE ISSUE OF PERSONAL JURISDICTION OR INTRODUCE MATERIAL THAT CANNOT BE CONSIDERED AS A MATTER OF LAW

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016). This includes the power to strike materials that are "abusive or otherwise improper under the circumstances." *See Outlaw v. City of N.Y.*, No. 22 Civ. 9288 (PAE), 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (quoting *Muench Photogtaphy, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 9 Civ. 2669, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015)); *see also id.* ("The 'inherent powers' authorizing a court to strike improper materials derive 'not [from] rule or statute but [from] the control necessarily vested in courts to manage their own

affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Dietz*, 579 U.S. at 45) (alterations in original); *Nat'l Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) ("[A] court has 'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'") (quoting *In re Bear Stearns Cos., Inc. Securities, Derivative, and ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)).

*First,* MSD's inclusion of an irrelevant factual narrative unsupported by any evidence is plainly improper. For example, MSD asserts without any citation in its Introduction to the Supplemental Memorandum that: Fox "scheme[d] to seize the assets of the Fox Sports Mexico business (the 'Business') without payment"; "[u]nder the guise of a proposed acquisition, Fox used its leverage to strip the Business from the inside"; through a Fox executive, "Fox instructed the Business's debtors to delay payments and then divert them directly to Fox"; and, "Fox induced the Business to forego all outside financing as a supposed condition of the deal, ensuring its target was financially weakened." ECF No. 76 at 5. Indeed, the vast majority of MSD's statements in the Introduction to the Supplemental Memorandum—which similarly advance a far-fetched and provocative account of Fox's supposed misconduct—are devoid of citations. *See generally* ECF No. 76 at 5-10.[1]

[1] MSD attempts to sidestep this obvious defect by prefacing its narrative with the vague and blanket assertion that "[t]he following allegations either have been or will be presented to Mexican courts by MSD and other interested parties" ECF No. 76 at 5 n.1. Putting aside that MSD does not identify which allegations have purportedly been "presented to Mexican courts"—conspicuously failing to offer any documentary support of that fact—and which allegations have yet to be presented, this general, prefatory statement is not *carte blanche* for MSD to allege whatever it wants. These allegations presumably rely on (though they do not cite to) an equally vague statement from the Declaration of Gabriel Lopez Camacho: "The following allegations, made on information and belief, have either already been presented or will be presented to Mexican courts by MSD and other interested parties . . ." ECF No. 77 ¶ 21. That, too, should be stricken. *See, e.g.*, *A.D. v. Bd. of Educ. of the City School Dist. of City of N.Y.*,

More importantly, these unsupported allegations are entirely irrelevant to the issue at hand—the Court's exercise of personal jurisdiction over MSD in holding it in contempt for defying orders. MSD's irrelevant statements serve no purpose but to "burden [Fox] . . . and to invite public speculation and scandal." *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (LJL), 2025 WL 2298247, at *2 (S.D.N.Y. Aug. 8, 2025) (granting motion to strike).

For the foregoing reasons, Fox respectfully submits that the following portions should be stricken from MSD's Supplemental Memorandum, ECF No. 76, as unsupported by any evidentiary citations and irrelevant to the issue of personal jurisdiction:

- Paragraphs under "Introduction" on page 5;
- Entirety of pages 6 and 7 with the exception of footnote 3;
- Final two sentences of first paragraph on page 8 (beginning "Thus, the IFT's condition . . ."), along with the three full paragraphs immediately following;
- First two full paragraphs on page 9 and final two sentences of final paragraph (beginning "This includes the viability of non-party MSD . . . . .").

Fox also respectfully submits that paragraph 21 of the Declaration of Gabriel Camacho Lopez, ECF No. 77, should be struck as irrelevant and as a self-serving conclusion from an individual lacking personal knowledge. *See Bd. of Educ. of the City School Dist. of City of N.Y.*, 690 F. Supp. 2d at 216 (requirement of personal knowledge "is not satisfied by assertions made 'on information and belief'") (citation omitted); *In re Hospitality of Vermont, Inc.*, 27 B.R. at 739 ("Affidavits in this nature, prefaced by phrases such as 'I believe' or 'upon information and belief' or those made upon an 'understanding' are properly the subject of a motion to strike.")

