```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FOX CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>     -v-<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>          Defendant. | 25-cv-6703 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is plaintiffs' motion to strike portions of the supplemental memorandum of law and associated declarations filed in this matter by non-party Mexico Sports Distribution LLC ("MSD"). See ECF No. 80. Plaintiffs further request that the Court exclude, at a hearing scheduled for September 18, 2025, the presentation of any evidence related to the allegedly improper material. See id. For the reasons that follow, plaintiffs' motion is hereby denied.

Plaintiffs bring their motion under Federal Rule of Civil Procedure 12(f), Federal Rules of Evidence 402 and 403, and the Court's inherent authority. See ECF No. 82 at 5-7. The first two sources of authority are plainly inapposite. Rule 12(f) pertains to the striking of "redundant, immaterial, impertinent, or scandalous matter" from any "pleading," but neither MSD's memorandum of law nor any of its associated declarations is a pleading. See Fed. R. Civ. P. 7(a) (enumerating exhaustive list of pleadings). Similarly, Rules 402 and 403 pertain to the admission of evidence at trial, but there is no

1

trial pending in this matter. Accordingly, the Court considers plaintiffs' motion under only its inherent authority to manage its "docket[] and courtroom[] with a view toward the efficient and expedient resolution of cases." See, e.g., Dietz v. Bouldin, 579 U.S. 40, 47 (2016).

The Court declines to use its inherent authority to strike the challenged material. Whether directed at pleadings, motions, or other documents, motions to strike have long been disfavored and are typically granted only where "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." See, e.g., Torres v. N.Y. Methodist Hosp., No. 15 Civ. 1264, 2016 WL 3561705, at *14 (E.D.N.Y. Jan. 7, 2016) (cleaned up) (collecting cases); Sierra v. United States, No. 97 Civ. 9329, 1998 WL 599715, at *9 (S.D.N.Y. 1998); Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Here, plaintiffs first assert that some of the challenged material should be struck because it constitutes an "irrelevant factual narrative unsupported by any evidence." ECF No. 82 at 7. While plaintiffs are correct that the introduction to MSD's supplemental memorandum is notably lacking in citations, much of the same content is repeated in the body of MSD's memorandum, where it is accompanied by ample citations to the hundreds of pages of documents that MSD has submitted to the Court. Compare ECF No. 76 at 5-10 with id. at 10-19. Moreover, plaintiffs are incorrect that the challenged material is

2

irrelevant to the question of whether the Court's order holding MSD in civil contempt should be set aside. MSD asserts that its "conduct in Mexico," including the conduct that the Court has found to be in violation of its Temporary Restraining Order in this matter, sought to comply with what MSD represents are Mexican regulatory requirements. See, e.g., ECF No. 76 at 22-25. MSD's assertions form part of the basis of its argument that the Court lacks personal jurisdiction over it. See id.; ECF No. 91 at 2-7. While, at this juncture, the Court expresses no view on the merits of any of MSD's arguments, substantial portions of the material that plaintiffs seek to strike are evidently relevant to MSD's contentions.

Next, plaintiffs assert that portions of the challenged material should be struck because they constitute an improper collateral "attack on the factual and legal basis" of the Temporary Restraining Order. See ECF No. 82 at 8-11. The parties agree that "a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed." United States v. Rylander, 460 U.S. 752, 756 (1983); ECF No. 91 at 7. But the thrust of MSD's argument is that the Court lacks personal jurisdiction over it, not that the Court's contempt order is substantively invalid. See ECF No. 76 at 20-28; ECF No. 91 at 7-10.

Accordingly, and again without expressing a view on the merits of any of MSD's arguments, the Court cannot conclude on this record that the challenged material "can have no possible bearing on the

subject matter" of the hearing to be held on September 18, 2025. See Torres, 2016 WL 3561705, at *14. The Court therefore denies plaintiffs' motion to strike that material. For the same reason, the Court also denies plaintiffs' request to preclude the introduction of evidence regarding the challenged material at the upcoming hearing.

The Clerk of Court is respectfully directed to terminate the motion at docket number 80.

SO ORDERED.

New York, New York
September 17, 2025

JED S. RAKOFF, U.S.D.J.

4