**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,

Plaintiffs,

v.

MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,

Defendant.

Case No.: 1:25-cv-06703-JSR

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AGAINST MANUEL ARROYO**

Plaintiffs move this Court to reduce the fine it has imposed on Manuel Arroyo to a judgment for the fines accrued from September 9, 2025 to October 8, 2025 (or whenever this Court issues its judgment).

Non-party Arroyo began incurring a contempt sanction of $200,000 per day starting on September 9, 2025. ECF No. 73 at 7. On September 9, 2025, the Court modified its contempt sanction to make the fine payable to Plaintiffs. *Id.* at 8. By October 8, 2024, 29 days will have transpired since Arroyo's sanction started to run, and Arroyo will at that time have accrued $5,800,000 in fines. Plaintiffs ask the Court to enter judgment against Arroyo for $5,800,000 in favor of Plaintiffs. Plaintiffs also request that the Court lift the automatic stay imposed by Federal Rule of Civil Procedure 62(a) because delay in the immediate enforcement of the Court's judgment would enable Arroyo to further secret his assets in the United States and frustrate the Court's order.

The Court may grant a money judgment as a remedy for civil contempt. *See De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) (observing that a court may use a "process which conceivably may be issued for satisfaction of a money judgment for contempt" as a remedy); *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 542 (D.C. Cir. 1983) (describing how one party "registered its three civil contempt money judgments"); *F.T.C. v. Leshin*, 719 F.3d

1227, 1231–32 (11th Cir. 2013) (affirming district court's conversion of equitable disgorgement contempt remedy into a money judgment).

An order imposing monetary sanctions against a non-party is a final order from which the Court may enter judgment. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules include a decree and any order from which an appeal lies."); *OSRecovery, Inc. v. One Groupe Intl, Inc.*, 462 F.3d 87, 89–90 (2d Cir. 2006) ("Although appeals from civil contempt orders issued against parties are not 'final' and thus not immediately appealable, such appeals by non-parties are 'final.'"); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 398 (5th Cir. 1987) ("an adjudication of civil contempt is final and appealable as to a non-party"); *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 919 (8th Cir. 1998) ("orders of civil contempt against nonparties are final and appealable").

For the foregoing reasons, Plaintiffs request that the Court reduce Arroyo's accrued fines into a judgment, and it should hold open its contempt order for the Court to issue additional judgments against Arroyo for any fines he may accrue in the future.

Dated: October 2, 2025

ELLIS GEORGE LLP

By: /s/ Christopher T. Berg
Christopher T. Berg

Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
cberg@ellisgeorge.com
kpetti@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*