**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROMPTLY ENFORCE JUDGMENT** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Good Cause Exists Because Arroyo Has Improperly Transferred Assets to Hinder Judgment Collection ........ 2

B. Good Cause Exists Because Arroyo Has Insufficient Property in this District to Satisfy the Judgment But Has Substantial Property in the Southern District of Texas ........ 4

III. CONCLUSION ........ 5

CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c) ........ 6

# TABLE OF AUTHORITIES

**Page**

## CASES

*Coudert v. Hokin*,
2018 WL 4278332 (S.D.N.Y. July 30, 2018) .......... 4

*HSH Nordbank AG New York Branch v. Swerdlow*,
2010 WL 1957265 (S.D.N.Y. May 14, 2010) .......... 4

*Jamil v. SPI Energy Co., Ltd.*,
2017 WL 4326065 (S.D.N.Y. Sept. 8, 2017) (Rakoff, J.) .......... 2, 4, 5

*Lankler Siffert & Wohl, LLP v. A. Cal. Rossi, Jr.*,
2004 WL 1627167 (S.D.N.Y. July 21, 2004) .......... 2, 4

*Owen v. Soundview Fin. Grp.*,
71 F. Supp. 2d 278 (S.D.N.Y. 1999) .......... 2, 4

*Pereira v. Cogan*,
2003 WL 22510410 (S.D.N.Y. Nov. 4, 2003) .......... 1, 2

*Sire Spirits LLC v. Green*,
2023 WL 1516574 (S.D.N.Y. Feb. 3, 2023) .......... 4

## STATUTES

28 U.S.C. § 1963 .......... 1, 2, 5

## RULES

Fed. R. Civ. P. 62(a) .......... 1, 2, 5

## I. INTRODUCTION

Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC (collectively, "Fox") respectfully submit this memorandum of law in support of their motion to lift the automatic stay on proceedings to enforce a judgment under Federal Rule of Civil Procedure 62(a) and authorize Fox to immediately register this Court's October 8, 2025 judgment against Manuel Arroyo ("Judgment"), ECF No. 107, pursuant to 28 U.S.C. § 1963 in the Southern District of Texas or wherever his assets may be found before the expiration of the time for appeal. Fox requests expedited consideration of its motion given the need for Fox to move swiftly to enforce the Judgment to avoid further obstruction by Arroyo.

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Under 28 U.S.C. § 1963, a "[a] judgment . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Good cause exists here for two reasons. First, Arroyo has attempted to evade enforcement of this Court's contempt orders (on which the Judgment is based) by fraudulently transferring real property held in his name in Texas and conveying it to his sister for no consideration days after this Court found him in civil contempt. That alone merits the requested relief. *See Pereira v. Cogan*, 2003 WL 22510410, at *1 (S.D.N.Y. Nov. 4, 2003) ("[I]mproper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause."). Second, while Arroyo has substantial property in another District—specifically, a mansion valued at nearly $4 million in the Southern District of Texas—Plaintiffs have been unable to identify any assets belonging to Arroyo in this District. *See*

Declaration of Daniel Murphy ("Murphy Decl.") ¶¶ 4-6. That too constitutes good cause. *See Jamil v. SPI Energy Co., Ltd.*, 2017 WL 4326065, at *1 (S.D.N.Y. Sept. 8, 2017) (Rakoff, J.) ("Good cause may be established 'upon a mere showing that [the party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" (quoting *Lankler Siffert & Wohl, LLP v. A. Cal. Rossi, Jr.*, 2004 WL 1627167, at *1 (S.D.N.Y. July 21, 2004)).

Because good cause exists, the Court should issue an order lifting the automatic stay imposed by Rule 62(a) and authorizing Plaintiffs to register the Judgment against Arroyo immediately so that they can begin the process of enforcing the Court's orders against Arroyo—which may, at last, persuade him to comply with the Court's injunction.

## II. ARGUMENT

### A. Good Cause Exists Because Arroyo Has Improperly Transferred Assets to Hinder Judgment Collection

Arroyo's fraudulent transfer of his Texas real property satisfies the good cause standard under 28 U.S.C. § 1963. *See Pereira*, 2003 WL 22510410, at *1 ("[I]mproper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause[.]"); *Owen v. Soundview Fin. Grp.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) ("good cause" established by showing that judgment debtor "owned a home in Westchester County at the time he commenced this action" but "real property records . . . state that [the judgment debtor] sold his former residence[.]").

On August 29, 2025, the Court entered an order holding Arroyo and others in contempt for violating this Court's Temporary Restraining Order issued on August 14, 2025. ECF Nos. 44, 45. The Court imposed civil contempt sanctions, jointly and severally, against non-party Mexico Sports Distribution, LLC ("MSD"), Grupo Lauman S. de R.L. de C.V., and Manuel Arroyo in an

amount of $200,000 per day. ECF No. 45.[1] That same day, Fox emailed the contempt order against the non-parties to Mexican counsel for Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM") and MSD. ECF No. 67 (9/8/25 Declaration of Christopher T. Berg) ¶ 7 Ex. E. This email put Arroyo, as President of Fox Sports Mexico—the business operated by joint venturers MDM and MSD—on notice of the contempt order. *See id.* ¶ 9; *see also* ECF No. 96 at 14-15 (finding that MDM and MSD are joint venturers in "Fox Sports Mexico").

