UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX CORPORATION, et al.,

       Plaintiffs,

  -v-

MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,

       Defendant.

25-cv-6703 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    Before the Court is plaintiffs' motion to lift the automatic stay, imposed by operation of Federal Rule of Civil Procedure 62(a), on the execution of, and any proceedings to enforce, the judgment that the Court entered on October 8, 2025, against non-party contemnor Manuel Arroyo. See ECF Nos. 107 (judgment), 112 (plaintiffs' motion). The Court authorized plaintiffs to serve the motion and supporting papers on Arroyo electronically and set a return date of October 21, 2025, for the submission of any papers in opposition. See ECF No. 112. Plaintiffs served Arroyo on October 17, 2025, see ECF No. 123, but Arroyo has not appeared, and plaintiffs' motion is unopposed. Nevertheless, for the reasons that follow, plaintiffs' motion is hereby denied.

    "Whether to dissolve a Rule 62(a) stay is a matter of the court's discretion." Loans on Fine Art LLC v. Peck, No. 23 Civ. 4143, 2024 WL 4839177, at *1 (S.D.N.Y. Nov. 20, 2024) (quoting Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin, No. 21 Civ. 9221, 2022 WL 16908278,

1

at *1 (S.D.N.Y. Oct. 28, 2022)). In deciding whether to exercise that discretion, courts primarily consider whether a judgment creditor "has established a credible fear" that a judgment debtor "may dissipate assets to avoid collection of the judgment." E.g., ICM Inv. Partners II, LLC v. Commercial Real Estate, LLC, 25 Civ. 937, 2025 WL 1268842, at *3 (S.D.N.Y. May 1, 2025); Pereira v. Cogan, No. 00 Civ. 617, 2003 WL 22510410, at *1 (S.D.N.Y. Nov. 4, 2003). Courts also consider whether the judgment creditor has shown that the judgment debtor holds "substantial" property in another judicial district but "insufficient" property to satisfy the judgment in the district where judgment was entered. E.g., Jamil v. SPI Energy Co., Ltd., No. 16 Civ. 1972, 2017 WL 4326065, at *1 (S.D.N.Y. Sept. 8, 2017).

Here, plaintiffs contend that the stay should be dissolved for two reasons. Plaintiffs first allege that Arroyo has attempted to "evade enforcement of this Court's contempt orders . . . by fraudulently transferring real property held in his name in Texas." ECF No. 113 at 1. Plaintiffs then assert that, while Arroyo has "substantial" property in Texas, they "have been unable to identify any assets belonging to Arroyo in this District." Id. Plaintiffs' papers refer to only a single property of Arroyo's: the real property located at 3 Philbrook Way in Spring, Texas. See id. at 2-5; ECF No. 115 ¶ 5 & Ex. A.

Plaintiffs have brought a separate action in the Southern District of Texas concerning the property located at 3 Philbrook Way. See Fox

2

Corp. v. Arroyo Rodriguez, No. 25 Civ. 4650 (S.D. Tex.).[1] In that action, plaintiffs allege that, on September 2, 2025, Arroyo executed a special warranty deed transferring the property to his sister, Laura Paolo Arroyo Rodriguez, for "Love and affection and other good and valuable consideration." See id., ECF No. 1 ¶¶ 1.4, 5.2. Plaintiffs contend that transfer was fraudulent, in violation of the Texas Uniform Fraudulent Transfer Act, and they seek, among other things, an injunction voiding the transfer. See id. ¶¶ 6.0-6.4, 7.3; id. at 17. On October 2, 2025, the court in the Southern District of Texas entered a temporary restraining order voiding the transfer, prohibiting the further transfer or encumbrance of the property, and placing the property in a constructive trust for plaintiffs' benefit. See id., ECF No. 3 at 6. The court scheduled a hearing on plaintiffs' motion for a preliminary injunction against Arroyo Rodriguez for October 15, 2025, see id., ECF No. 3 at 7, but the court subsequently adjourned that hearing to November 12, 2025, on a motion by Arroyo Rodriguez that plaintiffs did not oppose, see id., ECF No. 13.

    Given these developments in the Southern District of Texas, the court there will not decide plaintiffs' motion for a preliminary injunction until at least November 12, 2025. That is five days after the automatic stay in this matter is set to expire on November 7, 2025. See Fed. R. Civ. P. 62(a) (stay expires thirty days after date

---

[1] The caption of the case in the Southern District of Texas incorrectly spells Arroyo Rodriguez's name.

of judgment). Because the only property of Arroyo's that plaintiffs have identified is subject, at least for now, to a constructive trust for plaintiffs' benefit and because the automatic stay will expire before the proceedings in the Southern District of Texas reach even a preliminary disposition, the Court is not persuaded that plaintiffs have established good cause to lift the automatic stay.

The Clerk of Court is respectfully directed to terminate the motion at docket number 112.

SO ORDERED.

New York, New York
October 24, 2025

JED S. RAKOFF, U.S.D.J.

4