**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br>Plaintiffs,<br>v.<br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br>Defendant. | Case No.: 1:25-cv-06703 (JSR) |

**NONPARTY MEXICO SPORTS DISTRIBUTION LLC'S MOTION TO STAY**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. FACTUAL BACKGROUND ........................................ 1

III. ARGUMENT ........................................ 2

A. The "Serious Questions" Standard Warrants a Stay. ........................................ 2

B. The Court's Admission of "Unclear" Jurisdictional Boundaries Establishes a Strong Appeal. ........................................ 2

C. MSD Faces Immediate, Irreparable Harm. ........................................ 3

D. The Balance of Hardships Tips Decidedly for MSD. ........................................ 3

E. The Public Interest Requires Appellate Review. ........................................ 3

IV. CONCLUSION ........................................ 4

# TABLE OF AUTHORITIES

**Cases**

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30 (2d Cir. 2010) ........ 2

*King v. Allied Vision, Ltd.*, 65 F.3d 1051 (2d Cir. 1995) ........ 2, 3

*Mohammed v. Reno*, 309 F.3d 95 (2d Cir. 2002) ........ 2

*Next Investments, LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2023) ........ 3

**Rules**

Fed. R. Civ. P. 62 ........ 1

Pursuant to Federal Rule of Civil Procedure 62, non-party Mexico Sports Distribution LLC ("MSD") moves to stay the further accrual of civil contempt sanctions and enforcement of any judgment.

## I. INTRODUCTION

This Court admits this case presents "complex questions of first impression" regarding the unclear jurisdictional boundaries between Mexican tribunals and their impact on the forum-selection clause. Yet, absent a stay, MSD faces immediate, irreparable harm. The Contempt Order imposes a crushing $200,000 daily fine. Enforcing these sanctions now destroys the *status quo*. A stay is essential to preserve appellate jurisdiction.

Thus, MSD requests a stay of the further accrual of contempt sanctions and the enforcement of judgment pending appeal. MSD has not offered a bond, nor is it required to do so at this juncture, and will address Plaintiffs' arguments about a bond on reply if necessary.

## II. FACTUAL BACKGROUND

On August 14, 2025, this Court entered a Temporary Restraining Order ("TRO"). It enjoined Defendant Media Deportes Mexico ("MDM") from using the "Fox Sports" trademarks and pursuing legal or regulatory relief in Mexico. *See* ECF No. 29. MSD, a non-party, is separately organized to hold license rights. On August 29, 2025, this Court held MSD in civil contempt. It imposed a fine of $200,000 per day. *See* ECF No. 45. MSD moved to set aside the order and the Court stayed the effectiveness of the contempt order. On October 30, 2025, the Court denied MSD's motion. *See* ECF No. 137. Notably, the Court admitted the dispute involves "complex questions of first impression." *Id.* at 34. The Court lifted the stay. Sanctions are now effective.

## III. ARGUMENT

### A. The "Serious Questions" Standard Warrants a Stay.

A stay is warranted if the movant shows: (1) likelihood of success; (2) irreparable injury; (3) favorable balance of hardships; and (4) public interest. *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). These factors operate on a sliding scale. MSD faces serious irreparable harm. Thus, it need not prove a mathematical probability of success. A stay is proper if the appeal raises "serious questions" and the balance of hardships tips "decidedly" to the movant. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

### B. The Court's Admission of "Unclear" Jurisdictional Boundaries Establishes a Strong Appeal.

Civil contempt requires clear notice. One should not be held in contempt if there was a "fair ground of doubt" regarding the conduct or the Court's power. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Here, the Court explicitly identified the "serious questions" for appeal in its own order. It stated: "[T]he boundaries of the respective jurisdictions of the IFT, the Specialized Court, and the Superior Court of Justice, as well as the implications of the jurisdiction of those bodies for the enforcement of the parties' forum-selection clause, are not entirely clear. This case accordingly presents complex questions of first impression." ECF No. 137 at 34.

These "serious questions" mandate a stay. If the boundaries between these Mexican bodies are "not entirely clear," and if their impact on the forum-selection clause (the entire basis for the contempt) is a "question of first impression," then MSD had a valid "fair ground of doubt" as to whether its filings in Mexico violated a lawful order.

MSD's appeal will argue, among other things, that because these issues were unclear, the Court lacked the necessary foundation to hold a non-party in contempt for litigating in those forums. This is a "serious question."

**C. MSD Faces Immediate, Irreparable Harm.**

Absent a stay, MSD will suffer irreparable harm. If the Second Circuit takes one year to decide the appeal, for example, the additional sanctions will total about $72 million. This is plainly ruinous and would effectively render MSD's right to appeal moot. And notably, Plaintiffs were not required to post a bond to obtain injunctive relief, and any monies paid to Fox might never be recovered by MSD.

**D. The Balance of Hardships Tips Decidedly for MSD.**

The equities also favor a stay. MSD faces irreparable harm. Plaintiffs are a multi-billion dollar media conglomerate and face only delay. Staying enforcement against *non-party* MSD prejudices no legitimate interest.

**E. Public Interest Requires Appellate Review.**

The public interest disfavors using contempt powers on unsettled legal theories. *See e.g.*, *Next Investments, LLC v. Bank of China*, 12 F.4th 119, 131 (2d Cir. 2023) ("Ambiguities in the order's language and persisting questions about legal limits on the court's power can each defeat a contempt motion.") (citing *King*, 65 F.3d at 1059). Judicial economy requires clarity. The Second Circuit should clarify these "complex questions of first impression" regarding the IFT and the forum-selection clauses first. A non-party should not be penalized for navigating conflicting international mandates before the law is settled.

## IV. CONCLUSION

For all the foregoing reasons, MSD moves to stay the Contempt Order and discovery pending appeal.

Respectfully submitted,

Dated: November 24, 2025

Kassra P. Nassiri, *Pro Hac Vice*
Jaime Dorenbaum, *Pro Hac Vice*
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
(415) 762-3100
kass@njfirm.com
jaime@njfirm.com
*Attorneys for non-party Mexico Sports Distribution LLC*

**CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)**

I, Jaime Dorenbaum, an attorney duly admitted to practice law in the State of California, hereby certify that this memorandum complies with the page limit set forth by the Court pursuant to Local Civil Rule 7.1 and the Court's Order.

Dated: November 24, 2025

Jaime Dorenbaum