**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br>Plaintiffs,<br>v.<br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br>Defendant. | Case No.: 1:25-cv-06703 (JSR) |

**NONPARTY MEXICO SPORTS DISTRIBUTION LLC'S**

**REPLY IN SUPPORT OF MOTION TO STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................... 1

II. ARGUMENT ........................................................................................ 1

A. A Stay Is Warranted for the Reasons Presented in the Motion. .................. 1

B. If a Bond Is Set, It Should Not Exceed the Judgment Amount. .................. 2

III. CONCLUSION .................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

*Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223 (N.D.N.Y. 2002) .......................... 3

*Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738 (2d Cir. 1953) ...................................... 1

*Motorola Credit Corp. v. Uzan*, 275 F. Supp. 2d 519 (S.D.N.Y. 2003) ........................................ 3

*Stone v. City & County of San Francisco,* 145 F.R.D. 553 (N.D. Cal. 1993) ............................... 2

# I. INTRODUCTION

The Court should stay the further accrual of sanctions and the execution of judgment pending appeal. Doing so would preserve the status quo and permit non-party Mexico Sports Distribution LLC ("MSD") to present serious questions to the Second Circuit. Plaintiffs oppose a stay, even if MSD posts a bond. But Plaintiffs fail to state what irreparable injury they may suffer if a stay is granted, other than the loss of money. *See* ECF No. 145 at 9 ("MSD… now asks the Court to impose a stay, which would inflict tens of millions of dollars in additional damage against Plaintiffs."). Thus, a stay should be issued, particularly if MSD posts a bond. But any bond should be reasonably tied to the amount of the judgment. And there has been no judgment here or discovery on the issue.

# II. ARGUMENT

## A. A Stay Is Warranted for the Reasons Presented in the Motion.

First, serious questions regarding jurisdictional boundaries are implicated in this case, as the Court recognized. Although the Court ultimately ruled in Plaintiffs' favor, it only did so after three rounds of briefing and three days of evidentiary hearing. *See* ECF No. 137 at 1. The fact that the Court ultimately required the parties to engage in such a deliberative process proves that this case, in fact, raises serious questions. *See Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953) ("To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.").

Second, there is no question the contempt sanctions are crippling. Fox suggests that MSD can simply "purge" the contempt, but this ignores the context of the case, in which Fox obtained a remarkably broad *ex parte* injunction against Media Deportes Mexico ("MDM") without posting a security. To date, no trier of fact, much less a jury, has heard a contested dispute regarding the merits and determined that Fox should prevail. Non-party MSD was already in contempt before it was even *properly* served with contempt papers. In the meantime, MSD, though adjudged to be in contempt here, continues to comply with Mexican law per the findings of Department 42 in Mexico City, and before the ongoing amparo proceedings in the specialized Mexican federal district court.

Third, Fox's injury consists only of financial harm. Moreover, the risk of harm to Fox is far outweighed by the impact the sanctions would have on MSD. Thus, the balance of hardships weighs in favor of MSD.

Finally, the public has an interest in resolving the serious questions that will be presented on appeal, including the complex jurisdictional boundaries at play.

**B. If a Bond Is Set, It Should Not Exceed the Judgment Amount.**

With respect to a bond, MSD is working on obtaining a bond pursuant to Rule 62. But Fox's request for an $89 million bond is speculative and wrongly presupposes the continuing accrual of sanctions during a stay. *See, e.g., Stone v. City & County of San Francisco,* 145 F.R.D. 553, 559 (N.D. Cal. 1993) ("Based upon its own review of the applicable law, the Court determines that, at least with respect to the type of civil contempt order at issue here, [coercive] contempt fines do not accrue during the pendency of the stay and appeal."). Indeed, Fox has not yet obtained a judgment that could serve to anchor any bond calculation. *See Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) ("In spite of the general

requirement that a judgment debtor post a supersedeas bond in the full amount of the judgment, ..., the district court, in its discretion, may use equitable principles to grant such a stay without a full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." (citations omitted) (cleaned up).

Moreover, Fox's request frustrates the purpose of a bond, which is "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Cayuga Indian Nation*, 188 F. Supp. 2d at 254 (citations omitted) (cleaned up). As the Motion argues, enforcing these sanctions now destroys the *status quo*, and a stay is essential to preserve appellate jurisdiction. Fox cites a decision by this Court in which it set a $1 billion bond. But in that case, the Plaintiff had already obtained a much larger $2.7 billion judgment. *See Motorola Credit Corp. v. Uzan*, 275 F. Supp. 2d 519, 524 (S.D.N.Y. 2003) ("But the problem of injury to plaintiffs might be largely obviated, at least as to MCC, if defendants were willing to post a bond equal to the amount of the judgment"). Here, Fox has not obtained a judgment against MSD, and even so, it requests a bond far in excess of the accrued sanctions.

Finally, Fox's concern about the transfer of assets is a red herring. MSD has agreed to respond substantively to Fox's subpoena, which explains why Fox is not currently moving to compel.

## III. CONCLUSION

For all the foregoing reasons, and the reasons stated in the Motion to Stay, MSD moves to stay the Contempt Order and the execution of judgment pending appeal. Should the Court require a bond, MSD requests that it be reasonably tied to a judgment.

Respectfully submitted,

Dated: November 30, 2025

Kassra P. Nassiri, *Pro Hac Vice*
Jaime Dorenbaum, *Pro Hac Vice*
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
(415) 762-3100
kass@njfirm.com
jaime@njfirm.com
*Attorneys for non-party Mexico Sports Distribution LLC*

**CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)**

I, Jaime Dorenbaum, an attorney duly admitted to practice law in the State of California, hereby certify that this memorandum complies with the page limit set forth by the Court pursuant to Local Civil Rule 7.1 and the Court's Order.

Dated: November 30, 2025

Jaime Dorenbaum