UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
FOX CORPORATION, et al.,

          Plaintiffs,

     -v-

MEDIA DEPORTES MEXICO, S. de R.L. de
C.V.,

          Defendant.
```

25-cv-6703 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of non-party Mexico Sports Distribution, LLC ("MSD"), to stay, pending the disposition of MSD's appeal of various Orders of this Court, the accrual of civil contempt sanctions against it and the execution of judgment with respect to such sanctions. ECF No. 144. MSD's motion was fully briefed on December 1, 2025. See ECF Nos. 145, 147. For the reasons that follow, the Court hereby denies MSD's motion without prejudice.

The Court presumes the parties' familiarity with the factual background and procedural history of this action, including the proceedings resulting in this Court's Orders holding MSD in civil contempt and imposing contempt sanctions of $200,000 per day, commencing on September 5, 2025. See ECF Nos. 45, 48, 73, 96, 137. As relevant here, on November 21, 2025, MSD filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit from these and unspecified "related orders," as well as from the preliminary injunction that the Court issued on September 5, 2025. ECF No. 143.

1

A party seeking a stay pending appeal must show that it faces irreparable harm absent a stay; courts also consider "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and "where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); cf. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 593 F.3d 30, 35 (2d Cir. 2010) (articulating slightly different standard concerning injunctive relief).[1]

MSD argues that the further accrual of civil contempt sanctions would cause it irreparable harm, as well as that it will raise "serious questions" on appeal and that the harms it faces are far graver than those that a stay would impose on plaintiffs. ECF No. 144-1 at 2-3; ECF No. 147 at 1-2.

MSD has not carried its burden to obtain a stay of the further accrual of contempt sanctions because it has failed to show that it will be irreparably harmed absent a stay. As to that factor, MSD states that the accrual of further contempt sanctions would be "ruinous" and "effectively render MSD's right to appeal moot" because "[i]f the Second Circuit takes one year to decide the appeal, the additional

---

[1] The Court notes that the parties have identified several lines of caselaw regarding the proper test to be applied to MSD's motion. See ECF No. 144-1 at 2; ECF No. 145 at 4, 12. Because the Court concludes that MSD has failed to demonstrate irreparable harm, which is a requirement of all the proposed tests, the Court need not decide which test is to be applied.

2

sanctions will total about $72 million." ECF No. 144-1 at 3; see also ECF No. 147 at 2 (characterizing contempt sanctions as "crippling"). In the Second Circuit, "[m]onetary loss alone will generally not amount to irreparable harm . . . unless the movant provides evidence of damage that cannot be rectified by financial compensation." Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 934 F.2d 30, 34 (2d Cir. 1991). It may well be that MSD's estimate of the length of the appellate process (and, thus, MSD's calculation of the total contempt sanctions it would face should its appeal be denied) is correct. See U.S. Courts of Appeals Federal Court Management Statistics (June 30, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_appsum mary0630.2025.pdf. And it may well be that $72 million in sanctions would "force [MSD] into bankruptcy." See Borey, 934 F.2d at 34. But MSD, which has the burden to show it faces irreparable harm, offers only speculation and conclusory assertions on both points -- and this even after plaintiffs noted in their opposition papers that MSD had failed to proffer evidence of irreparable harm. See ECF No. 145 at 7-9 (collecting cases holding that, among other things, contemnor bears burden of producing evidence of inability to comply with sanctions).[2]

---

[2] Moreover, as plaintiffs point out, MSD "carries the keys of [its] prison in [its] own pocket," see Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 442 (1911), and could stop the further accrual of contempt sanctions at any time by purging its contempt. MSD argues that the injunction it violated is "remarkably broad" and that it has acted in compliance with Mexican law, ECF No. 147 at 2, but MSD does not dispute that it has the capacity to purge its contempt.

Because MSD has not established that it faces irreparable harm absent a stay, it is not entitled to the relief it seeks.[3]

While the Court therefore need not reach the issue of MSD's likelihood of success on appeal, the Court notes that MSD's moving papers quote its most recent opinion in this matter out of context. The Court indeed expressed the view that this case "presents complex questions of first impression -- questions rendered all the more difficult by [defendant Media Deportes Mexico's] persistent refusal to appear in any respect." Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V., --- F. Supp. 3d ---, 2025 WL 3029941, at *12 (Oct. 30, 2025). But the Court immediately went on to note that "as to the narrow question immediately before the Court -- whether there was a fair ground of doubt as to whether this case would dispose of the case that [defendant Media Deportes Mexico, S. de R.L. de C.V.] and MSD brought in the Superior Court of Justice [of Mexico City] -- the Court concludes that there is no such ground of doubt." Id. (emphases added). The Court also characterized some of the arguments MSD seeks to press on appeal as "not objectively reasonable." Id. at *11.

MSD's motion contains a separate request, under Federal Rule of Civil Procedure 62, for a stay of enforcement of judgment as to the

_____

[3] It necessarily follows that MSD has also failed to show that the hardships it would face from the further accrual of contempt sanctions outweigh the hardships that plaintiffs would face from the entry of a stay. On this point, MSD again offers no more than unsubstantiated assertions about its and plaintiffs' respective financial positions. See ECF No. 144-1 at 3; ECF No. 145 at 9-10; ECF No. 147 at 2.

contempt sanctions that have accrued against it. See ECF No. 144 at 1; ECF No. 147 at 2-3.[4] MSD's request is not ripe, however, because no judgment has been entered against it. See Fed. R. Civ. P. 62(b) (providing procedures to stay enforcement "[a]t any time after judgment is entered"). Even had judgment been entered, MSD's request would fail because, for the reasons already given, it has not carried its burden to show that it faces irreparable harm absent a stay.

Accordingly, MSD's motion is denied without prejudice. MSD may renew the prong of its motion requesting a stay of the accrual of contempt sanctions by presenting evidence sufficient to show that it faces irreparable harm and that it satisfies the other factors necessary to obtain such a stay. MSD may renew the prong of its motion requesting a stay of enforcement of judgment upon the entry of judgment against it.

The Clerk of Court is respectfully directed to terminate the motion at docket number 144.

SO ORDERED.

New York, New York
December __, 2025

_____
JED S. RAKOFF, U.S.D.J.

---

[4] The parties dispute whether MSD should be required to post a bond and, if so, in what amount. See ECF No. 145 at 13-18; ECF No. 147 at 2-3. Because MSD is not entitled to a stay of enforcement of judgment, the Court need not reach these issues. Should MSD renew this prong of its motion and argue that it should not be required to post a bond, it must show that it satisfies the test for waiving Rule 62's requirement of a bond set forth in In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015).