**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>        Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**[PROPOSED] PROTECTIVE ORDER** |

X,

##-CV-#### (JSR)
 Plaintiffs,
PROTECTIVE ORDER


                        v.

X,


 Defendants.

JED S. RAKOFF, U.S.D.J.
    The parties Plaintiffs Fox Corporation, Fox Media LLC and Fox Sports en Español LLC (collectively, "Plaintiffs") and non-party Mexico Sports Distribution, LLC ("MSD") having agreed to the

following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing ~~the pre-trial phase of this action~~discovery in aid of enforcement of the Court's order imposing civil contempt sanction on MSD (Dkts. 45, 137), it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the ~~parties to this action,~~Plaintiffs and MSD, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any ~~other~~

person any "Discovery Material" (i.e., information of any kind ~~provided~~ in the course of discovery in this action) that is

designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (together, "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone ~~else~~ except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of:

(a) ~~previously nondisclosed~~ financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) ~~previously nondisclosed~~ material relating to ownership or control of any non-public company;

(c) ~~previously nondisclosed~~ business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery material may designate as "Confidential – Attorneys' Eyes Only" only such portions of such material that (1) satisfy the criteria in

subparagraphs 2(a)-(c) above provided such information is of a competitively sensitive nature, or (2) any other category of information hereinafter given "Confidential – Attorneys' Eyes Only" status by the Court.

3̶4. With respect to the "Confidential" or "Confidential – Attorneys' Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not

interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the ~~confidential~~"Confidential" or "Confidential – Attorneys' Eyes Only" information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for "Confidential" or "Confidential – Attorneys' Eyes Only" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" and/or "Confidential – Attorneys' Eyes Only Information Governed by Protective Order" by the reporter, as applicable.

~~4.~~  5. If at any time prior to the ~~trial~~termination of this               ~~action~~litigation,               a producing person realizes that some portion[s] of

Discovery Material that that person previously produced without limitation should be designated as "Confidential, he" or "Confidential – Attorneys' Eyes Only", the producing person may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as "Confidential" or "Confidential – Attorneys' Eyes Only", as applicable, under the terms of this Order.

6.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a)  the officers, directors, and employees to the parties to this action (including attorneys who are employees to the parties);

(b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit

hereto;

(e) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(ef) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(fg) stenographers engaged to transcribe depositions conducted in this action; and

(gh) the Court and its support personnel.

7.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential – Attorneys' Eyes Only" to any other person whomsoever, except to those persons referred to in subparagraphs 6(b)-(h) above.

8.    Nothing in this Order shall bar or otherwise restrict counsel specifically retained for this action from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his or her examination of materials designated "Confidential" or "Confidential – Attorneys' Eyes Only," provided, however, that in

rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" to persons who are not qualified under this Order to receive such materials.

69.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 56(d) or 5 (ef) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such

person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any person subject to this Order may only use information produced by another party subject to this Protective Order, in connection with this Action, or for enforcing orders or executing judgments arising from this Action.

711. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts

to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

~~8.~~ 12. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "~~attorneys' eyes only~~Confidential - Attorneys' Eyes Only" in extraordinary circumstances), may at any time prior to ~~the trial~~termination of this litigation of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

~~9.~~13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Confidential - Attorneys' Eyes Only". The Court ~~Confidential. The Court~~ also retains unfettered discretion whether or not to afford confidential treatment to any Confidential

Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application,

or proceeding that may result in an order and/or decision by the Court.

~~10~~14. Each person who has access to Confidential Discovery Material ~~that has been designated as Confidential~~ shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

~~11~~15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

~~12~~16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order ~~order~~ of the Court.   The receiving party shall, within five business days, return or destroy all copies of the Inadvertently

Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

1317. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

1418. As with any information redacted or withheld, the receiving

party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

~~15~~19. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the disclosing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

~~16~~21. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential~~,~~" or "Confidential - Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing

person, destroyed.

22. This Court shall retain jurisdiction over all persons

subject to this Order to the extent necessary to enforce any

obligations arising hereunder or to impose sanctions for any contempt thereof.

~~SO STIPULATED AND AGREED.~~    ~~SO STIPULATED AND AGREED.~~

**SO STIPULATED AND AGREED.**

<u>/s/Katherine A. Petti</u>    <u>/s/Jaime Dorenbaum</u>

<u>Eric M. George</u>

<u>Katherine A. Petti, *pro hac vice*</u>

<u>Christopher T. Berg, *pro hac vice*</u>

<u>*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC and Fox Sports en Español LLC*</u>

<u>Kassra P. Nassiri</u>

<u>Jaime Dorenbaum</u>

<u>*Attorneys for Non-Party Mexico Sports Distribution LLC*</u>

Dated: December 11, 2025      Dated: December 11, 2025 **SO ORDERED.**

**JED S. RAKOFF, U.S.D.J.**

**Dated:    New York, New York**

_____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>            Plaintiffs,<br><br>        v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>            Defendant. | Case No.:<br>1:25-cv-06703-JSR<br><br><br>**NON-DISCLOSURE AGREEMENT** |

~~X,~~

~~Plaintiffs,~~

~~##-CV-#### (JSR)~~

~~NON-DISCLOSURE AGREEMENT~~

~~v.~~

~~X,~~

~~Defendants.~~

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

| Summary report:<br>Litera Compare for Word 11.4.0.111 Document comparison done on<br>12/11/2025 5:36:30 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** JSR Rakoff Model Protective Order 07.28.2020.pdf | |
| **Modified filename:** 2025.12.11 - Protective Order.pdf | |
| **Changes:** | |
| Add | 83 |
| Delete | 81 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 3 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 1 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 168 |