UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOX CORPORATION, et al.,

      Plaintiffs,

  -v-

MEDIA DEPORTES MEXICO, S. de R.L. de
C.V.,

      Defendant.

---

25-cv-6703 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC for an order imposing civil confinement on non-party contemnor Manuel Arroyo. ECF No. 200. For the reasons that follow, plaintiffs' motion is hereby denied.

The Court assumes familiarity with the factual background and procedural history of this action, which it has previously detailed. See Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V., --- F. Supp. 3d ---, 2026 WL 438878, at *1-4 (S.D.N.Y. Feb. 17, 2026). As relevant here, on August 29, 2025, the Court imposed civil contempt sanctions, consisting of a fine of $200,000 per day, jointly and severally on Arroyo, defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM"), non-party Grupo Lauman Holding, S. de R.L. de C.V. ("Grupo Lauman"), and non-party Mexico Sports Distribution LLC ("MSD"). ECF Nos. 44-45. The Court imposed those sanctions in response to the contemnors' violation of a temporary restraining order that the Court issued on August 14, 2025. See ECF No. 29. On September 5, 2025,

1

the Court entered a preliminary injunction granting substantially the same relief as the temporary restraining order. See ECF No. 49; see also ECF No. 73 (amending preliminary injunction).

The Court temporarily stayed the effectiveness of the civil contempt sanctions, see ECF No. 45 at 2, ECF No. 47 at 1, but lifted that stay as to Arroyo, MDM, and Grupo Lauman on September 9, 2025, see ECF No. 73 at 7. Thus, the sanctions against Arroyo began accruing on September 9, 2025, and continue to accrue daily.

On October 8, 2025, on plaintiffs' motion, the Court reduced the sanctions that had accrued against Arroyo as of that date to a judgment in the amount of $5,800,000. See ECF Nos. 102, 107. Then, on February 27, 2026, again on plaintiffs' motion, the Court reduced the further civil contempt sanctions that had accrued against Arroyo since October 8, 2025, to a second judgment in the amount of $30,400,000. See ECF Nos. 183, 197. Arroyo has not appeared in this action, paid any of the sanctions imposed on him, purged his contempt, or opposed plaintiffs' motion for civil confinement.[1]

Arroyo has, however, taken steps that indicate his awareness of the Court's orders and of at least the first judgment entered against

---

[1] The same is true of MDM and Grupo Lauman. MSD, the sole co-contemnor based in the United States, appeared on September 5, 2025, and has repeatedly, but unsuccessfully, sought to vacate the Court's contempt order and the resulting sanctions. See Media Deportes Mexico, 2026 WL 438878, at *1-4. One such motion of MSD's remains pending, as does plaintiffs' motion requesting that the Court hold MSD in further contempt for dissipating its assets. See ECF Nos. 186, 192.

him. On September 2, 2025, Arroyo deeded to his sister, Laura Paola Arroyo Rodriguez, certain real property located in the Southern District of Texas. Plaintiffs subsequently challenged the transfer of that property as fraudulent, seeking injunctive relief and a judgment voiding the transfer or, in the alternative, reconveying the property to Arroyo. See Fox Corp. v. Arroyo Rodriguez, No. 25 Civ. 4650 (S.D. Tex.), ECF No. 1.[2] On March 9, 2026, Arroyo appeared in a separate action that plaintiffs brought in the Southern District of Texas to register this Court's judgment there. Fox Corp. v. Arroyo, No. 25 Misc. 2271 (S.D. Tex.). Arroyo moved to vacate this Court's judgment on the basis that the Court lacked personal jurisdiction over him. Id., ECF No. 2. That motion remains pending.

It lies within the inherent authority of a district court to order civil confinement as a coercive sanction for civil contempt. Armstrong v. Guccione, 470 F.3d 89, 102 (2d Cir. 2006). Moreover, by statute, any federal court "shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Arresting and confining a contemnor is, however, a severe

---

[2] In papers filed in support of the motion presently before the Court, plaintiffs contend that Arroyo fraudulently conveyed a second Texas property to another of his relatives. See ECF No. 202 ¶ 16, ECF No. 202-14. But plaintiffs have not, to the Court's awareness, brought an action in the Southern District of Texas (or elsewhere) to challenge that allegedly fraudulent conveyance.

sanction, and "courts must judiciously exercise their authority in imposing the least restrictive and intrusive sanctions." Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc., No. 10 Civ. 1136, 2020 WL 377951, at *4 (S.D.N.Y. Jan. 22, 2020).[3] In determining whether civil confinement is an appropriate sanction, the Court "must consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." Benthos Master Fund, Ltd. v. Etra, 20 Civ. 3384, 2022 WL 17819592, at *17 (S.D.N.Y. Dec. 20, 2022). Even where all these factors are present, the decision to impose civil confinement -- like the imposition of any sanction for civil contempt -- ultimately turns on "whether the coercive sanction is reasonable in relation to the facts, which is a matter in the Court's discretion." See id.

