**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**PLAINTIFFS' SUR-REPLY TO MEXICO SPORTS DISTRIBUTION, LLC'S MOTION TO VACATE THE CONTEMPT ORDER, ASSET FREEZE AND COMPENSATORY SANCTION** |

Mexico Sports Distribution, LLC ("MSD") has raised four new arguments on reply. That is improper and the Court should disregard them. *See Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998) ("New arguments first raised in reply … will not be considered."), *aff'd*, 173 F.3d 843 (2d Cir. 1999). However, if the Court is inclined to consider them, Plaintiffs submit the following responses. *See Stepski v. M/V Norasia Alya*, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (granting leave to file sur reply addressing arguments first made in a reply brief).

For the first time in its reply, MSD asserts that MSD is not "legally identified" with Defendant. ECF No. 210 at 14. That is wrong. Plaintiffs have introduced copious evidence of MSD's legal identification with Defendant, which the Court has cited as the basis for its legal identification findings. *See* ECF No. 100 at 11–12; ECF No. 96 at 16; ECF No. 137 at 39 ("[T]he Court has found that, in relevant respects, MSD has just this kind of relationship with MDM."). This evidence includes that MSD and Defendant are indirect subsidiaries of the same corporate parent, Grupo Lauman; they share common leadership in Grupo Lauman's chief executive, Manuel Arroyo, who is also president of MSD and their joint venture, "Fox Sports Mexico"; they have filed joint pleadings and are represented by the same counsel in the courts of Mexico; they have,

either in their own names or that of Fox Sports Mexico, authored joint statements in the press; and they do not appear to have asserted independent legal interests in their dispute with Plaintiffs. ECF No. 96 at 12. Plaintiffs' evidence in support of MSD's legal identification with MDM also includes MSD's admission "that it is a 'non-operational' entity that exists to hold certain contracts that are necessary for the operation of 'Fox Sports Mexico.'" ECF No. 137 at 39 (citation omitted). MSD offers nothing to rebut that evidence and no basis to reverse the Court's prior rulings.[1]

For the first time in its reply, MSD raises the existence of indemnification provisions in the Trademark License Agreement to suggest that no irreparable harm could exist from Defendant's breach of the License Assignment Agreement because Disney agreed to indemnify Plaintiffs for losses. ECF No. 210 at 8–10, 14. That argument entirely misses the mark.[2] Defendant is actively using Plaintiffs' trademarks in Mexico without authorization in breach of the Trademark License Agreement and actively litigating the use of Plaintiffs' marks in Mexico in breach of the forum selection clause in the Trademark License Agreement. No amount of indemnification would remedy the ongoing unauthorized use of those marks or Defendant's attempt to litigate in an unauthorized forum. Accordingly, the irreparable harm that Plaintiffs have presented to the Court as the basis for preliminary injunctive relief is the prospective harm, reputational and business-related, that Plaintiffs will continue to suffer if Defendant continues its unauthorized use of Plaintiffs' marks and the irreparable harm of being forced to litigate anywhere other than as set

---

[1] MSD's Rule 60(b) motion is an improper vehicle to challenge this Court's orders in any case. Each of its new arguments should instead have been raised in its now-abandoned and dismissed appeal. *See Fox Corp. et al. v. Media Deportes Mexico, et al.*, Case No. 25-2983, Dkt. No. 33 (2d Cir. Mar. 17, 2026) (dismissing MSD's appeal for "failure to file brief and appendix"); *cf. Matarese v. LeFevre*, 801 F.2d 98, 106–107 (2d Cir. 1986) (Rule 60 "may not be used as a substitute for appeal.").

[2] Disney's contractual indemnification obligations under the Trademark License Agreement, if any, are particularly irrelevant to the issue at hand—MSD's contempt for violating the Court's orders and the ongoing and prospective harm that Fox is experiencing. *See* ECF Nos. 29, 41, 49.

forth in the forum selection clause. *See* ECF No. 10 at 28–30. MSD's belated indemnification argument makes no sense given the actual irreparable harms Plaintiffs presented to the Court to justify injunctive relief.

For the first time in its reply, MSD asserts that MDM did not assume Disney's obligations because Plaintiffs have adduced no evidence of a novation. ECF No. 210 at 11. That argument is a non sequitur. The issue is not whether Disney retains obligations under the Trademark License Agreement, which is what a novation might extinguish. The issue is instead whether MDM agreed to assume the disclosed obligations of the Trademark License Agreement—and is in breach of those obligations. The Court has already answered that question in the affirmative. *See* ECF No. 137 at 5–6, n. 4 (finding that MDM agreed to "'undertake … to meet all of the disclosed obligations of [TFCF] as set forth in' the Trademark License Agreement") (citing ECF No. 11-27). Whether Disney's obligations are extinguished or not has nothing to do with the obligations that MDM plainly undertook when it signed the License Assignment Agreement.

For the first time in its reply, MSD contends that the Court's sanction is compensatory only. ECF No. 210 at 12. That is wrong. As the Court already ruled, "it is well established that 'a sanction imposed on a party held in civil contempt generally may serve either ***or both*** of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate for losses resulting from the contemnor's noncompliance." ECF No. 73 at 6 (citing *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982)) (emphasis added). The Court went on to hold that Plaintiffs should be compensated for the harm caused by MSD's contempt, and then held that making the sanction payable to Plaintiffs was further justified because "sanctions payable to the Clerk of Court may not be effective as a ***coercive*** measure because the

Clerk lacks the ability to enforce sanctions." *Id.* at 7 (emphasis added). Once again, MSD's arguments have already been rejected by the Court and are belied by the record.

MSD's belated arguments are improper and meritless. The Court should disregard them. Plaintiffs should cease having to absorb the cost of relitigating points already raised with and rejected by this court.

Dated: Los Angeles, California
March 30, 2026

ELLIS GEORGE LLP

By: /s/ Christopher T. Berg

Eric M. George
Katherine A. Petti, *Pro Hac Vice*
Christopher T. Berg, *Pro Hac Vice*

2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
cberg@ellisgeorge.com
kpetti@ellisgeorge.com

Stephen P. Farrelly
Edward Lee
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com
elee@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*

**CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL RULE 7.1(c)**

I, Christopher T. Berg, an attorney duly admitted Pro Hac Vice to practice in the Southern District of New York, hereby certify that this memorandum is no longer than 25 double spaced pages and the text and footnotes are in 12 point type, which complies with Rule 2(e) of this Court's Individual Rules of Practice.

Dated: March 30, 2026

Christopher T. Berg