UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX CORPORATION, et al.,

       Plaintiffs,

  -v-

MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,

       Defendant.

25-cv-6703 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On April 1, 2026, the Court issued an Opinion and Order in which, among other things, it held non-party contemnor Mexico Sports Distribution LLC ("MSD") in further civil contempt for dissipating its assets in violation of an Order of this Court dated September 19, 2025. See ECF No. 95 (imposing asset freeze); ECF No. 215 at 1, 9 (holding MSD in further civil contempt). The Court directed plaintiffs and MSD to provide the Court with briefing as to what further civil contempt sanctions should be imposed on MSD. See ECF No. 215 at 9, 22.

On April 8, 2026, plaintiffs responded to the Court's direction by requesting that the Court both "appoint a receiver over MSD who will be empowered to cause MSD to comply with the Court's orders" and "compel MSD to produce information detailing its asset transfers." ECF No. 216 at 1. In support of that request, plaintiffs recommended the appointment of Robert Seiden, a member of the Part 36 Eligibility List of potential receivers maintained by the New York State Unified Court System, and plaintiffs simultaneously filed a proposed Order

1

appointing Mr. Seiden as receiver. See id. at 5; ECF No. 218 (proposed Order). Rather than responding to the Court's direction to submit briefing with regard to the further sanctions to be imposed on MSD, MSD's then-counsel requested to withdraw from representing MSD in this action. See ECF No. 219. The Court granted that request on April 10, 2026, and directed MSD to retain new counsel and to have such counsel enter its appearance on the docket of this case by April 17, 2026. ECF No. 221. MSD failed to comply.

In light of these developments, the Court is considering, but has not yet decided, to grant plaintiffs' request to appoint a receiver over MSD. The Court's practice in considering such requests is not to limit its choice to any one potential receiver. Accordingly, plaintiffs are hereby ordered to provide the Court, no later than noon on April 23, 2026, with a list of three individuals who are, in plaintiffs' view, qualified to serve as receiver. Should the Court grant plaintiffs' request for the appointment of a receiver, it nevertheless reserves the right to appoint an individual not proposed by plaintiffs.

Moreover, the Court finds plaintiffs' proposed Order appointing a receiver insufficiently specific with regard to how any receiver would be compensated, particularly in the event that MSD lacks sufficient assets to compensate the receiver at a reasonable and customary rate. See ECF No. 218 at 7. Plaintiffs are hereby ordered to provide the Court, again no later than noon on April 23, 2026, a revised proposed Order indicating more clearly how any receiver is to be paid and setting a May 15, 2026, deadline for MSD, under the

2

direction of the receiver, to comply with plaintiffs' outstanding discovery requests.

The Court will convene a telephonic hearing on plaintiffs' request at 4:15 p.m. on April 24, 2026. The Court will promptly publish on the docket of this case details with regard to how plaintiffs and the public may access the Court's teleconference line.

SO ORDERED.

New York, New York
April 21, 2026

_____
JED S. RAKOFF, U.S.D.J.