Case 1:25-cv-06703-JSR    Document 226    Filed 04/24/26    Page 1 of 10

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MEDIA DEPORTES MEXICO, S. de R.L. de C.V., <br><br> Defendant. | Case No.: 1:25-cv-06703 <br><br> [PROPOSED] ORDER APPOINTING RECEIVER AND IMPOSING OTHER SANCTIONS ON MEXICO SPORTS DISTRIBUTION, LLC |

The Court ordered the parties to submit briefing on what sanctions the Court should impose on contemnor Mexico Sports Distribution, LLC ("MSD") after holding MSD in further contempt for violating the Court's asset freeze order, ECF No. 95. Upon consideration of the materials submitted to the Court by Plaintiffs and MSD, the Court hereby ORDERS the following:

IT IS HEREBY ORDERED that Robert Seiden (the "Receiver") is appointed to act as receiver of MSD; and it is further

ORDERED that the Receiver shall exercise all powers and authority of MSD that the receiver deems reasonable and prudent to bring MSD into compliance with the Court's orders, including but not limited to the Court's temporary restraining order, ECF No. 29, preliminary injunction, ECF No. 49, contempt orders, ECF Nos. 45 and 215, and asset freeze order, ECF No. 95. Those powers include the following:

1. to sign documents such as instruments of transfer to effectuate or implement the Court's orders on behalf of MSD;

Case 1:25-cv-06703-JSR    Document 226    Filed 04/24/26    Page 2 of 10

2. to cause any corporate resolutions or any other requisite documents of MSD to be filed with the requisite registry, whether in the United States, Mexico, or any other country;

3. to amend MSD's corporate charter, bylaws, or related corporate documents;

4. to make any request or demand for documents or information from any person or entity (including MSD, its affiliates, Fox Sports Mexico, or any third party);

5. to seize, preserve, take possession of, and control the assets, property, electronically stored information, computers, databases, documents, and any other information of MSD, including, for that purpose, entering, with the aid and assistance of any person, any premises where those materials or information are or may be stored and to remove the same;

6. to make forensic images of any phones, tablets, computers, or other devices used to send or receive electronic communications in the conduct of MSD's business, including the personal devices of MSD's directors, officers, employees, or agents to the extent the information on those devices is related to MSD's business;

7. to operate MSD's business and to assign, sell, lease, or otherwise dispose of all or any part of MSD's assets, without demand upon or notice to MSD;

8. to operate MSD's joint venture Fox Sports Mexico, including the use of any intellectual property in the United States or Mexico and the operation of any websites, social media accounts, or any other medium that uses or displays intellectual property;

9. to exercise discretion in all voting and consensual rights of MSD, including any voting or consensual rights associated with Fox Sports Mexico;

Case 1:25-cv-06703-JSR    Document 226    Filed 04/24/26    Page 3 of 10

10. to convene MSD board meetings and exercise the powers of MSD's board of directors;

11. to remove or appoint any board member, officer, or employee of MSD;

12. to control the bank accounts of MSD;

13. to sell and/or pass title of any assets of MSD to any other person or to sell and distribute the proceeds of any sale to Plaintiffs;

14. to notify MSD's account debtors and obligors to make payments directly to Plaintiffs and to enforce MSD's rights against such account debtors and obligors;

15. to withdraw, initiate, continue, participate in, or defend any legal actions or regulatory proceedings on MSD's behalf, including but not limited to petitioning to lift the injunction issued by the 42nd Court of the Superior Court of Mexico City against Plaintiffs or their affiliates;

16. to retain or dismiss advisors, legal counsel, consultants, agents, supplier, or any other individuals or entities the Receiver deems necessary to effectuate or implement the terms of the Court's orders, including revoking or granting adequate and sufficient powers of attorney to those individuals;

17. to review information that falls under MSD's attorney-client privilege, attorney work product protection, or any other privilege or protection from disclosure to the extent the Receiver deems necessary to effectuate or implement the terms of the Court's orders;

18. to direct officers, directors, employees, attorneys, advisors, agents, or other representatives of MSD to take or refrain from taking any actions;

Case 1:25-cv-06703-JSR     Document 226     Filed 04/24/26     Page 4 of 10

19. to communicate with MSD's officers, directors, employees, agents, partners, suppliers, or any other person affiliated with MSD;

20. to unwind any of MSD's asset transfers made after the entry of the Court's asset freeze order, ECF No. 95, to any entity or individual related to MSD, including Manuel Arroyo, Media Deportes Mexico, S. de R.L. de C.V., Grupo Lauman Holding, S. de R.L. de C.V., Altener S.A. de C.V., Comtelsat, S.A. de C.V., Fox Sports Mexico, and any other MSD affiliate, as well as any directors, officers, employees, friends, or relatives of the same;

