UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> MEDIA DEPORTES MEXICO, S. de R.L. de C.V., <br><br> Defendant. | CASE NO.: 1:25-CV-06703-JSR |

**RECEIVER'S MOTION FOR AN ORDER AUTHORIZING
EMPLOYMENT OF RECEIVER'S COUNSEL IN FLORIDA AND DELAWARE**

Robert W. Seiden (the "Receiver"), as Court-appointed Receiver for Mexico Sports Distribution, LLC ("MSD"), hereby moves the Court for leave to retain Burstyn Law PLLC ("Burstyn Law") and Landis, Rath, & Cobb LLP ("Landis") as counsel for the Receiver in Florida and Delaware, respectively, pursuant to the Order Appointing Receiver (ECF 227, the "Receivership Order") entered in this matter on April 24, 2026. The Receiver believes that (1) retaining both Delaware and Florida counsel is necessary to effectuate the Receivership Order; (2) Burstyn Law and Landis would be effective counsel; and (3) the fee arrangements as enumerated in the attached letters of engagement are fair and reasonable. *See* Exhibits 1 and 2.

1.     The undersigned was appointed as Receiver over MSD in this matter on April 24, 2026.

2.     MSD is a Delaware Corporation, with known addresses in Florida, located at 357 Almeria Avenue, Suite 101, Coral Gables, Florida 33124 and 2121 Ponce De Leon Blvd., Suite 1020, Coral Gables, Florida 33124.

3.     The Receivership Order authorizes the Receiver to retain counsel as he deems

1

necessary to effectuate or implement the terms of the Court's orders, subject to the Court's approval. Receivership Order at 3, 6-7.

4.     The Receivership Order further grants the Receiver certain powers over MSD, including:

    a.  "[T]o sign documents such as instruments of transfer to effectuate or implement the Court's orders on behalf of MSD" (Receivership Order at 1);

    b.  "[T]o cause any corporate resolutions or any other requisite documents of MSD to be filed with the requisite registry, whether in the United States, Mexico, or any other country" (*Id.* at 2);

    c.  "[T]o amend MSD's corporate charter, bylaws, or related corporate documents" (*Id.*);

    d.  "[T]o seize, preserve, take possession of, and control the assets, property, electronically stored information, computers, databases, documents, and any other information of MSD, including, for that purpose, entering, with the aid and assistance of any person, any premises where those materials or information are or may be stored and to remove the same" (*Id.*);

    e.  "[T]o make forensic images of any phones, tablets, computers, or other devices used to send or receive electronic communications in the conduct of MSD's business, including the personal devices of MSD's directors, officers, employees, or agents to the extent the information on those devices is related to MSD's business" (*Id.*);

    f.  "[T]o convene MSD board meetings and exercise the powers of MSD's board of Directors" (*Id.* at 3);

g. "[T]o control the bank accounts of MSD" (*Id.*);

h. "[T]o sell and/or pass title of any assets of MSD to any other person or to sell and distribute the proceeds of any sale to Plaintiffs" (*Id.*); and

i. "[T]o direct any financial intermediary or any other entity holding any assets in MSD's possession, custody, or control to transfer the same to Plaintiffs." *Id.*

5. In accordance with 28 U.S.C. § 754, the Receiver filed notices in the U.S. District Courts for the District of Delaware and the Southern District of Florida.[1]

6. This enables the Receiver to obtain complete jurisdiction and control over any Receivership assets located in these federal districts.[2]

7. In order to preserve these rights, the Receiver requires counsel in both Florida and Delaware to appear and represent him in these federal districts.

---

[1] Section 754 provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754.

[2] Should the Receiver identify assets in other federal districts, the Receiver reserves the right to seek a court order renewing or extending the 10-day period to file § 754 Notices with other federal district courts. *See S.E.C. v. Am. Cap. Invs., Inc.*, 98 F.3d 1133, 1143 (9th Cir. 1996) (citing *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996) ("reappointment of receiver will start the ten-day clock of § 754 ticking anew.")); *McNamara v. Allen*, 2017 WL 10439830, at *1 (C.D. Cal. Dec. 12, 2017) (citing *Am. Cap. Invs., supra*) ("Under 28 U.S.C. § 754, the receiver must have filed, in the district court where the person and receivership property is believed to be located, copies of the complaint and order of appointment within ten days after the entry of the order of appointment. The entry of a renewed appointment order starts a new ten-day period."); *Terry v. June*, 2003 WL 22125300, at *3 (W.D. Va. Sept. 12, 2003) (explaining that "[s]ection 754 does not, by its terms, distinguish between initial orders of appointment and later reappointment of the receiver" but "[c]ourts having addressed this issue unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by section 754" and collecting cases holding same).

3

8.     The Receiver has not yet identified assets in either of these federal districts. Should there be assets and/or other actions to be taken to effectuate the Receivership Order in these federal districts, Burstyn Law and Landis will execute such actions and represent the Receiver's interests, as well as appear on the docket for each § 754 Notice.

9.     The Receiver desires to employ Burstyn Law and Landis for the reason that each firm is knowledgeable and experienced in the fields of commercial, business, and corporate law.

10.     Both Burstyn Law and Landis have litigated cases in the Southern District of Florida and the District Court of Delaware, respectively, handling including asset seizure, liquidation, and enforcing judgments. They both also have attorneys experienced in handling corporate governance matters.

11.     Attorneys at Burstyn Law and Landis are duly admitted in the District Court of Delaware, and the Southern District of Florida, respectively.

12.     Both Burstyn Law and Landis have not identified any conflict in either the United States or Mexico that would preclude them from undertaking this engagement.

13.     Burstyn Law and Landis understand that payment for legal services shall occur only upon approval by the Court following submission of invoices by the Receiver.

14.     The fee arrangement between Burstyn Law and the Receiver will be on an hourly basis pending the Court's approval, and the Receiver believes that Burstyn Law's rates are fair and reasonable for the services to be rendered (*see* Exhibit 1 at 1-2).

15.     The fee arrangement between Landis and the Receiver will be on an hourly basis pending the Court's approval, and the Receiver believes that Landis's rates are fair and reasonable for the services to be rendered (*see* Exhibit 2 at 1).

The Receiver, therefore, respectfully requests that he be authorized to employ the law firms

4

of Burstyn Law PLLC, and Landis, Rath, & Cobb LLP, as his counsel in the U.S. District Courts

of Delaware and the Southern District of Florida, respectively, to assist the Receiver in effectuating

the Receivership Order in these federal districts.

Dated: May 20, 2026
       New York, New York

 

                                              */s/ Robert W. Seiden*
                                              Robert W. Seiden
                                              322 Eighth Avenue, Suite 1200
                                            New York, New York 10001

                                              *Court-Appointed Receiver*

SO ORDERED

_Jed S. Rakoff_
U.S.D.J.

5-21-26

5