**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION, FOX MEDIA LLC, FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL MANUEL ARROYO'S COMPLIANCE WITH THE FIRST INFORMATION SUBPOENA**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................1

LEGAL STANDARD...............................................................................................................3

ARGUMENT ........................................................................................................................5

CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC,*
No. 15-CV-7505, 2016 WL 6208288 (S.D.N.Y. Oct. 18, 2016)....................5

*Citibank, N.A. v. Aralpa Holdings Ltd. P'ship,*
No. 1:22-CV-08842 (JLR), 2024 WL 1555231 (S.D.N.Y. Apr. 10, 2024)....................4, 6

*EM Ltd. v. Republic of Argentina,*
695 F.3d 201 (2d Cir. 2012), *aff'd sub nom., Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014)....................3, 4, 5

*Exp.-Imp. Bank of Republic of China v. Democratic Repub. of Congo,*
No. 16-CV-4480 (DAB), 2018 WL 10601809 (S.D.N.Y. Aug. 29, 2018)....................5

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,*
314 F.R.D. 85 (S.D.N.Y. 2016)....................5

*First City, Tex. Hous. N.A. v. Rafidain Bank,*
281 F.3d 48 (2d Cir. 2002)....................3

*Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen,*
No. 19-MC-0547 (RA), 2022 WL 1567464 (S.D.N.Y. May 18, 2022)....................5

*ICD Grp., Inc. v. Isr. Foreign Trade Co. (USA),*
638 N.Y.S.2d 430 (1st Dep't 1996)....................4

*Lisogor v. Nature's Delight, Inc.*,
189 A.D.3d 1386 (2d Dep't 2020)....................5

*Rodriguez v. New Generation Hardware Store Corp.*,
No. 22-CV-4422 (LJL), 2024 WL 232103 (S.D.N.Y. Jan. 22, 2024)....................6

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*,
No. 17-CV-273 (LAP), 2023 WL 5835030 (S.D.N.Y. Sept. 7, 2023)....................6

*Whelan Advisory Cap. Markets, LLC v. HomeSource Operations, LLC,*
No. 24-CV-207 (DEH), 2025 WL 1126827 (S.D.N.Y. Apr. 16, 2025)....................6

**Rules**

Fed. R. Civ. P. 5(b)(2)(C)....................3

Fed. R. Civ. P. 69(a)(2)....................4

CPLR § 2308(b)(1) ....................................................................................................5

CPLR § 5223..............................................................................................................4, 5

CPLR Section 5224(a)(3) ..........................................................................................3, 5

**Other Authorities**

Moore's Federal Practice § 69.04 (2008) ..................................................................4, 6

## INTRODUCTION

On June 30, 2026, Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC served a first information subpoena (the "Subpoena") on non-party contemnor and judgment debtor Manuel Arroyo. The Subpoena seeks information about any communications that show Arroyo participated in the transfer of assets from his co-contemnors (Mexico Sports Distribution ("MSD"), Media Deportes Mexico ("MDM"), and Grupo Lauman Holding) shortly before and after the date of the Court's asset freeze order, as well as information about the nature and location of Arroyo's personal assets. The return date for the Subpoena was July 7, 2026. Arroyo failed to respond.

Pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and Local Civil Rule 83.6(c)(5), and Sections 5223 and 5224(a)(3) of the New York Civil Practice Law and Rules ("CPLR"), Plaintiffs seek an order compelling Arroyo to comply with the Subpoena.

## BACKGROUND

On August 14, 2025, the Court issued an injunction prohibiting Defendant MDM, and those acting in concert with it, from using certain trademarks belonging to Plaintiffs in Mexico and from pursuing litigation in Mexico related to those trademarks. ECF No. 29. On August 29, 2025, the Court held MDM, MSD, Grupo Lauman Holding, and Arroyo in contempt of the Court's injunction and fined the contemnors $200,000 per day, jointly and severally. ECF Nos. 44, 45 (the "Contempt Order"). On September 5, 2025, the Court stayed the effectiveness of its contempt order against Arroyo and Grupo Lauman Holding. ECF No. 47. On September 9, 2025, the Court modified the Contempt Order to lift the stay of effectiveness as to make the civil contempt sanction payable to Plaintiffs as a compensatory sanction. ECF No. 73. In that same order, the Court also enjoined Arroyo and co-contemnors MDM and Grupo Lauman Holding from transferring any of

their assets. *Id.* On September 19, 2025, the Court enjoined MSD from transferring any of its assets. ECF No. 95 ( "MSD Asset Freeze Order"). On October 8, 2025, the Court entered judgment against Arroyo for the contempt fines he accrued from September 9, 2025 to October 8, 2025 in the amount of $5,800,000. ECF No. 107. On March 11, 2026, the Court entered a second judgment against Arroyo for the contempt fines he accrued from October 9, 2025 to March 9, 2026 in the amount of $30,400,000. ECF No. 197. To date, Arroyo has accrued over $60,000,000 in contempt fines payable to Plaintiffs. Under Local Civil Rule 83.6(c)(5), Plaintiffs "have the same remedies against the property of the contemnor [Arroyo] as if the [contempt] order awarding the fine were a final judgment," including post-judgment discovery.

