Case 1:25-cv-06703-JSR Document 275 Filed 08/19/26 Page 1 of 2

GEORGE LLP

George LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, NY 10019

Stephen P. Farrelly
212.413.2610
sfarrelly@georgellp.com

August 19, 2026

**Via CM/ECF**

Hon. Jed S. Rakoff U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street, Courtroom 14B
New York, New York 10007

Re: *Fox Corp. et al. v. Media Deportes Mexico S. de R.L. de C.V.*, Case No. 25-cv-6703-JSR: Request to Unseal ECF Nos. 10 and 71

Dear Judge Rakoff:

We represent Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC (collectively, "Plaintiffs" or "Fox") in this matter. We write pursuant to Your Honor's Individual Rules of Practice 1(b) and (d) and the instructions provided to counsel during the telephonic conference on August 19, 2026. We write to move the Court to unseal ECF Nos. 10 (Fox's original TRO application) and 71 (a supporting declaration), both of which Fox moved to seal provisionally, pending potential intervention by Defendant or its co-contemnors.[1]

Unsealing is appropriate because no party has asserted an interest that would overcome the presumption of immediate public access. Thus, under *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126 (2d Cir. 2006) (requiring "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing" to overcome the "presumption of immediate public access"), there is no reason to prevent public access to the sealed documents. Initially, Fox filed these documents under seal not because it believed they contained confidential information, but to provide Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM") and its non-party co-contemnors, including Mexico Sports Distribution, LLC ("MSD"), an opportunity to be heard on whether those materials were confidential. Neither MDM nor its co-contemnors took any position.

In denying Fox's subsequent motion to seal the declaration at ECF No. 71, the Court noted that it "agree[d] with plaintiffs that the Declaration contains no information that justifies overriding the presumption of public access to judicial documents. MSD, for its part, has not objected to the public filing of the declaration. As to MDM, . . . by choosing not to appear in this action and by repeatedly engaging in conduct contemptuous of this Court's orders, it may be

[1] The Court denied Fox's motion to seal ECF No. 71, but it is still unavailable on PACER.

3236774.2

Case 1:25-cv-06703-JSR Document 275 Filed 08/19/26 Page 2 of 2



said to have forfeited any right it may have had to object to the public filing of the Declaration." *See* ECF No. 78 at 1-2 (citations omitted). Despite the Court's ruling, ECF No. 71 remains sealed on PACER and only the redacted version, ECF No. 72, is publicly available.

The same analysis applies to ECF No. 10, Fox's original TRO application. Here, as with ECF No. 71, Fox never contended that the subject materials warranted sealing. Fox only requested sealing as a prophylactic measure in case MDM later claimed the material was confidential.

MDM never appeared in this case. It continues to engage in conduct contemptuous of this Court's orders. Whether or not it has forfeited the right to assert confidentiality over certain information, it has affirmatively chosen to refuse to appear and do so. No co-contemnor has raised any objection to the public filing of these materials. There is thus no countervailing "higher value" that could overcome the "presumption of immediate public access" to documents in this case. *Lugosch,* 435 F.3d at 126. For that reason, the documents should be unsealed.

Fox respectfully requests that the Court order unsealed the documents found at ECF Nos. 10 and 71.

Respectfully submitted,

*/s/ Stephen P. Farrelly*

Stephen P. Farrelly
Counsel for Plaintiffs

SPF:spf

So Ordered
Jed S. Rakoff
USDJ
8-20-26