**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,

Plaintiffs,

v.

MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,

Defendant.

Case No.: 1:25-cv-06703

**[PROPOSED] ORDER HOLDING MEDIA DEPORETS MEXICO IN CONTEMPT AND APPOINTING RECEIVER OVER MEDIA DEPORTES MEXICO**

Upon consideration of Plainitffs' Motion to Hold Media Deportes Mexico in Contempt and Appoint Receiver, having considered the briefs, declarations, and accompanying exhibits, Plaintiffs' motion is GRANTED.

The Court finds that Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM") clearly acted in concert with Mexico Sports Distribution LLC ("MSD") to violate the Court's asset freeze order, ECF No. 95 (the "Asset Freeze Order"), by receiving assets that MDM knew MSD was prohibited to transfer and by engaging in a scheme with MSD to divert payments to MDM that were originally payable to MSD. The Court previously held MSD in contempt for violating the Asest Freeze Order, ECF No. 215, and found in that ruling that the Asset Freeze Ordre was clear and unambiguous. MDM received notice of the Asset Freeze Order and was bound by the injunction contained therein. MDM did not attempt to reasonably comply with the Asset Freeze Order.

IT IS HEREBY ORDERED that MDM is held in further contempt of court. MDM may purge itself of its contempt by coming into compliance with the Court's orders, including the Court's temporary restraining order, ECF No. 29, preliminary injunction, ECF No.

49, contempt orders, *see, e.g.*, ECF No. 44, 73, and asset freeze orders, ECF Nos. 73, 95.; and it is further

ORDERED that the scope of the receivership previously appointed over Mexico Sports Distribution LLC, ECF No. 227. is hereby expanded to include MDM. Accordingly, Robert Seiden (the "Receiver") is appointed to act as receiver of MDM with the same powers as those granted to him over MSD. *See id.* The Receiver shall exercise all powers and authority of MDM that the Receiver deems reasonable and prudent to bring MDM into compliance with the Court's orders, including but not limited to the Court's temporary restraining order, ECF No. 29, preliminary injunction, ECF No. 49, contempt orders, *see, e.g.*, ECF No. 44, 73, and asset freeze orders, ECF Nos. 73, 95. Those powers include the following:

1. to sign documents such as instruments of transfer to effectuate or implement the Court's orders on behalf of MDM;
2. to cause any corporate resolutions or any other requisite documents of MDM to be filed with the requisite registry, whether in the United States, Mexico, or any other country;
3. to amend MDM's corporate charter, bylaws, or related corporate documents;
4. to make any request or demand for documents or information from any person or entity (including MDM, its affiliates, Fox Sports Mexico, or any third party);
5. to seize, preserve, take possession of, and control the assets, property, electronically stored information, computers, databases, documents, and any other information of MDM, including, for that purpose, entering, with the aid and assistance of any person, any premises where those materials or information are or may be stored and to remove the same;

6. to make forensic images of any phones, tablets, computers, or other devices used to send or receive electronic communications in the conduct of MDM's business, including the personal devices of MDM's directors, officers, employees, or agents to the extent the information on those devices is related to MDM's business;
7. to operate MDM's business and to assign, sell, lease, or otherwise dispose of all or any part of MDM's assets, without demand upon or notice to MDM;
8. to operate MDM's joint venture Fox Sports Mexico, including the use of any intellectual property in the United States or Mexico and the operation of any websites, social media accounts, or any other medium that uses or displays intellectual property;
9. to exercise discretion in all voting and consensual rights of MDM, including any voting or consensual rights associated with Fox Sports Mexico;
10. to convene MDM board meetings and exercise the powers of MDM's board of directors;
11. to remove or appoint any board member, officer, or employee of MDM;
12. to control the bank accounts of MDM;
13. to sell and/or pass title of any assets of MDM to any other person or to sell and distribute the proceeds of any sale to Plaintiffs;
14. to notify MDM's account debtors and obligors to make payments directly to Plaintiffs and to enforce MDM's rights against such account debtors and obligors;
15. to withdraw, initiate, continue, participate in, or defend any legal actions or regulatory proceedings on MDM's behalf, including but not limited to petitioning

to lift the injunction issued by the 42nd Court of the Superior Court of Mexico City against Plaintiffs or their affiliates;