*Second,* MSD's collateral attack on the factual and legal basis of the TRO it violated is also improper. In issuing the TRO, the Court found: "In seeking the Mexico injunction, MDM

690 F. Supp. 2d 193, 216 (S.D.N.Y. 2010); *In re Hospitality of Vermont, Inc.*, 27 B.R. 737, 739 (D. Vt. 1983).

asserted that the IFT, a Mexican telecommunications regulator, ordered that MDM must receive an exclusive license to use the Fox Sports Trademarks. That contention is inconsistent with the license-granting language in MDM's agreement and is inconsistent with statements made by the IFT." ECF No. 29 at 4 ¶ 2(f).

MSD devotes substantial portions of its Supplemental Brief, and has even submitted an expert declaration, contesting this factual finding. *See, e.g.*, ECF No. 76 at 6, 8-9, 13-19, 23-25; ECF No. 76-3 (translated Declaration of Mony S de Swaan Addati). Specifically, MSD argues that the Instituto Federal de Telecomunicaciones ("IFT") required that the Fox Sports Mexico business receive an exclusive license to the trademarks at issue here and that its conduct in Mexico, including its litigation conduct, is "designed to respect the IFT's constitutional authority and its resulting policies." ECF No. 76 at 25; *see id.* at 23-25.

MSD's self-serving characterization as a self-appointed steward of the IFT's constitutional authority aside, it is well-settled that "a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Rylander*, 460 U.S. at 756 (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)); *see New York State Nat'l Org. For Women v. Terry*, 697 F. Supp. 1324, 1334 (S.D.N.Y. 1988) ("An order issued by a court with jurisdiction over the parties and the subject matter of an action must be obeyed unless and until it has been vacated or stayed, or until it expires by its own terms.") (citing *Maness v. Meyers*, 419 U.S. 449, 458-49 (1975)). In short, MSD's cloaked attempt to "challenge the validity of the injunction itself [] has no place in a contempt proceeding." *N.A. Sales Co., Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir. 1984).

Accordingly, Fox respectfully submits that the following portions of the Supplemental

Memorandum, ECF No. 76, should be stricken as they raise arguments going to the "legal or factual basis" of the TRO which MSD violated, *Local 28 of Sheet Metal Works' Int'l Ass'n*, 478 U.S. at 441 n.21:

- Beginning with the full paragraph on page 13 (beginning, "To this end…") and ending with the first full paragraph on page 15 (ending, "' . . . harming or impeding competition.')";
- Third full paragraph on page 16 (beginning, "In the month before . . .");
- Beginning with the final paragraph on page 17 (beginning, "To this end…") and ending with the second paragraph on page 18 (ending, " '. . . for sports content . . .')";
- Beginning with second full paragraph on page 23 (beginning, "MSD – a domestic non-party . . .") and ending with final paragraph on page 25.

Moreover, while the expert opinion submitted by MSD—the Declaration of Mony S de Swaan Addati, a non-lawyer with no legal education, *see* ECF No. 76-3, at 2-3—professes to "not address the parties' claims" and, instead, purports to offer an explanation for "why, under the Mexican constitutional framework, review of IFT decisions falls exclusively to national courts," ECF No. 76-3, at 4, that opinion also contains an impermissible attack on the legal basis underlying the TRO.

MSD's expert attacks the basis of the TRO on multiple occasions, claiming that the trademarks at issue—contrary to the express language in the (now-terminated) license agreement—were assigned on an exclusive basis. *See id.* at 5 ("Among the other structural conditions imposed by the IFT . . . one [] consists of granting the buyer of the Fox Sports Mexico business an exclusive license . . . These conditions were expressly accepted by the parties."); *id.* ("In its 2019 resolution, the IFT made it clear that, once the sale was completed, the parties had to . . . grant a free and exclusive license to the buyer of Fox Sports Mexico[.]"); *id.* at 8 (IFT "imposed the condition that the license to use the name 'Fax' [sic] granted to the buyer of the

Fax [sic] Sports Mexico business be 'free and exclusive.'"); *id.* at 9 (IFT stated "it would be necessary for Grupo Lauman to have a free and exclusive license for the use of the name 'Fox'[.]"); *id.* ("[T]he divestiture of Fax [sic] Sports Mexico and the granting to the buyer of said business of an exclusive, free license . . . [was] a binding regulatory decision[.]"); *id.* at 12 ("obligation to grant the buyer of the Fox Sports Mexico business an exclusive, free-of-charge license . . . are part of standard and internationally recognized regulatory practice.").