Within three days of the contempt order, and with full knowledge of the order against him, Arroyo sought to undermine any attempt to enforce the contempt sanction against him by gifting Texas real property held in his name and valued at nearly $3.8 million to his sister via Special Warranty Deed dated September 2, 2025. Declaration of Christopher T. Berg. ("Berg Decl.") ¶ 2 Ex. A (Special Warranty Deed); Murphy Decl. ¶ 7 Ex. A (Montgomery Central Appraisal District report). Specifically, the Special Warranty Deed conveyed Arroyo's property located at 3 Philbrook Way, Spring, Texas 77382 (the "Philbrook Way Property") to Laura Paola Arroyo Rodriguez ("Rodriguez") for consideration identified as "Love and affection and other good and valuable consideration." Berg Decl. ¶ 2 Ex. A (Special Warranty Deed). Although the District Court for the Southern District of Texas voided that transfer on October 2, 2025,[2] Arroyo has demonstrated a willingness to hinder any attempts at judgment collection. That alone constitutes

[1] On September 9, 2025, the Court ordered that the civil contempt sanctions be paid to Fox. ECF No. 73 at 7-8.

[2] Upon learning of the fraudulent transfer and after raising the issue with this Court, Plaintiffs sought an injunction in the Southern District of Texas. *See* ECF No. 1, *Fox Corp. et al. v. Laura Poala Arroyo Rodriquez*, No. 4:25-cv-04650 (S.D. Tex. Sept. 30, 2025). On October 2, 2025, the Court issued a temporary restraining order voiding the transfer from Arroyo to Rodriguez, prohibiting the further transfer or encumbrance of the Philbrook Way Property, and placing the property in a constructive trust for the benefit of Fox. ECF No. 3, *Fox Corp. et al. v. Laura Poala Arroyo Rodriquez*, No. 4:25-cv-04650 (S.D. Tex. Oct. 2, 2025).

good cause to permit Plaintiffs to register judgment against Arroyo now, swiftly. Given Arroyo's demonstrated propensity to obstruct the enforcement of this Court's orders, Fox should not be forced to wait until the time for appeal has lapsed to enforce this Court's Judgment against Arroyo.

### B. Good Cause Exists Because Arroyo Has Insufficient Property in this District to Satisfy the Judgment But Has Substantial Property in the Southern District of Texas

"'Good cause may be established 'upon a mere showing that [the party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" *Jamil*, 2017 WL 4326065, at *1 (Rakoff, J.) (quoting *Lankler Siffert & Wohl*, 2004 WL 1627167, at *1). A judgment creditor "need not provide exact evidence of the debtor's assets, and good cause may be supposed by a lesser showing." *Id*. (quoting *Lankler Siffert & Wohl*, 2004 WL 1627167, at *1). For example, an asset search is a "common and expeditious way of *sufficiently* demonstrating the existence of assets." *Coudert v. Hokin*, 2018 WL 4278332, at *3 (S.D.N.Y. July 30, 2018); *see also Sire Spirits LLC v. Green*, 2023 WL 1516574, at *4 (S.D.N.Y. Feb. 3, 2023) ("'[M]ere property records' may suffice to show the ownership of assets in a foreign District under the good cause analysis.") (quoting *Coudert*, 2018 WL 4278332, at *3). "A court may rely on affidavits and other documentary evidence in order to determine whether good cause has been shown." *HSH Nordbank AG New York Branch v. Swerdlow*, 2010 WL 1957265, at *1 (S.D.N.Y. May 14, 2010); *see also, e.g.*, *Owen*, 71 F. Supp. 2d at 279 ("In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed to be true.").

Fox has investigated whether Arroyo possesses any assets within this District to satisfy the Judgment and has found none. Murphy Decl. ¶ 3. However, that search did reveal that Arroyo has substantial assets in the Southern District of Texas upon which the Judgment may be enforced—specifically, the Philbrook Way Property. *Id.* ¶¶ 5-6; *see* ECF No. 3, *Fox Corp. et al.*

*v. Laura Poala Arroyo Rodriquez*, No. 4:25-cv-04650 (S.D. Tex. Oct. 2, 2025) (temporary restraining order stating that title of "the Philbrook Way property is now held by Arroyo"). Good cause therefore exists to permit Plaintiffs to register judgment immediately against Arroyo. *See Jamil*, 2017 WL 4326065, at *1 (Rakoff, J.).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court lift the automatic stay imposed by Rule 62(a) and authorize Fox to immediately register the Judgment pursuant to 28 U.S.C. § 1963.

Respectfully submitted,

Dated: New York, New York
October 16, 2025

ELLIS GEORGE LLP

By: [signature]

Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*

2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*

**CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)**

I, Christopher T. Berg, an attorney duly admitted Pro Hac Vice to practice in the Southern District of New York hereby certify that this memorandum is no longer than 25-double spaced pages and the text and footnotes are in 12 point type, which complies with Rule 2(e) of this Court's Individual Rules of Practice.

Dated: October 16, 2025

Christopher T. Berg