The Court in no way condones Arroyo's conduct in this litigation. In the months since the Court issued its temporary restraining order on August 14, 2025, Arroyo and his co-contemnors have defied that order, as well as the preliminary injunction that followed, by continuing to use the trademarks in dispute in this matter and by maintaining litigation against plaintiffs and their affiliates in the

---

[3] Except where otherwise indicated, all quotations in this Memorandum omit citations, internal quotation marks, footnotes, brackets, ellipses, and other non-substantive alterations in source material.

courts of Mexico. Co-contemnors MDM and Grupo Lauman -- entities led by Arroyo -- published a press release contesting this Court's jurisdiction and asserting, among other things, that "MDM has never submitted to the jurisdiction and competence of the federal courts of the United States of America"; that "foreign courts are not -- and should not be used as -- courts of appeal for decisions validly issued by national courts"; and that "MDM (Fox Sports Mexico) will continue to defend its rights before all competent bodies." ECF No. 36-2. Also, as noted above, Arroyo has personally attempted to evade the effects of the civil contempt sanctions imposed on him by conveying at least real property in Texas for nominal consideration. All this conduct represents flagrant defiance of the Court's authority.

However, upon careful consideration, the Court concludes that civil confinement is not yet warranted at this juncture. The bulk of the contumacious conduct is only indirectly attributable to Arroyo because MDM and MSD, not Arroyo personally, have continued using the disputed trademarks and maintaining the litigation in Mexico. Plaintiffs are correct, of course, that Arroyo, as president of MDM and MSD and as chief executive of Grupo Lauman, is ultimately responsible for his companies' conduct. ECF No. 201 at 6-9. But plaintiffs -- stressing that Arroyo has "permitted," "allowed," and "enabled" his companies' behavior -- do not offer concrete evidence regarding the role that Arroyo has personally played in visiting ongoing harms on plaintiffs and their affiliates. See id.

The Court is also unpersuaded that ordering Arroyo's civil confinement will bring about compliance with the Court's orders. As plaintiffs point out, Arroyo appears to have monitored these proceedings without deigning to appear in them. See ECF No. 201 at 12-13. Hence, the Court views it as unlikely that Arroyo would risk civil confinement by traveling to the United States should the Court grant plaintiffs' motion. Even so, plaintiffs are not entirely without remedies. They have taken steps to execute the Court's judgments against Arroyo, including by securing preliminary injunctive relief in the Southern District of Texas. A court there has voided Arroyo's conveyance of his Texas property to his sister, prohibited Arroyo from further transferring or encumbering that property, and placed the property in a constructive trust for plaintiffs' benefit. Fox Corp. v. Arroyo Rodriguez, ECF No. 22. Further such steps may be available to plaintiffs to the extent that Arroyo owns or has recently disposed of other real and personal property in the United States. See ECF No. 201 at 15, ECF No. 202 ¶ 14.

Finally, the Court recognizes that even the substantial financial sanctions that have already accrued against Arroyo are likely to represent a small fraction of his overall wealth and, therefore, may not significantly burden him. See ECF No. 201 at 15. It does not follow, however, that civil confinement is a reasonable next step. The cases that plaintiffs cite in support of that proposition are distinguishable on numerous grounds. In several of those cases, the

contemnor was already present in the Southern District of New York. Armstrong, 470 F.3d at 94-95; Benthos Master Fund, 2022 WL 17819592, at *4, *7-8 (noting contemnor was remanded into custody of U.S. Marshals during court hearings); Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin, No. 21 Civ. 9221, 2023 WL 11898045, at *1-2 (S.D.N.Y. Aug. 24, 2023). Moreover, several contemnors were in contempt for their personal conduct, not that of their companies. See Armstrong, 470 F.3d at 94-95; Benthos Master Fund, 2022 WL 17819592, at *4-8; Qin, 2023 WL 11898045, at *1-2; Schwartz v. ThinkStrategy Cap. Mgmt. LLC, No. 09 Civ. 9346, 2017 WL 5558682, at *1 (S.D.N.Y. May 9, 2017). And one of plaintiffs' cases concerns a contemnor who achieved his release from civil confinement upon showing that further incarceration was not likely to coerce compliance. Schwartz, 2017 WL 5558682, at *1-2.

Because the Court concludes that civilly confining Arroyo is not, at least for now, sufficiently reasonable in relation to the facts of this case as to warrant personal confinement at this time, plaintiffs' motion is hereby denied. This decision is without prejudice to plaintiffs' renewing their motion should additional circumstances so warrant.

The Clerk of Court is respectfully directed to terminate the motion at docket number 200.

SO ORDERED.

New York, New York
March 23, 2026

JED S. RAKOFF, U.S.D.J.