21. to determine which entities and individuals are related to MSD;

22. to cause MSD to raise funds to replenish any assets transferred after the entry of the Court's asset freeze order, ECF No. 95;

23. to cause MSD to liquidate assets or otherwise generate funds sufficient to pay the contempt sanction imposed by the Court, including from the sale of assets, the assignment of proceeds from contracts, or by any other lawful means;

24. to cause MSD to pay Plaintiffs the monies owed pursuant to the Court's orders, including by holding all MSD assets and payment obligations in trust for Plaintiffs;

25. to direct any financial intermediary or any other entity holding any assets in MSD's possession, custody, or control to transfer the same to Plaintiffs;

26. to take steps to reach any assets in MSD's possession, custody, or control in the United States, Mexico, or any other foreign country;

27. to file documents with United States, Mexican, or other foreign regulators on MSD's behalf;

Case 1:25-cv-06703-JSR    Document 226    Filed 04/24/26    Page 5 of 10

28.    to engage with United States, Mexican, or other foreign government agencies on MSD's behalf to assist with effectuating or implementing the Court's orders;

29.    to comply with all outstanding and future subpoenas in this case on MSD's behalf;

30.    to identify all asset transfers made by MSD after the asset freeze order, including the dates, amounts, recipients, purported bases for those transfers—and produce documents to Plaintiffs that reflect that information;

31.    to communicate on MSD's behalf with Plaintiffs' counsel to gather information needed to bring MSD into compliance with the Court's orders; and it is further

ORDERED that the Receiver may at his or her discretion, solely for the purpose of causing MSD to comply with the Court's orders, seek to liquidate, encumber, or impair any assets of MSD, and, if he takes such action, the Receiver shall promptly return to MSD any amounts obtained thereby that are greater than necessary to comply with the Court's orders; and it is further

ORDERED that the Receiver shall cause MSD and, to the extent it is within MSD's power to control its joint venture Fox Sports Mexico, to cause Fox Sports Mexico to cease using any of the Fox Sports Trademarks and any of the U.S. Fox Sports marks, *see* ECF No. 29; and it is further

ORDERED that the Receiver shall cause MSD to petition the 42nd Court of the Superior Court of Mexico City to lift the injunction it imposed against Plaintiffs and their affiliates. Upon resolution of that petition, the Receiver shall cause MSD to withdraw from all legal actions and regulatory proceedings in Mexico related to the Fox Sports Trademarks or any other mark involving the word Fox; and it is further

Case 1:25-cv-06703-JSR  Document 226  Filed 04/24/26  Page 6 of 10

ORDERED that the Receiver shall identify and report to Plaintiffs and the Court all asset transfers made by MSD after the Court's asset freeze order, ECF No. 95, including the dates, amounts, recipients, and purported bases for those transfers—and produce documents to Plaintiffs that reflect that information; and it is further

ORDERED that the Receiver shall identify and report to Plaintiffs and the Court the names of the individuals who authorized MSD to make asset transfers after the Court's asset freeze order, ECF No. 95—and produce documents to Plaintiffs that reflect how those individuals authorized those transfers; and it is further

ORDERED that the Receiver shall take appropriate steps within each foreign (U.S. states or countries) jurisdiction necessary to effectuate the Court's orders. Likewise, the Receiver shall seek legal counsel on MSD's behalf, including to ensure compliance with foreign laws, when appropriate; and it is further

ORDERED that, to the extent MSD's approval or consent is required under applicable law in order for the Receiver to exercise any powers or rights attendant to exercising control over MSD, its assets, or its voting rights, MSD shall by virtue of this Order be deemed to have provided such consent or approval, and shall take all necessary actions to ensure that any of its affiliates or joint ventures take the necessary actions to ensure MSD's compliance with this Order, and all third parties shall be entitled to rely upon this Order as evidence of such consent or approval; and it is further

ORDERED that the Receiver shall have the power to employ counsel or any other professionals of the Receiver's choosing on MSD's behalf subject to notice to MSD and approval by this Court, with fees and expenses payable by MSD, and that in addition to any other counsel, the Receiver may retain counsel experienced with the commercial and intellectual

property law of Mexico, whose appointment shall be subject to notice to MSD and approval by the Court; and that the Receiver shall be permitted to authorize counsel to act in the Receiver's or MSD's name and stead in carrying out the duties of the receivership and in transmitting the Receiver's directives and consent; and it is further