On April 1, 2026, the Court held MSD in further contempt for violating the MSD Asset Freeze Order. ECF No. 215. On April 24, 2026, the Court appointed the Receiver over MSD as a contempt sanction. ECF No. 227. On May 7, 2026, Plaintiffs served MSD via the MSD Receiver with an information subpoena seeking information relating to Manuel Arroyo's involvement in MSD's dissipation of its assets and violation of the Asset Freeze Order. ECF No. 247-4.

On May 21, 2026, the Receiver made a small production in response to the MSD information subpoena. In its production letter, the Receiver explained that its production was incomplete because the Receiver had "not yet received any cooperation from Mr. Arroyo or any officer, director or employee of MSD despite seeking assistance with responding to [Plaintiffs'] Requests." ECF No. 247-5. On May 26, 2026, the Receiver filed a report with the Court explaining that it had attempted to obtain access to MSD's books and records from MSD personnel but that MSD personnel had ignored the Receiver's requests. ECF No. 240. On June 25, 2026, Plaintiffs met and conferred with the Receiver about the status of MSD's responses to the

Subpoena. During that conference, the Receiver explained that MSD still had not granted the Receiver access to MSD's books, records, or communications. ECF No. 247-2 ¶ 5.

After Plaintiffs could not obtain responsive information from MSD about Arroyo's role in transferring MSD's assets after the MSD Asset Freeze Order was entered, and in aid of execution of the judgment against MSD, Grupo Lauman Holding, and Arroyo himself, Plaintiffs served the Subpoena on Arroyo on June 30, 2026. The Subpoena sought information about Arroyo's participation in the transfer of MSD's assets after the MSD Asset Freeze Order, as well as information about his participation in the transfer of MDM and Grupo Lauman Holding's transfer of assets in the same period. The Subpoena also sought information about Arroyo's own assets. Declaration of Christopher T. Berg ("Berg Decl."), ¶ 2, Ex. A. Pursuant to CPLR Section 5224(a)(3) and Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, Plaintiffs served the Subpoena on Arroyo by mailing it via certified mail to Arroyo's last known address.[1] Berg Decl. ¶ 2. In addition, Plaintiffs also served the Subpoena on Arroyo via email pursuant to authorization obtained from the Court. Berg Decl. ¶ 3, Ex. B. The return date for the Subpoena was July 7, 2026.

Arroyo did not respond to the Subpoena by that date or since. Berg Decl. ¶ 5

## LEGAL STANDARD

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom.*, *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "Discovery of a judgment debtor's assets is conducted routinely under" Federal Rule of Civil Procedure 69(a)(2), *First City, Tex.*

---

[1] Manuel Arroyo's address has been a mystery for the lion's share of this litigation. However, the MSD Receiver recently produced documentation that shows that Manuel Arroyo's last known address is located in The Woodlands, Texas, a suburb of Houston. Berg Decl. ¶ 3.

*Hous. N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002), which provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The purpose of discovery under Rule 69(a)(2) is to allow the Judgment Creditor to identify assets from which the judgment may be satisfied and consequently, the Judgment Creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." Moore's Federal Practice § 69.04 (2008). "It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets, . . . [n]or is it unusual for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made." *EM Ltd.*, 695 F.3d at 207–08 (citations omitted). The guiding consideration is whether the requested discovery is "calculated to assist in collecting on a judgment." *Id.* at 207.

The rules contained in the CPLR in New York governing judgment enforcement "have a similarly broad sweep." *Id.* CPLR § 5223 "entitles judgment creditors to discover 'all matter relevant to the satisfaction of [a] judgment,'" *NML*, 573 U.S. at 139 (quoting CPLR § 5223), "permitting 'investigation [of] any person shown to have any light to shed on the subject of the judgment debtor's assets or their whereabouts,'" *id.* (quoting D. Siegel, *New York Practice* § 509, p. 891 (5th ed. 2011)). The CPLR discovery standard is "generous" and subpoenas issued thereunder may cover "a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 1:22-CV-08842 (JLR), 2024 WL 1555231, at *2 (S.D.N.Y. Apr. 10, 2024) (quoting *ICD Grp., Inc. v. Isr. Foreign Trade Co. (USA)*, 638 N.Y.S.2d 430, 430 (1st Dep't 1996)); *see also id.* at *2

(quoting *Lisogor v. Nature's Delight, Inc.*, 189 A.D.3d 1386, 1388 (2d Dep't 2020)) ("A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order to determine whether the judgment debtor concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment.").