16. to retain or dismiss advisors, legal counsel, consultants, agents, supplier, or any other individuals or entities the Receiver deems necessary to effectuate or implement the terms of the Court's orders, including revoking or granting adequate and sufficient powers of attorney to those individuals;

17. to review information that falls under MDM's attorney-client privilege, attorney work product protection, or any other privilege or protection from disclosure to the extent the Receiver deems necessary to effectuate or implement the terms of the Court's orders;

18. to direct officers, directors, employees, attorneys, advisors, agents, or other representatives of MDM to take or refrain from taking any actions;

19. to communicate with MDM's officers, directors, employees, agents, partners, suppliers, or any other person affiliated with MDM;

20. to unwind any of MDM's asset transfers made after the entry of the Court's asset freeze orders, ECF Nos. 73, 95, to any entity or individual related to MDM, including Manuel Arroyo, Mexico Sports Distribution, LLC, Grupo Lauman Holding, S. de R.L. de C.V., Altener S.A. de C.V., Comtelsat, S.A. de C.V., Fox Sports Mexico, and any other MDM affiliate, as well as any directors, officers, employees, friends, or relatives of the same;

21. to determine which entities and individuals are related to MDM;

22. to cause MDM to raise funds to replenish any assets transferred after the entry of the Court's asset freeze order, ECF No. 73;

23. to cause MDM to liquidate assets or otherwise generate funds sufficient to pay the contempt sanction imposed by the Court, including from the sale of assets, the assignment of proceeds from contracts, or by any other lawful means;

24. to cause MDM to pay Plaintiffs the monies owed pursuant to the Court's orders, including by holding all MDM assets and payment obligations in trust for Plaintiffs;

25. to direct any financial intermediary or any other entity holding any assets in MDM's possession, custody, or control to transfer the same to Plaintiffs;

26. to take steps to reach any assets in MDM's possession, custody, or control in the United States, Mexico, or any other foreign country;

27. to file documents with United States, Mexican, or other foreign regulators on MDM's behalf;

28. to engage with United States, Mexican, or other foreign government agencies on MDM's behalf to assist with effectuating or implementing the Court's orders;

29. to comply with all outstanding and future subpoenas in this case on MDM's behalf;

30. to identify all asset transfers made by MDM after the asset freeze order, including the dates, amounts, recipients, purported bases for those transfers—and produce documents to Plaintiffs that reflect that information;

31. to communicate on MDM's behalf with Plaintiffs' counsel to gather information needed to bring MDM into compliance with the Court's orders; and it is further

ORDERED that the Receiver may at his or her discretion, solely for the purpose of causing MDM to comply with the Court's orders, seek to liquidate, encumber, or impair any

assets of MDM, and, if he takes such action, the Receiver shall promptly return to MDM any amounts obtained thereby that are greater than necessary to comply with the Court's orders; and it is further

ORDERED that the Receiver shall cause MDM and, to the extent it is within MDM's power to control its joint venture Fox Sports Mexico, to cause Fox Sports Mexico to cease using any of the Fox Sports Trademarks and any of the U.S. Fox Sports marks, *see* ECF No. 29; and it is further

ORDERED that the Receiver shall cause MDM to petition the 42nd Court of the Superior Court of Mexico City to lift the injunction it imposed against Plaintiffs and their affiliates. Upon resolution of that petition, the Receiver shall cause MDM to withdraw from all legal actions and regulatory proceedings in Mexico related to the Fox Sports Trademarks or any other mark involving the word Fox; and it is further

ORDERED that the Receiver shall identify and report to Plaintiffs and the Court all asset transfers made by MDM after the Court's asset freeze order, ECF No. 73, including the dates, amounts, recipients, and purported bases for those transfers—and produce documents to Plaintiffs that reflect that information; and it is further

ORDERED that the Receiver shall identify and report to Plaintiffs and the Court the names of the individuals who authorized MDM to make asset transfers after the Court's asset freeze order, ECF No. 73—and produce documents to Plaintiffs that reflect how those individuals authorized those transfers; and it is further