Fox therefore respectfully submits that any statements from the Declaration of Mony S de Swaan Addati, ECF No. 76-3, opining that the trademarks at issue in the TRO were licensed on an exclusive basis should be stricken.[2] Those include the following:

- Final sentence in first paragraph under Section 2.2 on pages 4-5 (beginning, "Among other structural conditions…");
- First two paragraphs under Section 2.3 on page 5;
- Beginning with first full paragraph on page 8 (beginning, "To mitigate these risks…") and ending with first full paragraph on page 9 (ending, " . . . (free and exclusive).");
- Second full paragraph under Section 5.2 on page 12;
- The phrase, "including the authority to grant the buyer of the Fox Sports Mexico business a free and exclusive license to use the 'Fox' name for broadcasting sports content in Mexico," in the first sentence of the third paragraph under Section 6 on page 12.

### B. THE COURT SHOULD PRECLUDE EVIDENCE AS TO THE STRICKEN MATERIAL AT THE SEPTEMBER 18, 2025 EVIDENTIARY HEARING

Pursuant to Federal Rule of Evidence 104(a), 402, and 403, Fox moves in limine to preclude certain evidence at the September 18 hearing as irrelevant. Specifically, Fox seeks to

[2] For the avoidance of doubt, Fox believes the entirety of the declaration of Mony S de Swaan Addati is irrelevant to the issue of this Court's personal jurisdiction over MSD. However, the portions identified below are plainly problematic to the extent they challenge the basis for this Court's TRO. Fox reserves the right to seek to exclude the opinions of MSD's expert in full.

preclude evidence pertaining to Fox's alleged misconduct leading up to this litigation and MSD's theory attacking the factual and legal bases underlying the TRO—*i.e.*, that the license for the trademarks at issue be deemed "exclusive" even though the license is expressly "non-exclusive."

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; *and (b) the fact is of consequence in determining the action*." Fed. R. Evid. 401 (emphasis added). *See U.S. v. Certified Env. Servs.*, 753 F.3d 72, 90 (2d Cir. 2014) ("In general, evidence is relevant if it has a tendency to make a *material* fact more or less probable that it would be otherwise.") (emphasis added).

The sole basis for MSD's motion is that "the exercise of personal jurisdiction against non-party MSD does not comport with due process[.]" ECF No. 76, at 20. Accordingly, the issues to be determined at the hearing are "whether [MSD] has sufficient minimum contacts with the forum" and "whether asserting specific personal jurisdiction is reasonable under the circumstances[.]" *Id.* (citing *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 136-37 (2d Cir. 2014)). Evidence about Fox's supposed misconduct leading up to this litigation and the factual and legal bases underlying the TRO is not material to these two inquiries and, thus, should be precluded. *See* Fed. R. Evid. 402 (irrelevant evidence is not admissible); *see also Matto v. Dermapathology Assocs. of New York*, 55 Conn. App. 592, 597 (Conn. App. Ct. 1999) (affirming lower court's exclusion of evidence as "irrelevant to the issue of personal jurisdiction"). Indeed, consideration of this evidence would only waste time and distract from the central issue raised by MSD's motion by inviting a "mini-trial" on both the long history of Fox's negotiations of a potential business transaction with MSD's parent company and the IFT's intent and authority in its various statements concerning the assignment of Fox's trademarks. *See, e.g.*, *Martin v. Reno*,

2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000) (granting motion in limine as to evidence that would require "another series of irrelevant and cumbersome 'mini-trials' about completely unrelated events").

## III. CONCLUSION

For the reasons stated above, Fox respectfully submits that the portions of MSD's Supplemental Memorandum, ECF No. 76, the Declaration of Mony S de Swaan Addati, ECF No. 76-3, and the Declaration of Gabriel Lopez Camacho, ECF No. 77, listed above should be stricken, and that MSD be precluded from offering evidence concerning the stricken material at the September 18 hearing.

Dated: Los Angeles, California
September 16, 2025

ELLIS GEORGE LLP

By: s/Christopher T. Berg
Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*

2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*

**CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)**

I, Christopher T. Berg, an attorney duly admitted Pro Hac Vice to practice in the Southern District of New York hereby certify that this memorandum is no longer than 25-double spaced pages and the text and footnotes are in 12 point type, which complies with Rule 2(e) of this Court's Individual Rules of Practice.

Dated: September 16, 2025

s/Christopher T. Berg
Christopher T. Berg, *Pro Hac Vice*