ORDERED that the Receiver and his or her professionals shall keep accurate contemporaneous time records and be paid on an hourly basis at a reasonable and customary rate for such work to be approved by the Court. However, the Receiver may negotiate other terms of payment to be approved by the Court. All professionals retained by the Receiver shall submit invoices to the Receiver, which shall be submitted to the Court by the Receiver along with any other expenses. The Receiver shall submit invoices on the first of every month following the Receiver's appointment. The Court will review the invoices for approval and may direct the Receiver to provide additional information if the Court deems it necessary. All invoices approved by the Court shall be paid within 30 days from any of MSD's assets that the Receiver is able to identify and exercise control over. In the event that MSD lacks sufficient assets to pay, then Plaintiffs shall pay the Receiver's Court-approved invoices within 60 days of receiving a request for payment from the Receiver. Plaintiffs may move the Court to discharge the Receiver 60 days after the Receiver's appointment; and it is further

ORDERED that MSD, its respective agents, servants, employees, officers and directors, and all those claiming under or through it, shall comply with the directives of the Receiver, and shall not in any way disturb or interfere with the Receiver's performance of his or her duties under this Order; and it is further

ORDERED that all actions of the Receiver pursuant to this Order shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions

7

Case 1:25-cv-06703-JSR    Document 226    Filed 04/24/26    Page 8 of 10

were taken appropriately to ensure MSD's compliance with this Court's orders. The Receiver, and anyone acting on his or her behalf, shall have no liability to MSD, its stockholders, or any other person or entity, for any actions taken in good faith pursuant to this Order. The Receiver shall be entitled to all protections, limitations from liability, and immunity available at law or in equity to a court-appointed Receiver, to the fullest extent permitted by applicable law. Expenses, including reasonable attorney's fees, incurred by the Receiver in defending any civil, criminal, administrative, or investigative act, suit, or proceeding, arising by reason of, or in connection with the Receiver's designation as Receiver for MSD, or in the performance of his or her duties hereunder, shall be paid by MSD in advance of the final disposition of such action, suit, or proceeding, subject to the repayment of such amount if it shall ultimately be determined by this Court that the Receiver is not permitted to be indemnified by MSD under applicable New York law; and it is further

ORDERED that any disputes relating to the Receiver or any actions taken by the Receiver on behalf of MSD or otherwise pursuant to this Order shall be filed in this Court; and it is further

ORDERED that the Receiver shall make quarterly written reports to Plaintiffs and the Court detailing the status of the execution of the Court's charge, including updates on MSD's assets, including an inventory of same, the Receiver's efforts to bring MSD into compliance with the Court's orders, and the Receiver's fees and administrative expenses, beginning 30 days from the date of the entry of this Order.

The Court imposes the following additional sanctions against MSD:

MSD, under the direction of the Receiver, is HEREBY ORDERED to produce to Plaintiffs, no later than May 15, 2026, monthly statements from any account holding assets in

Case 1:25-cv-06703-JSR   Document 226   Filed 04/24/26   Page 9 of 10

MSD's possession, custody, or control for the period September 2025 to present—and continue to produce that information on the 1st of every month until MSD complies with all orders of the Court; and it is further

ORDERED that MSD, under the direction of the Receiver, provide, no later than May 15, 2026, written responses to Plaintiffs describing the basis for every transfer made after the Court's asset freeze order, ECF No. 95, including the identity of the individual or entity to whom the transfer was made, the contact person at the entity to whom the transfer was made, the amount and purpose of the transfer, the individuals at MSD responsible for authorizing and facilitating the transfer, and their contact information; and it is further

ORDERED that MSD, under the direction of the Receiver, produce to Plaintiffs, no later than May 15, 2026, any agreement, invoice, communication, or other documentation relating to any transfer made by MSD after the Court's asset freeze order, ECF No. 95; and it is further

ORDERED that MSD, under the direction of the Receiver, produce to Plaintiffs, no later than May 15, 2026, all contracts and other agreements that obligate any party or non-party to this action to pay MSD, as well as to provide Plaintiffs with a description of all amounts owed under those agreements, the bank account to which any party or non-party sends payments to MSD, the frequency with which payments to MSD are to be made, the dates when such payments are anticipated to end, the contact information for any entity obligated to pay MSD and MSD's point of contact for that entity, including the city, state, and country where that entity and its point of contact are located; and it is further

ORDERED that MSD, under the direction of the Receiver, comply by May 15, 2026 with any other outstanding discovery requests made by Plaintiffs.

**IT IS SO ORDERED.**

By the Court:

_____4/24/26_____          _____
Dated                                   United States District Judge