Motion practice is contemplated as part of this post-judgment discovery landscape. "[A] judgment creditor may move to compel a judgment debtor's compliance with post-judgment discovery requests." *Exp.-Imp. Bank of Republic of China v. Democratic Repub. of Congo*, No. 16-CV-4480 (DAB), 2018 WL 10601809, at *2 (S.D.N.Y. Aug. 29, 2018) (citing *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *4 (S.D.N.Y. Oct. 18, 2016)). The Court "has considerable discretion" in deciding whether to grant a motion to compel post-judgment discovery. *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, No. 19-MC-0547 (RA), 2022 WL 1567464, at *2 (S.D.N.Y. May 18, 2022); *accord EM Ltd*., 695 F.3d at 207 (explaining that district courts are given "broad latitude to determine the scope of discovery and to manage the discovery process"). A court may compel compliance with a subpoena issued pursuant to CPLR § 5223 if the recipient fails to comply. *See* CPLR § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."). "The party objecting to a discovery request 'bears the burden of showing why discovery should be denied.'" *Gujarat*, 2022 WL 1567464, at *2 (quoting *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016)).

<u>ARGUMENT</u>

Arroyo has breached his obligations to produce information responsive to the Subpoena. Responses to the Subpoena were due on July 7, 2026— seven days after service. *See* CPLR §

5224(a)(3). He has not objected to the Subpoena or responded in any other way. When a judgment debtor refuses to comply with a post-judgment subpoena, courts compel the judgment debtor's compliance. *See, e.g.*, *Whelan Advisory Cap. Markets, LLC v. HomeSource Operations, LLC*, No. 24-CV-207 (DEH), 2025 WL 1126827, at *1–2 (S.D.N.Y. Apr. 16, 2025); *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422 (LJL), 2024 WL 232103, at *1 (S.D.N.Y. Jan. 22, 2024).

There is no question that the information sought by the Subpoena is relevant to the enforcement of the contempt sanction payable to Plaintiffs. The Subpoena seeks information about who may be responsible for hiding, concealing, or dissipating the assets of MSD, MDM, and Grupo Lauman after the Court imposed an asset freeze order upon those contemnors, along with the means used and the individuals involved in the dissipation. The Subpoena also seeks information about Arroyo's personal assets, as he too is personally a judgment debtor under the Court's contempt sanction. Those categories of information fall squarely within the "broad inquiry to uncover any hidden or concealed assets of the judgment debtor." Moore's Federal Practice § 69.04 (2008). The Subpoena is proper. *See, e.g.*, *Aralpa Holdings Ltd*, 2024 WL 1555231, at *3 (granting motion to compel regarding "information relevant to the existence or transfer of the judgment debtor's assets, as well as the location and source of those assets"); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-CV-273 (LAP), 2023 WL 5835030, at *1 (S.D.N.Y. Sept. 7, 2023) (denying motion to quash post-judgment subpoena seeking "documents and communications concerning payments . . . including, but not limited to, 'any wire transfers, direct deposits, or other transfers of money and the information of the payments'") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to compel and order Arroyo to provide responsive information to the Subpoena no later than 7 days after issuance of the Court's order.

Dated: Los Angeles, California
July 8, 2026

Respectfully submitted,
STEPTOE LLP

*/s/ Christopher T. Berg*
Christopher T. Berg

Katherine A. Petti (pro hac vice)
Christopher T. Berg (pro hac vice)
Steptoe LLP
633 W. Fifth Street
Ste 19th Floor
Los Angeles, CA 90071
Telephone: (213) 439-9543
kpetti@steptoe.com
cberg@steptoe.com

Eric M. George
Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
egeorge@ellisgeorge.com
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC*

**<u>CERTIFICATION PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 7.1(c)</u>**

I, Christopher T. Berg, an attorney duly admitted Pro Hac Vice to practice in the Southern District of New York hereby certify that this memorandum is no longer than 25-double spaced pages and the text and footnotes are in 12 point type, which complies with Rule 2(e) of this Court's Individual Rules of Practice.

Dated: Los Angeles, California
July 8, 2026

*<u>/s/ Christopher T. Berg</u>*
Christopher T. Berg