ORDERED that the Receiver shall take appropriate steps within each foreign (U.S. states or countries) jurisdiction necessary to effectuate the Court's orders. Likewise, the Receiver shall

seek legal counsel on MDM's behalf, including to ensure compliance with foreign laws, when appropriate; and it is further

ORDERED that, to the extent MDM's approval or consent is required under applicable law in order for the Receiver to exercise any powers or rights attendant to exercising control over MDM, its assets, or its voting rights, MDM shall by virtue of this Order be deemed to have provided such consent or approval, and shall take all necessary actions to ensure that any of its affiliates or joint ventures take the necessary actions to ensure MDM's compliance with this Order, and all third parties shall be entitled to rely upon this Order as evidence of such consent or approval; and it is further

ORDERED that the Receiver shall have the power to employ counsel or any other professionals of the Receiver's choosing on MDM's behalf subject to notice to MDM and approval by this Court, with fees and expenses payable by MDM, and that in addition to any other counsel, the Receiver may retain counsel experienced with the commercial and intellectual property law of Mexico, whose appointment shall be subject to notice to MDM and approval by the Court; and that the Receiver shall be permitted to authorize counsel to act in the Receiver's or MDM's name and stead in carrying out the duties of the receivership and in transmitting the Receiver's directives and consent; and it is further

ORDERED that the Receiver and his or her professionals shall keep accurate contemporaneous time records and be paid on an hourly basis at a reasonable and customary rate for such work to be approved by the Court. However, the Receiver may negotiate other terms of payment to be approved by the Court. All professionals retained by the Receiver shall submit invoices to the Receiver, which shall be submitted to the Court by the Receiver along with any other expenses. The Receiver shall submit invoices on the first of every month following the

Receiver's appointment. The Court will review the invoices for approval and may direct the Receiver to provide additional information if the Court deems it necessary. All invoices approved by the Court shall be paid within 30 days from any of MDM's assets that the Receiver is able to identify and exercise control over. In the event that MDM lacks sufficient assets to pay, then Plaintiffs shall pay the Receiver's Court-approved invoices within 60 days of receiving a request for payment from the Receiver. Plaintiffs may move the Court to discharge the Receiver 60 days after the Receiver's appointment; and it is further

ORDERED that MDM, its respective agents, servants, employees, officers and directors, and all those claiming under or through it, shall comply with the directives of the Receiver, and shall not in any way disturb or interfere with the Receiver's performance of his or her duties under this Order; and it is further

ORDERED that all actions of the Receiver pursuant to this Order shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions were taken appropriately to ensure MDM's compliance with this Court's orders. The Receiver, and anyone acting on his or her behalf, shall have no liability to MDM, its stockholders, or any other person or entity, for any actions taken in good faith pursuant to this Order. The Receiver shall be entitled to all protections, limitations from liability, and immunity available at law or in equity to a court-appointed Receiver, to the fullest extent permitted by applicable law. Expenses, including reasonable attorney's fees, incurred by the Receiver in defending any civil, criminal, administrative, or investigative act, suit, or proceeding, arising by reason of, or in connection with the Receiver's designation as Receiver for MDM, or in the performance of his or her duties hereunder, shall be paid by MDM in advance of the final disposition of such action, suit, or

proceeding, subject to the repayment of such amount if it shall ultimately be determined by this Court that the Receiver is not permitted to be indemnified by MDM under applicable New York law; and it is further

ORDERED that any disputes relating to the Receiver or any actions taken by the Receiver on behalf of MDM or otherwise pursuant to this Order shall be filed in this Court; and it is further

ORDERED that the Receiver shall make quarterly written reports to Plaintiffs and the Court detailing the status of the execution of the Court's charge, including updates on MDM's assets, including an inventory of same, the Receiver's efforts to bring MDM into compliance with the Court's orders, and the Receiver's fees and administrative expenses, beginning 30 days from the date of the entry of this Order; and it is further

ORDERED that Plaintiffs may serve this order and all other papers in this action pertaining to the Court's preliminary injunction and related orders on MDM via electronic mail to Manuel Arroyo and MDM's counsel in Mexico.

**IT IS SO ORDERED.**

By the Court:

9/6/26
Dated

United States District Judge